Original

FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2003 DEC 23  PM 3:09

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

RICHARD J. KLEIN

    Petitioner,

VS.

HAROLD CARTER (WARDEN),

    Respondent.

Case No. C-1-01-794

JUDGE BECKWITH

### PETITIONER'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

Petitioner hereby moves this Court to enter an order of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against Respondent, or to impose sanction of waiver of defenses pursuant to Rules 11(1)(A), and Rule 12(h)(1) of the Federal Rules of Civil Procedure for the reasons stated below.

On April 24, 2003, this Court placed of record an order for Respondent "...to Show Cause for the denial of Petitioner's motion on or before May 12, 2003...". (Doc. 23). Petitioner's motion was to submit a revised and amended petition. On May 7, 2003, Respondent filed a Response not opposing Petitioner's motion to submit a revised petition. (Doc. 24). On June 10, 2003, this Court granted Petitioner's motion to submit a revised petition. On June 10, 2003, the Clerk of Court placed of record Petitioner's amended petition (Doc. 27). Seven (7) months has passed and Respondent has failed to ever present a return of writ or any objections opposing Petitioner's habeas corpus petition. Rule 81(a)(2) of the Federal Rules of Civil Procedure requires the return of writ "...within 3 days unless for good cause shown additional time is allowed which in cases brought under 28 U.S.C. 2254 shall not exceed 40 days..." Rule 81(a)(2). And 28 U.S.C. 2243 requires the return of writ to be filed "...within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. 2243. The habeas Peittion was permitted to be filed therefore a return of writ must have been filed within the specified time limits permitted by statute and rule unless for good cause shown Respondent makes a specific request for additional time within the

prescribed time period but not exceeding 20 days by statute or 40 by rule 81. Additionally, Rule 15 of the Federal Rules of Civil Procedure provide in pertinent part that after a party has amended any pleading the adverse party "...shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days <u>after service of the amended pleading</u>, whichever period may be the longer, unless the court otherwise orders"; thus, requiring Respondent to have filed a return of writ within statutory time limits or within the time limits required by these rules or waive defenses. That Respondent has failed to do. These time periods have long since expired by a time period of seven (7) months and Respondent has failed to ever file a return of writ or any opposing motions to Petitioner's habeas corpus petition, or request an extension of time to do so. Therefore, Petitioner's habeas corpus petition is unopposed, and Respondent has defaulted and should not be permitted to file any oppositions, objections, or challenges, to Petitioner's claims. Here, as in Fagen v. Washington, 942 F.2d 1155, 1157 (7th Cir. 1991), the Respondent has "waived waiver" defense as well as exhaustion or any factual challenges to Petitioner's petition "...by failing to assert it in a timely manner." Fagen, at 1157. Additionally, Respondent has failed to request any extension of time showing good cause to extend the time in which to file a return of writ or any objections to Petitioner's habeas corpus petition. Here, as in Bland v. California Dept. of Corr., 20 F.3d 1469, 1474 (9th Cir. 1994), where state waives challenges to factual accuracy of allegations by not timely filing return of writ. Additionally, in Bland, the "...District Court correctly assumed allegations to be true because state did not explicitly dispute allegations in district court or request evidentiary hearing to resolve factual disputes." Band at 1474. In Baily v. Cowley, 914 F.2d 1438, 1439 (10th Cir. 1990) Federal Court "...deem[s] the procedural default defense waived and ... consider[s] the petition on the merits" because Respondent did not timely raise petitioner's procedural default or exhaustion timely as a defense. Baily, at 1439. The United States Supreme Court "...declines to reach procedural default issue because state failed to assert default in timely manner." Estelle v. Smith, 451 U.S. 454, 468 (1981), and Granberry v. Greer, 481 U.S. 129, 132 (1990) "...non exhaustion defense is nonjurisdictional, and state can intentionally or [i]nadvertently waive it." Granberry, at 132. Nevertheless, "...the Court

has fashioned harsh rules regarding waiver and claim forfeiture to defeat substantial constitutional claims. If we are to apply such a strict approach to waiver in habeas corpus litigation, we should hold the warden to the same standard." Caspari v. Bohlen, 510 U.S. 383, 397 (1994). And, "...waiver of claims is not a principle that works only to the detriment of [habeas corpus] petitioners." Smith v. Zant, 887 F.2d 1407, 1438 (11th Cir. 1989). Although, Respondent wanted to reserve the right to raise an exhaustion defense the time is long past for raising any defenses against Petitioner's habeas corpus petition because Respondent has also failed to request an extension of time to file a return of writ containing such allegations.

Petitioner respectfully requests this Court to order default judgment against the state for unfair, disruptive, and dilatory conduct, or to consider any defenses to Petitioner's habeas corpus petition waived due to Respondent's failure to timely file return of writ.

Respectfully submitted,

*(signature)*

Richard J. Klein 350-022
Petitioner/ Pro se
R.C.I. P.O. Box 7010
Chillothe, Ohio 45601

### CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true and accurate copy of the foregoing document has been served upon counsel for respondent the Ohio Attorney General by U.S. mail at 140 East Town Street Columbus, Ohio 43215, on this 23rd day of December 2003.

Richard J. Klein

*(signature)*