UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN,

    Petitioner,

VS.

    Case No. C-1-01-794
    JUDGE BECKWITH

HAROLD CARTER (WARDEN),

    Respondent.

### PETITIONER'S MOTION TO STRIKE RESPONDENT'S "MEMORANDUM OPPOSING PETITIONER'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT

    On December 23, 2003, Petitioner filed a motion for sanctions and default judgment against Respondent (Doc. 28) for unfair, disruptive, and dilatory conduct for failing for the third time to timely and appropriately respond to Petitioner's habeas corpus petition and for failure to file a return of writ in this case reasonably within the time allotted by the Court, statute, and Federal Rules of Civil Procedure. In addition, now for another excessive delay of over seven (7) months for failure to file return of writ or appropriate response motions. Then on December 29, 2003, Respondent placed of record Memorandum opposing Petitioner's motion for sanctions and default judgment.

    Petitioner now moves to have Respondent's motion in opposition struck from the record pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because Respondent's responses are frivolous and have no factual or evidentiary support pursuant to Rule 11 of the Federal Rules of Civil Procedure and for insufficient defense or any redundant, immaterial, impertinent, or scandalous matter pursuant to Rule 12(f) for the reasons stated herein.

Respectfully submitted,

Richard J. Klein 350-022
Petitioner/Pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

-1-

The responses presented in Respondent's memorandum opposing Petitioner's motion for sanctions and default judgment had absolutely nothing to do with the issues presented in Petitioner's Motion. Therefore, Respondent's arguments are "insufficient defenses" and "Redundant, immaterial, impertinent, or scandalous..." Second, Respondent's responses are false and misleading lacking any factual and evidentiary support.

(1) Respondent attempts to argue that on "...May 9, 2002, Respondent filed a motion to dismiss based on Klein's failure to exhaust all of his claims. Specifically, the claims raised in Klein's direct appeal are not exhausted because he did not pursue an appeal to the Ohio Supreme Court and can still file a motion for a delayed appeal." (Doc. 29, pg.1, para. 2). Respondent also establishes that the Magistrate Judge found that Petitioner did appropriately exhaust all remedies. Nevertheless, Respondent's argument had absolutely nothing to do with any of the issues presented in Petitioner's Motion for Sanction and Default judgment. Petitioner's motion (Doc. 28) specifically referred to Respondent's failure to provide timely return[s] of writ[s] on any of Petitioner's habeas corpus petitions, and Respondents failure to file any other responsive pleading in response to Petitioner's habeas corpus petition. Additionally, Petitioner's amendments provided additional time and opportunity for preparation and submission of a return of writ by Respondent. Nevertheless, Respondent is now seven (7) months late, and in addition to Respondent's prior failures to file return of writ or responsive motions, Respondent has again failed to properly file for an extension of time on an already late return. And, has failed to file any objections directly opposing, objecting, or asserting any non-exhaustion of remedies defense. Respondent's argument was an insufficient defense, immaterial, and impertinent. Therefore, Respondent's motion should be struck or denied.

(2) Second, Respondent is pursuing an issue which has already been decided on the prior petition by the Magistrate Judge. Respondent was required to file new objections to Petitioner's revised amended petition. Also, Respondent's argument that Petitioner failed to present his claims to the Ohio Supreme Court is also false as Petitioner demonstrated to the Magistrate Judge. Nevertheless, Respondent correctly states that the Magistrate issued a

Report and Recommendation and Order denying Respondent's motion to dismiss because Petitioner has already demonstrated to the Court that Respondent's contention of non-exhaustion was, in fact, false. Petitioner presented the Court with the record demonstrating total exhaustion. The Magistrate Judge made an accurate determination, based upon evidence presented. Respondent now presents the clearly established fact that Petitioner's revised amended petition contains three of the same grounds for relief previously challenged by Respondent which were found to have been exhausted. Respondent need not advance the same insufficient defense here or in another objection or motion to dismiss especially after Respondent established that the three claims complained of here were already found to have been totally exhausted in the appropriate state courts. Nevertheless, Respondent's arguments are false, immaterial, impertinent, and are an insufficient defenses in response to Petitioner's Motion for Sanctions and Default judgment. Therefore, Respondent's motion should be struck or denied. The only issue at hand for Respondent to oppose and argue here is Respondent's failure to ever file a return of writ. This defense of failure to exhaust state remedies is not a response to Petitioner's averment nor could it ever be because Respondent failed to ever file a new objection to the new petition within the 10 days provided by Rule 81, within the time Provided by the Magistrate Judge's November 21, 2001, Order to Show Cause, and failed to request an extension of time within the time remaining for responsive pleadings. Nevertheless, these defenses are false, misleading, impertinent, and an insufficient defense in response to Petitioner's Motion for Sanctions and Default Judgment. Therefore, Respondent's motion should be struck or denied.

(3) Respondent also contends that "...Respondent is awaiting this Court's ruling on the objections before proceeding further." But, Respondent was already ordered to file return of writ by the magistrate Judge in the February 10, 2003, report and recommendation (Doc. 14, pg. 5, para. 3). Rule 81(a) of the Federal Rules of Civil Procedure specifically state in pertinent part that "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Therefore, as it logically follows, Respondent must appropriately respond to an amended pleading within the time fixed by

-3-

statute, rule, Court order, or at minimum file a motion to extend the time for filing return of writ or responsive pleading within the time remaining pursuant to Rule 81.

    Nevertheless, Petitioner has amended his petition twice each time providing Respondent anewed opportunity to file appropriate responsive pleadings including a return of writ. Each time Respondent had requested and received additional extensions of time exceeding the maximum 40 days provided by Rule 81, and Statute 28:2243 because each extension consisted of an additional 60 days plus the 40 day time period prior to these extension requests. Additionally, Respondent had exceeded the extended 60 days provided by the Court each time before Petitioner even considered amending the petition which provided Respondent with even more additional time to file a return of writ. Therefore, Respondent has been provided with more than adequate opportunity, excessive opportunity, to prepare and submit a return of writ to Petitioner's habeas corpus petition, and therefore, Respondent's memorandum Opposing Petitioner's Motion for Sanctions and Default Judgment should be struck or denied. Respondent is fully aware of Rule 81 and the effect it had on <u>responses to an amended pleadings</u>; thus, Respondent's argument that he was "awaiting this Court's ruling on the objections before proceeding further" is a futile and frivolous defense, especially, in conjunction with the Magistrate's order to file a return of writ that Respondent was also fully aware of. No further opportunity should be provided for the reasons stated herein and Petitioner's Motion for Sanctions and Default judgment should be granted.

Respectfully Submitted,

Richard J. Klein 350-022
Petitioner/Pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

    Petitioner hereby certifies that a true and accurate copy of the foregoing document has been served upon counsel for respondent the Ohio Attorney General by U.S. mail at 150 East Gay Street Columbus, Ohio 43215, on this 2nd day of January, 2004.

Richard J. Klein

-4-