**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Richard J. Klein,
    Petitioner

    vs.                                    Case No. 1:01cv794
                                           (Beckwith, J.; Perelman, M.J.)

Harold Carter,
    Respondent

---

**REPORT AND RECOMMENDATION**

---

      Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion for sanctions and a default judgment (Doc. 28), and respondent's opposition (Doc. 29).

      On February 11, 2003, Magistrate Judge Jack Sherman issued a Report and Recommendation denying respondent's motion to dismiss the petition on exhaustion grounds. (Doc. 14). At the same time, respondent was ordered to file a return of writ responding to petitioner's amended petition, filed on that same day. (Doc. 14). Both parties filed objections to the Report and Recommendation (Docs. 16, 17, 18), and to date the District Court has not ruled on the objections. On March 5, 2003, petitioner moved to strike his amended petition and submit a revised petition. (Doc. 21). On June 10, 2003, the District Court granted petitioner's motion. (Doc. 26). The District Court did not, however, order respondent to file a return of writ to the revised petition. (Doc. 26). Petitioner filed a revised petition consisting of one-hundred and eight pages of text plus various exhibits. (Doc. 27).

      Petitioner bases his motion for a default judgment and sanctions on respondent's failure to file a return of writ responding to his revised petition (Doc. 28). Respondent argues that he did not file an answer to the revised petition because

he is awaiting the District Court's ruling on his objections. He notes that the revised petition contains the same three unexhausted claims found in the original petition. (Doc. 29).

Since this Court, as yet, did not issue an order directing respondent to answer the revised petition, petitioner should not be held in default or sanctioned for his failure to file an answer. Moreover, if the District Court fails to adopt the magistrate's report and recommendation, finding that petitioner has indeed failed to exhaust his state court remedies with respect to some of his claims, an answer to the revised petition by respondent would become unnecessary. In light of the lengthy nature of the revised petition it would seem unduly burdensome to require respondent to file an answer, before the District Court has resolved the exhaustion issue.

Accordingly, petitioner's motion for a default judgment and sanctions (Doc. 28) should be DENIED.


Date:  March 8, 2004                                S/David S. Perelman
Hr                                                  David S. Perelman
                                                    United States Magistrate Judge




J:\ROSENBEH\2254(2004)\01-794defmtn.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

---

Richard J. Klein,
    Petitioner

vs.                                          Case No. 1:01cv794
                                              (Beckwith, J.; Perelman, M.J.)

Harold Carter,
    Respondent

## NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable David S. Perelman, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).