UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein,
    Petitioner,

VS.

Case No. C-1-01-794
(Beckwith, J.; Perlman, MJ)

Harold Carter,
    Respondent.

### PETITIONER'S MOTION IN OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER

On March 11, 2004, Petitioner was served the Magistrate Judge's Report and Recommendation and Order (Doc. 31 and 32) responding to Petitioner's Motion for Sanctions and Default Judgment. (Doc. 30). Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure Petitioner hereby, within the ten (10) days after service of such document required by rule, makes objections to the Magistrate Judge's Report and Recommendation and Order.

Respectfully Submitted,

Richard J. Klein 350-022
Petitioner/Pro se'
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

-1-

## PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION AND REPORT AND ORDER

(1) The Magistrate Judge stated incorrectly that "Petitioner bases his motion for default judgment and sanctions on respondent's failure to file a return of writ responding to his revised petition." (Doc. 32). The fact is that Petitioner's Motion for Default Judgment and Sanctions is based on Respondent's failure to file any responsive pleading at all within the time limits provided by statute and rule. More fully set forth below.

(2) The Magistrate Judge incorrectly held that "Since, this Court, as yet, did not issue an order directing respondent to answer the revised petition, petitioner should not be held in default or sanctioned for his failure to file an answer." (Doc. 32, pg.2). Whatever this really means, Respondent should be held in default and sanctioned because Respondent needed no order ordering Respondent to respond to an amended pleading. Rule 15(a) of the Federal Rules of Civil Procedure provide 10 days to file a response pleading to an amended pleading or require Respondent to file a motion for an extension of that time limit [s]howing good cause within the time remaining. This, Respondent failed to do. This is more fully set forth below.

(3) The Magistrate Judge incorrectly held "...if the District Court fails to adopt the magistrate's report and recommendation, finding that petitioner has indeed failed to exhaust his state court remedies with respect to some of his claims, an answer to the revised petition would become unnecessary." (Doc. 32, pg. 2). First, the District cannot "adopt" a magistrate's report that does not exist. On June 10, 2003, District Court Judge Beckwith granted Petitioner's motion to submit a revised amended petition (Doc. 26). No magistrate ever filed a Recommendation and Report and Order thereafter to adopt. This is because Rule 15(a) requires Respondent to automatically file a responsive pleading to an amended pleading within 10 days. Any prior motion to dismiss was rendered moot by the District Judge's order to permit the revised and amended petition. Any prior magistrate judge's recommendation and report and order was also rendered moot. Additionally, Rule 81 of the Federal Rules of Civil Procedure require Respondent to file a return of writ within three (3) days unless the Court permits additional time not to exceed 40 days but only if Respondent files a motion requesting additional time showing good cause. In addition, the Magistrate Judge here also has failed to properly read the magistrate judge's recommendation and report and order because that order never even suggested that

Petitioner failed to exhaust state remedies; therefore, there is no such ruling for the District Court to adopt on those grounds. Again, once District Court Judge Beckwith placed of record an order permitting Petitioner to file a revised and amended petition all prior motions and entries became moot automatically and Respondent has the duty and obligation to proceed by filing some type of responsive pleading within the time limit fixed by statute and rule; this, Respondent failed to do excessively as Petitioner points out specifically in the motion for sanctions and default judgment. Now, the State has waived the defense and is procedurally barred from reiterating the defense which is clearly established law as established by the United States Supreme Court. More fully set forth below.

    (4) The Magistrate Judge incorrectly held, that, "Petitioner asserts that the response is frivolous and lacking in a factual basis, among other claims. This Court considered respondent's response and found it to be meritorious." (Doc. 30). The Magistrate Judge's holding was inconsistent with Petitioner's argument. In fact, the Magistrate Judge invented this claim. Petitioner's actual claim was that Respondent has procedurally defaulted for failure to ever file any responsive pleading. Second, Petitioner claims that Respondent's response motion to petitioner's motion for sanctions and default judgment was without merit because Respondent's response was not based upon any one of the averments presented in Petitioner's motion. Respondent argues outside the realm of Petitioner's grounds and attempted to establish a belated defense of exhaustion of remedies which is now waived and procedurally defaulted. Respondent's response motion was evasive and a lame attempt to obtain a ruling on an issue which possessed no standing due to the fact that it was not a response showing [g]ood cause for failure to file any responsive pleading or motion for an extension of the time within the time remaining. In other words, the Magistrate Judge somehow found merit in Respondent's argument that Respondent was waiting on this Court to order Respondent to file a motion to dismiss, a return of writ, or some other responsive pleading which is contrary to and unreasonable application of law and an unreasonable determination of the facts in light of the evidence Petitioner presented to the court in Petitioner's motion for sanctions and default judgment. Because, Rule 15 (a) of the Federal Rules of Civil Procedure provides in pertinent part, that, "A party shall plead in response to an amended pleading within the time remaining for response to the

