UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein,

    Petitioner,

vs.

Harold Carter, Warden,

    Respondent.

Case No. C-1-01-794

Judge Beckwith

M.J. Black

**PETITIONER'S MOTION IN RESPONSE TO RESPONDENTS MOTION FOR LEAVE TO FILE DOCUMENTS MANUALLY**

    On May 17, 2004, Respondent filed Respondent's Answer/Return of Writ. Respondent also filed a Motion for Leave to File Documents Manually. Petitioner objects to Respondent's request for manual filing unless respondent intends to serve copies of such documents upon Petitioner in which Respondent has failed to do at this time. In alternate, Petitioner respectfully requests copies of these exhibits, supplemental authority, and trial transcript in which Respondent intends to file electronically with the court. The reason for this request is that Petitioner is unable to obtain the exhibits and things that Respondent is relying upon in defense of Petitioner's habeas corpus claims. Respondent has made two obvious major errors. First, Respondent is referencing exhibits and authorities in which Petitioner cannot review for factual inaccuracies if they are filed electronically. Petitioner is representing himself pro se! and must point out where the errors in Respondent's arguments are factually wrong.

    Upon first reading, Respondent is referencing a state appellate court's decision which is not even at issue in this case because none of Petitioner's claims are from that court's decision. Second, Respondent is referencing a Motion for Acquittal and Motion for New Trial as exhibit 6 and 7. Respondent claims that "The appeal from the motions was part of Klein's direct appeal from his convictions." This is factually incorrect because Petitioner never included or raised those claims in his habeas corpus petition pending with this court at this time; therefore, these motions and appellate court's judgment are immaterial to Petitioner's claims or any issues before the District Court. Petitioner filed a pro se amended and supplemental brief with the state court of

appeals in which the judgment that Respondent is referring to does not correlate. Respondent refers to exhibits 6, 7, 8, 9, and 10 in which Petitioner cannot now respond to due to the fact that he does not possess these exhibits. Respondent failed to serve a copy of these documents with Respondent's Answer/Return of Writ, service of which is required. Therefore, Petitioner cannot appropriately prepare a traverse or response to insure factual accuracy of Respondent's counter claims and arguments which already are showing to be deficient due to the fact that Respondent is referencing documents which are set aside from Petitioner's claims, and Respondent is making statements and arguments that are not in defense to Petitioner's claims. In Respondent's Answer/Return of Writ, the assignments of error that Respondent claims Petitioner raised on direct appeal (RAR pg. 6-7) are not the claims that are before the District Court in Petitioner's habeas corpus petition at this time. These are not the claims that Petitioner exhausted in the state courts and now placed before the District Court. Respondent is attempting to evade Petitioner's claims raised in Petitioner's habeas corpus petition. This is evident because the assignments of error listed in Respondent's Answer/Return of Writ on page 6 and 7 are not Petitioner's claims. This presents issues of material facts which must be traversed for factual accuracy.

For the foregoing reasons Petitioner respectfully requests service of copies of the documents Respondent is relying upon.

Respectfully submitted,

Richard J. Klein 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon attorney for Respondent Assistant Ohio Attorney General Dian Mallory at 150 East Gay Street, 16th Fl. Columbus, Ohio 43215 on this 19th day of May, 2004.

Richard J. Klein