FILED
JAMES BONINI
CLERK

2004 JUN -7 PM 12: 11

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein,

    Petitioner,

vs.

Harold Carter, Warden,

    Respondent.

Case No. C-1-01-794

Judge Beckwith

M.J. Black

### PETITIONER'S MOTION FOR LEAVE TO AMEND HABEAS CORPUS PETITION

On May 17, 2004, Respondent filed an Answer/Return of Writ. Due to the facts presented by Respondent in his answer/return of writ and the parts of the record supplied by Respondent as exhibits, Petitioner respectfully requests leave to amend to make the habeas corpus petition conform to the record as Petitioner now knows it to be due to the fact that Respondent has not supplied most pertinent parts as exhibits. And, to remove any factual deficiencies made clear by the record that Respondent presented. Failure to do so would be detrimental to the petition. Respondent will not suffer any prejudice since the petition will remain functionally in the same form as previously presented. Although this will be Petitioner's third amendment to the petition, good cause is that prison authorities removed most of the record from Petitioner's possession over the period of time that Petitioner has been incarcerated, primarily during the moves from institution to institution. Petitioner's memory is good but not any where near sufficient for total recall of the entire record and claims. The state's authorities defiantly interfered with litigation in this case from the onset due to the bias induced by the alleged false circumstances created by the State's authorities in the jurisdiction in which this incident allegedly occurred. It was the State's continual and repeated lobbying for laws for the death penalty for those convicted of murdering children. This was false lobbying since Petitioner was acquitted of murder but was advertised through the media as being a murder. Nevertheless, this continual political grandstanding generated great public outcry which puts to sleep the Ohio Supreme Court's determination in this

case that this case did "not involve great public concern." Nevertheless, the State's allegations are false, the State knowingly prosecuted the wrong individual, and the publicity generated has caused prison authorities to continually interfere with Petitioner's litigation of this case from the onset. Petitioner requests leave to amend to cause the petition to be factually accurate based upon the information Respondent has recently supplied. To insure factual accuracy and an adequate and meaningful review of the case so that the actual perpetrators so not escape justice, Petitioner respectfully requests that this Court defer ruling to permit Petitioner to amend his petition based upon information that Petitioner did not possess and could not have possesses even through due diligence; this is to include a response and traverse by Petitioner because some of Respondents averments are severally factually false and misleading and not clearly framed by the petition or answer/return of writ.

Respectfully submitted,

Richard J. Klein 350-022

Petitioner/pro se

R.C.I. P.O. Box 7010

Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon Respondent Assistant Ohio Attorney General Diane Mallory at 150 East Gay Street, 16th Fl. Columbus, Ohio 43215 on this 3d day of June, 2004.

Richard J. Klein