UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein,
    Petitioner,

    vs.

Harold Carter,
    Respondent.

Case No. C-1-01-794
Judge Beckwith
M.J. Black

### PETITIONER'S MOTION TO STRIKE OR OVERRULE RESPONDENT'S MEMORANDUM OPPOSING PETITIONER'S MOTION FOR LEAVE TO AMEND HIS HABEAS CORPUS PETITION

    Pursuant to Rule 12 of the Federal Rules of Civil Procedure Petitioner respectfully requests that Respondent's Memorandum Opposing Petitioner's Motion for Leave to Amend his Habeas Corpus Petition be either struck for presenting false averments or overruled for the reasons set forth herein.

Respectfully submitted,

Richard J. Klein 350-022
Petitioner/Pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

Respondent's "Memorandum Opposing Petitioner's Motion for Leave to Amend his Habeas Corpus Petition" should be denied or struck from the record for the following reasons.

(1) First, the basis of Respondent's motion is false and misleading. Respondent falsely claims, that, "His filing of multiple petitions not only wastes the Court's time and resources, but it is burdensome and unfair to require Respondent to file multiple answers to multiple amended petitions." (Doc. 45, pg. 2). "Unfair," Respondent does not possess due process rights in the equation, therefore, whether or not is is fundamentally unfair is insignificant to the equation. The problem arises from Respondent removing Petitioner's documentation from his possession and using the two point four property limit as an excuse to do so. That is fundamentally unfair and denies Petitioner's clearly established due process, equal protection of the law, and adequate access to the court rights that Petitioner indisputably possesses. The second part of the problem is that Respondent forgets that Petitioner specifically requested "Production of Documents and Things..." and requested that Respondent make pertinent documentation available for Petitioner to copy and Respondent has precluded Petitioner from obtaining the necessary documentation for drafting factually accurate arguments and claims. And, once Respondent placed of record copies of documents as exhibits to support Respondent's answer and return Petitioner suddenly possessed documentation that was impossible to obtain due to being locked in a cell and being indigent. Petitioner possessed no ability to re-obtain documentation from the states case file, most of which Petitioner once possessed because he filed it and indisputably kept a copy but it was removed from his possession by Respondent at some point in time. Therefore, if Petitioner's habeas corpus is factually deficient due to the non-availability of necessary documentation due to interference by the State's authorities this is fundamentally unfair and in violation of Petitioner's enumerated rights. Respondent does not have enumerated rights interests in the equation. It is indisputable that Petitioner once possessed accurate copies of these documents because he produced and filed them but they were removed from his possession by prison authorities, "Respondent."

(2) Respondent implies that he has filed "multiple answers to multiple amended petitions." This is a fabrication because Respondent not only had failed to ever file an answer and return of writ to any of Petitioner's previously

-2-

filed amended petitions, but Respondent excessively exceeded the Magistrate's deadlines for filing these alleged answers even after requesting numerous extensions of time Respondent still failed to file answers to any of them, even after periods of six (6) to nine (9) months after the extended time ran out. Petitioner waited over six (6) months after expiration of Respondent's time to file an answer and return before requesting to amend his petitions. Each time Respondent exceeded the maximum time limits catastrophically and now Respondent has the audacity to lie to this Court stating a false opposition to Petitioner's Motion for Leave to Amend Petitioner's Habeas Corpus Petition.

(3) Respondent falsely claims, that, "Petitioner should not be permitted to file another amended petition. He has had more than ample opportunity to present his claims." But, Respondent fails to realize that without the necessary documentation in support it is nearly impossible for anyone to have present factually correct averments and Petitioner has been unavoidably prevented from accessing the case file to obtain the documents necessary to achieve this because has been denied any access to these documents ever since the beginning of this case. Therefore, Petitioner has not "had ample opportunity to present his claims. And, Petitioner is not attempting to assert new claims as Respondent suggests but Respondent has made available through the filing of Respondent's exhibits in support of his answer pertinent documentation supporting Petitioner's claims already advanced in his petition. Recently, Petitioner has filed a motion for leave for discovery and expansion of the record to amend into the federal docket documentation that Respondent has conveniently altered, modified or omitted. This documentation is necessary for accuracy of this Court's determination. Nevertheless, Petitioner did possess some of the documentation that Respondent either altered or omitted but not all of it. This is how Petitioner knows that these documents have either been altered or omitted. Additionally, Petitioner placed of record some parts of the state court record that he relied upon in the petition in docket 1. These exhibits need to be amended for use with Petitioner's petition, and some of Respondent's exhibits replaced some of Petitioner's deficient documents. Therefore, Petitioner's petition needs to be amended to conform to the record as Petitioner now knows it to be. Failure to do so would result in an inadequate and inaccurate determination.

(4) Respondent's footnote is extremely misleading (Doc. 1, n.1).

-3-

"Petitioner's first habeas corpus petition, filed under Case No. C-1-01-10, was dismissed for failure to exhaust." This falsely implies that this petition is successive but it is not because the Judge of the District Court then tolled the time for filing due to the fact that Petitioner had a motion pursuant to App.R. 26(B) and a collateral proceeding still pending at that time, and that Court found from the evidence attached that it was true thus tolling the time limit for filing the Petition. In addition, that Court set the filing date for the filing of this petition and Petitioner met that deadline.

Respondent's averments are simply unsubstantiated accusations and false misleading arguments that have no evidentiary support therefor, Respondent should either deny or strike Respondent's motion in opposition. And, because Respondent has failed to state any sufficient ground to deny Petitioner's motion to amend which would deny Petitioner an adequate and meaningful review of his petition.

Respectfully, submitted,

Richard J. Klein 350-022
Petitioner/Pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon counsel for Respondent Assistant Ohio Attorney General Diane Mallory by regular first class mail on this 17th day of June, 2004.

Richard J. Klein

UNITED STATES DISTRICT COUR