original pleading or <u>within 10 days after service of the amended pleading</u>, whichever period may be the longer, unless the court otherwise orders." And, Rule 81 of the Federal Rules of Civil procedure require the petition to "...be returned within 3 days unless for [g]ood cause shown additional time is allowed which in cases brought under 28 U.S.C. 2254 shall not exceed 40 days,..." Additionally, 28 U.S.C. 2243 imposes the very same time limit. In other words, Respondent possessed 3 days permitted by Rule 81 to file a return of writ or request additional time, or to file some responsive pleading within the 10 days permitted by Rule 15(a), or to request additional time by motion within the time remaining. Nevertheless, Respondent failed to ever file a responsive pleading of any type. Respondent's prior motion to dismiss is moot, as is, the magistrate judge's Recommendation and report and order because that petition has since been revised and amended. Respondent's argument that he was waiting on a court to order some responsive pleading is not an arguable defense in light of the fact that it never needed to be ordered in the first instance for Respondent to proceed with a responsive pleading or return of writ. These requirements are established by rule and statute which afford a fixed time limit. Thus, Respondent has waived the exhaustion claim procedurally defaulting. The Magistrate Judge failed to recognize that Respondent never filed a motion to dismiss claiming a nonexhaustion defense, and that any previously filed motions were moot upon the District Court's order permitting the filing of a revised petition. The record is devoid of any motion to dismiss by Respondent claiming Petitioner's claims were unexhausted. Respondent attempted to resurrect a waived and procedurally defaulted defense which is not responsive to Petitioner's motion for sanctions and default judgment; thus, rendering it a frivolous opposition, without merit, to the grounds raised in Petitioner's motion. Respondent failed in any meaningful way to even attempt to show good cause for failure to file any responsive pleading supported by sufficient evidence possessing adequate indicia of reliability or to request additional time to file.

    Additionally, the Magistrate Judge's determination was contrary to and unreasonable application of clearly established Federal law as determined by the United States Supreme Court. "The State's return must allege facts tending to establish the legality of the petitioner's detention. The petitioner then responds by filing a traverse. When the State's return fails to dispute the factual allegations contained in the petition and traverse, <u>it essentially</u>

-4-

<u>admits</u> those allegations. Accordingly, the State argues, the allegations contained in the declarations cannot be deemed admitted because the California Court of Appeals did not issue an order to show cause." Bland v. California, 20 F.3d 1469, at [6,7] (9th Cir. 1994). Here as in Bland, Respondent waived this defense because it failed severly by a long length of time to ever raise a nonexhaustion defense somewhat within the time permitted by statute and rule. "When a state fails to raise the nonexhaustion defense in the district court, we may properly conclude that it waives that defense." Bland, at 1472, n.3. (Quoting Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671 (1987) which is **clearly established law as determined by the United States Supreme Court.** Respondent's response to Petitioner's Motion for Sanctions and Default Judgment, evasively attempting to resurrect an exhaustion defense, does not constitute a timely filed motion to dismiss on exhaustion grounds; therefore, Respondent not only has waived and procedurally defaulted any exhaustion defense, but, also, has "essentially admitted" that Petitioner's claims were exhausted according to the Bland and Granberry Courts. Additionally, a District Court does not abuse its discretion in declining to impose default judgment when state missed deadline for filing answer to habeas corpus petition; appropriate response in such situation is to deem procedural defenses waived and "proceed to the merits of the petition." Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994). And, "...nonexhaution defense is nonjurisdictional, and state can intentionally or [i]nadvertently waive it." Granberry v. Greer, 481 U.S. 129, 132 (1990). Thus, even if Respondent inadvertently (accidentally) waived the exhaustion defense by failing to ever file a motion to dismiss, the waiver is still a procedural bar. In addition, the United States Supreme Court holds "...the Court has fashioned harsh rules regarding waiver and claim forfeiture to defeat substantial constitutional claims. If we are to apply such a strict approach of waiver in habeas corpus litigation, we should hold the warden to the same standards," Caspari v. Bohlen, 510 U.S. 383, 397 (1994), and "...waiver of claims is not a principle that works only to the detriment of [habeas corpus] petitioners." Smith v. Zant, 887 F.2d 1407, 1438 (11th Cir. 1989). Which has been clearly established law as established by the United States Supreme Court.

    The Magistrate Judge failed to rule on the actual grounds supporting Petitioner's Motion for Sanctions and Default judgment. This is obvious because the Report and Recommendation and Order does not reflect the contents and

grounds of Petitioner's motion nor does it provide any precedent relied upon. The Magistrate Judge created and fashioned a nonexistent remedy for Respondent, not supported by any Supreme Court precedent, to permit Respondent's waived and defaulted exhaustion defense, and to permit Respondent's dilatory, abusive, and conspicuous conduct by permitting the waived defaulted defense which was not responsive to Petitioner's motion. Additionally, the exhaustion defense is without merit because evidence of record demonstrates that Petitioner has, in fact, exhausted all state remedies regarding the claims in Petitioner's revised amended petition. Since, Respondent has waived and defaulted the exhaustion claim there is actually no need for reiteration by Petitioner.

### EXHAUSTION OF STATE REMEDIES

Nevertheless, the parts of the record filed with Petitioner's initial habeas corpus petition demonstrate full exhaustion of remedies. (Doc. 1 exhibit A and B). Ohio Supreme Court Case No. 01-1588 September 4, 2001, Notice of Appeal to the Ohio Supreme Court, Memorandum in Support of Jurisdiction, and Ohio Supreme Court Judgment Entry. (Doc. 1, exhibits A and B). Since these documents have been filed there should be no reason to place them on record a second time.

These documents put to sleep Respondent's contentions that Petitioner "...did not pursue an appeal to the Ohio Supreme Court and can still file a motion for delayed appeal." (Doc. 29, pg.1, para. 2). Respondent possesses no meritorious argument on exhaustion. The United States Supreme Court clearly established that under these circumstances "...a State prisoner need not have invoked every conceivable 'available' state remedy in order to avoid procedural default." O'Sullivan v. Boerckle, 526 U.S. 838, 119 S.Ct. 1728, 1737 (1999). Therefore, Petitioner does not need to pursue "delayed appeal to the Ohio Supreme Court" as Respondent contends to have fully exhausted state remedies because Petitioner need only pursue one round of appeal to the court of appeals and the Ohio Supreme Court. "State prisoners must give the state courts one complete round of the State's established appellate review process." O'Sullivan, at 1732. Petitioner has obviously, in fact, invoked one full round of the state's appellate review process with all of the claims stated in Petitioner's revised amended petition. It would be futile for Petitioner to pursue delayed appeal on claims already presented to that court.

Respondent points to three claims which he claims are unexhausted, but this is false and misleading because those claims are on record as exhausted in

(Doc. 1 exhibits). Respondent contends that these three claims "...were raised only in his direct appeal and were not exhausted due to his failure to appeal to the Ohio Supreme Court. Respondent's objections are still pending." (Doc. 29, pg. 2). Again, Respondent's objections were never pending because as stated above Respondent never filed any responsive pleading, the record is devoid of any such filing. Respondent failed to place any documentation or evidence of record to establish that the Ohio Supreme Court documents Petitioner relies upon do not contain those claims. The Magistrate Judge was clearly wrong in his determinations. Therefore, Petitioner's Motion for Sanction and Default Judgment (Doc. 28) should be granted, Respondent's Motion in Response (Doc. 29) should be denied, and Petitioner's Motion to Strike Respondent's motion in response (Doc. 30) should be granted.

Respectfully submitted,

Richard J. Klein 350-022
Petitioner/Pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

## CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true and accurate copy of the foregoing was sent by regular, first-class mail to the Assistant Ohio Attorney General at 150 East Gay Street, Columbus Ohio 43215 on this 16th day of March, 2004.

Richard J. Klein