

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN,
    Petitioner,

vs.

HAROLD CARTER, WARDEN,
    Respondent.

CASE NO. C-1-01-794
JUDGE BECKWITH
M.J. JUDGE BLACK

**PETITIONER'S AMENDED MOTION FOR LEAVE FOR DISCOVERY AND EXPANSION OF THE RECORD & MOTION TO STRIKE PREVIOUSLY FILED MOTION FOR DISCOVERY/EXPANSION**

Pursuant to Rules 6 & 7 of the Rules Governing 2254 Habeas Corpus Cases, Petitioner respectfully requests leave for discovery and expansion of the record to file an appendix. Petitioner requests to strike previously filed motion for leave for discovery and expansion of the record filed June 18, 2004, which is either Doc. 46 OR 47? because of changes in circumstances that documents that were previously unavailable to Petitioner have now become available. Specifically, Petitioner requests that the record be expanded to include documents that were either unavailable to Petitioner when the habeas corpus petition was written, or Petitioner was unable to provide a complete copy at the time, that, Respondent also has not submitted. These documents are referred to in Petitioner's habeas corpus petition and are necessary for an accurate determination.

The reason for these requests are fully set forth herein.

Respectfully submitted,

Richard J. Klein 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

-1-

### LIST OF DOCUMENTS TO BE DISCOVERED

(1) Affidavit from Attorney Ann Fluhearty which was attached to Petitioner's "Motion for New Trial" filed May 27, 1997.

### LIST OF DOCUMENTS TO BE EXPANDED

(2) Petitioner's "MOTION TO REDUCE NUMBER OF COPIES" filed June 15, 2000;

(3) Petitioner's "APPLICATION FOR DELAYED REOPENING APPEAL RULE 26(B)(2)(b)" filed January 2, 2001, (showing ineffective assistance of appellate counsel);

(4) Petitioner's "MOTION FOR DELAYED REOPENING APPEAL RULE 26(B)(2)(b)" filed January 2, 2001 (motion for leave showing good cause);

(5) Petitioner's "MOTION TO FILE AMENDED AND SUPPLEMENTAL APPEAL BRIEF" filed July 27, 1999;

(6) POLICE SEARCH WARRANTS AND ITEMIZED SEIZURE LISTS;

(7) CO-DEFENDANT RICHMOND'S THREE (3) MIRANDA WAIVERS;

### REASONS FOR REQUESTS

First, Petitioner requests to expand the record in an appendix with documents from the State record that were unavailable to Petitioner at the time of filing the habeas corpus petition. These documents have recently become available, and, second, Petitioner requests to amend into an appendix some of the documents initially filed by Petitioner with the initial filing of the habeas corpus in (Doc. 1) which are documents referred to by "letter" in Petitioner's revised and amended habeas corpus petition. Not all of the documents filed in Doc. 1 are necessary now because Respondent has filed numerous documents, most of which are the documents Petitioner referenced in his habeas corpus petition by "letter," but Respondent omitted the documents listed above which are absolutely necessary for resolution of the issues in Petitioner's habeas corpus Petition, Petitioner's Travers/Response, and Respondent's Answer/Return of Writ. Respondent served copies of the State Court record upon Petitioner by mail and Respondent refers to these by exhibit number, but Petitioner is referencing by "letter" exhibits submitted with Petitioner's habeas corpus petition in Doc. 1, most of which had been dismembered by prison authorities during shake downs. This is why Petitioner now requests leave to expand the record with documents not supplied by Respondent that Petitioner could not have obtained "accurate" and "complete" copies of from the State

-2-

Court's records because those documents have been completely unavailable to Petitioner until now. Now, all of a sudden, the clerk of courts of the First District Court of Appeals has decided to supply Petitioner with adequate copies of the documents that he has been continually and repeatedly requesting now for several years. Nevertheless, Petitioner requests leave to amend into an appendix with these documents, the documents from docket one (1) because the habeas corpus petition has since been amended, and the exhibits in Doc.1 were incomplete, inaccurate and deficient in some way due to prison authorities miss-handling them.

### (1) AFFIDAVIT OF ATTORNEY ANN FLUHEARTY

This is one document sought to be discovered possessed by Respondent that Petitioner is still unable to re-obtain, that, Respondent also did not submit. Petitioner has relied upon this document in his litigation but lost possession of it because of prison authorities' interference. This is an affidavit from co-defendant Richmond's Attorney Ann Fluhearty which demonstrates that her client Richmond entered into a plea agreement with the State. This affidavit supports one of Petitioner's claims. It verifies the existence of the non-disclosed plea agreement. It was submitted to the Court at Petitioner's Motion for New Trial hearing, but this affidavit was not read into the transcripts at all and was miss-argued and miss-presented by counsel on both sides which is why it is necessary for review by this District Court in conjunction with Petitioner's claim. The affidavit was not attached to the Motion for New Trial itself it was submitted separately for reasons stated in the transcripts. It attests to the existence of the non-disclosed plea agreement. The affidavit was not read into the transcript because this issue was being swept under the rug by the Court and the State. Nevertheless, it is on record and is referred to in the trial transcripts which attests to its existence. And, it has been referred to and relied upon by Petitioner in his habeas corpus petition even though the copy was removed from Petitioner's possession by prison authorities.

### (2) PETITIONER'S "MOTION TO REDUCE NUMBER OF COPIES"

(filed June 15, 2000)

Respondent did not submit a copy of this document with his exhibits and did not even mention it in his procedural posture in his ARW. Petitioner did not possess an accurate copy of it at the time of filing his habeas corpus petition

-3-

because prison authorities dismembered and destroyed Petitioner's documents numerous times over the years. Nevertheless, this document proves several issues and is necessary for adequate and accurate resolution of Petitioner's habeas corpus petition, as well as, Petitioner's Traverse/Response. Petitioner refers to and relies on this document in his habeas corpus petition. Petitioner now possesses an accurate copy which was un-obtainable until now. It proves a pertinent element that Petitioner is required to demonstrate with evidence. This is why an accurate copy needs to be made part of the federal docket. This document proves that the Court deprived Petitioner of even an opportunity to make a timely filing of a pro se motion 26(B) application which otherwise was or would have been timely filed. This document proves an additional instance of ineffective assistance of appellate counsel, as well as, obstruction and impairment by authorities which is "interference by officials" shown to be cause. This document is and contains weighty evidence of misconduct by public officials which interfered with Petitioner's attempts to timely file motions. This is why it was removed from Petitioner's possession by prison authorities. The evidence therein proves this interference by the State's authorities own admission, documents, and signature. This document was not only removed from Petitioner's possession but was also omitted by Respondent in his filing of the state record with his ARW for the same reason, that, it is weighty evidence and proves Respondent's averment to be false and misleading. The document contains the letter (proof) from the clerk of courts of appeals refusing to timely file Petitioner's App.R. 26(B) motion which was not a discretionary function because there was a time limit on the filing, and Petitioner was indigent and proceeding pro se, thus, was entitled to procedural leniency and copies of the documents necessary to invoke the jurisdiction of the Court of Appeals. Petitioner's indigency was the issue and reason for the clerk's refusal, but Petitioner had already been established indigent by the court on the appeal; therefore, he was entitled to the copies necessary for filing. The document proves that once the clerk refused timely filing due to Petitioner's indigency, Petitioner sought judicial action to obtain the copies necessary to make the filing which delayed the filing even longer, and the Court denied Petitioner's requests to make the copies necessary to make the filing. This was part of the reason for the delay. Petitioner knew that he was entitled to the copies at state expense for several reasons. (1) Petitioner is indigent; (2) Ohio Crim.R. 32(B) establishes that an

-4-

indigent appellant is entitled to "copies of documents necessary to an appeal free of costs." Crim.R. 32(B); (3) that, this court holds that, "an application for reopening the direct appeal in Ohio is part of the direct appeal process, and ... a defendant has a right to effective assistance of counsel during that stage of the proceedings..." White v. Schotten, 201 F.3d 743 (6th Cir. 2000), at 745, and 752-53. Therefore, since Sixth Amendment rights to effective assistance of appellate counsel applies in App. R. 26(B) proceedings, it logically flows, that, the same due process principles of Griffin v. Illinois, 352 U.S. 12, 76 S.Ct. 585 (1956) also apply in regards to the State supplying copies of documents necessary to an appeal because copies of the App.R. 26(B) motion and its exhibits and parts of the transcripts were required by App.R. 26(B), at that time, for the filing of the motion just to be able to demonstrate to the Court that Petitioner was denied effective assistance of appellate counsel. As the White v. Schotten Court further held, "(those whose right to appeal has been frustrated ... should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings.)" White, at 752. Petitioner's rights were violated numerous times throughout the earlier state court proceedings and Petitioner had already been established indigent; therefore; Petitioner was entitled to the copies necessary for the timely filing of the App.R. 26(B) motion. The Court denied Petitioner Due Process of law when Petitioner pursued judicial action to obtain the copies necessary for filing after the clerk refused filing based upon Petitioner's indigency (because he could not afford the necessary copies of the motion, transcripts, and exhibits attached). Just requiring a defendant to supply something that he obviously cannot afford simply as a prerequisite to invoke the jurisdiction of a court on an appeal as of right is violative of Due Process, especially, in light of the fact that it has been established that Due Process and Sixth Amendment rights apply in a App.R. 26(B) proceeding because it is considered part of the direct appeal process itself. Nevertheless, Petitioner, after filing his habeas corpus petition has now been able to regain possession of an "accurate" copy of this document, and due to the fact that Respondent had omitted it in his filing of exhibits Petitioner requests leave to submit this document with other documents in an appendix.

(3) **PETITIONER'S "APPLICATION FOR DELAYED REOPENING APPEAL RULE 26(B)(2)(b)"** (filed January 2, 2001, showing ineffective assistance of appellate counsel)

-5-

Respondent failed to serve Petitioner with a copy of this document with Respondent's ARW exhibits. Petitioner is assuming that Respondent did not incorporate this document into the documents filed with the clerk either. This document demonstrates ineffective assistance of appellate counsel and is necessary for resolution of Petitioner claims. Therefore, this document should be included in an appendix even though Petitioner placed it on record with the filing of his first petition (Doc. 1), that petition has since been amended and Petitioner makes reference to this document for resolution of a claim. Therefore, it needs to be amended from Doc. 1 into an appendix and reviewed simultaneously with the other documents regarding this claim.

(3) PETITIONER'S "MOTION FOR DELAYED REOPENING APPEAL RULE 26(B)(2)(b)" (filed January 2, 2001, motion for leave showing good cause)

This was Petitioner's motion for leave showing good cause for the late filing in the Court of Appeals. Respondent served Petitioner with a deficient copy of this document as (R. Exhibit 36). The document (R. Exhibit 36) was dismembered, missing exhibits; therefore, it is reasonable to conclude that the copy filed on the federal docket was equally deficient and dismembered which would impair this Court's determination and cause prejudice in these proceedings. The motion contained pertinent evidence demonstrating good cause for the delay in the filing of the App.R. 26(B) motion and its exhibits and parts of the record required for that filing.

Respondent's Exhibit 36 was deficient in the following ways:

(1) It was completely missing exhibit-1. This exhibit demonstrated that appellate counsel and prison authorities abridged, impaired, and deliberately obstructed Petitioner's attempts to comply with procedural rules regarding the 90 day time limit for filing pursuant to App.R. 26(B). This exhibit is on record with the clerk of courts so it simply was not submitted by Respondent, nor referred to in his procedural posture in his ARW;

(2) Part of its exhibit-2 is missing. This part of the exhibit demonstrated that the court of appeals violated Petitioner's due process rights in denying Petitioner's Motion to Reduce Number of Copies necessary for filing a timely App.R. 26(B) application. Petitioner invoked the jurisdiction of the Court in this motion to obtain an order ordering the clerk of courts to make the necessary copies of the motion, exhibits, and parts of the transcripts relied upon which were required by App.R. 26(B) at that time, or to simply reduce the

-6-

number of copies necessary to make the timely filing, but the Court did neither; thus, again denying Petitioner an adequate and meaningful review on an appeal as of right (Due Process) and denying Petitioner effective assistance of appellate counsel, and denying Petitioner adequate access to the court to present his claims fairly (Due Process), and abridging and impairing Petitioner's ability to pursue and prepare a habeas corpus application thereafter;

(3) exhibit-4 of exhibit-2 has been altered. This "exhibit-4" was a copy of the court of appeals docket sheet, line one of which demonstrated that Petitioner's indigency had already been established with the court, thus, Petitioner was entitled to have the necessary documents for his appeal supplied pursuant to Crim.R. 32(B), and Griffin v. Illinois, 352 U.S. 12, 76 S.Ct. 585 (1956). And according to White v. Schotten, 201 F.3d 743 (6th Cir. 2000), at 745, and 752-53, an application pursuant to App.R. 26(B) is part of that appeal process so that effective assistance of counsel rights and Due Process rights are implicated. Rule 26(B) at that time required filing additional copies of the motion, the exhibits attached, and parts of the transcripts relied upon so this was not a simple cheap copy of a motion and Petitioner simply could not afford it at that time because there were "exhibits" and "parts of the transcripts relied upon."

This exhibit had have been altered sometime around the time it was filed because it is on record that way, it demonstrates misconduct by either prison authorities or the clerk of courts of appeals. Which are the only ones who had handled the document. No one else could have altered exhibit-4 once it was placed in its envelope and placed in the prison's mailing system. There is the highest probability that it was the prison's mail room workers.

This document proves that Petitioner's ability to timely file pursuant to App.R. 26(B) was severally obstructed in several ways. Petitioner fully demonstrated objectively, that, objective factors impaired Petitioner's ability to comply with procedural rules which constitutes cause. Prison authorities have the misunderstanding that they are entitled to abridge and impair a Petitioner's ability to comply with the filing of documents because then a petitioner would have to acquire evidence, somehow, to objectively verify that his efforts to comply with procedural rules was obstructed. This type of evidence is nearly impossible to obtain except Petitioner was able to submit it and place it on record for future proceedings which are now. Nevertheless, the copy of this

document submitted by Respondent was so dismembered that it needs to be re-submitted in its original form. Petitioner now after all these years has recently obtained an accurate copy.

(5) **PETITIONER'S "MOTION TO FILE AMENDED AND SUPPLEMENTAL BRIEF"** (filed July 27, 1999).

First, Respondent failed to incorporate Petitioner's filing of this document into his procedural posture in his answer/return of writ at the point when it was filed which is after (R. Exhibit 15 appointed appellate counsel's appeal brief) and before (R. Exhibit 16 State's brief) on page 6 ARW, and Respondent failed to submit a copy with his filing of exhibits on the federal docket. This document is another pertinent part of Petitioner's litigation because it demonstrates numerous instances of ineffective assistance of appellate counsel. It demonstrates that Petitioner presented this to the court at that early stage in an effort to obtain an adequate and meaningful review on the appeal and to ensure that all of the claims now presented in Petitioner's habeas corpus petition were adequately and effectively presented to the court of appeals by competent counsel to fulfil the prerequisite of exhaustion of remedies on those claims. But, that did not happen. It demonstrates Petitioner's specific request to have existing counsel removed and replaced with an attorney who would cure the deficiencies and defects in the other attorney's appeal brief. It also demonstrates that the Court of Appeals denied Petitioner an adequate and meaningful review (Due Process) and effective assistance of counsel on that appeal. The motion to amend was not intended to be a motion for Petitioner to proceed pro se, but was, in fact, how Petitioner invoked the jurisdiction of the Court of Appeals initially to point out counsel's numerous deficiencies and defects in his appeal brief in an attempt to cure the prejudicial effect of that deficient brief. It also proves that Petitioner could not have procedurally defaulted because he possessed the federally mandated right to have a competent attorney to perfect Petitioner's federal claims and file a meaningful brief in his behalf, and Petitioner specifically requested to have an attorney appointed "to exhaust remedies" on specific federal claims. It does not demonstrate all of counsel's deficiencies but it did incorporate enough of them to cause the Court to take a closer look at what was being presented and to inform the Court that Petitioner was not satisfied with counsels performance, and to inform the Court that Petitioner wanted a different attorney to amend the brief. Most

Case 1:01-cv-00794-SSB-TSB    Document 49    Filed 06/28/2004    Page 9 of 11

importantly, Petitioner should not have had to file a single document in that appeal in the first place because he possessed the federally mandated right to have an attorney do it for him but that did not happen. Petitioner was unable to re-obtain another copy of the motion to amend thafter prison authorities removed several copies of it from Petitioner's possession over time. Prison authorities have been continually and repeatedly obstructing Petitioner's efforts to litigate this case pro se and have been obstructing Petitioner's ability to adequately prepare and file timely motions. Appointed counsel's deficiencies are fully set forth in Petitioner's Traverse/Response not yet completed. Nevertheless, the purpose of the motion to amend was to obtain an adequate and meaningful review, and, specifically, to have an attorney appointed who would "exhaust remedies" on Petitioner's federal claims for further proceedings. The Court denied Petitioner of an effective attorney to exhaust remedies on these claims for him, but, instead, ordered Petitioner to file it on his own, pro se. Then the Court simply struck the pro se brief. The motion to amend was completely omitted by Respondent in his ARW as though it does not exist and as if it would not have any effect on this Court's determination. It also demonstrates that the Court violated Petitioner's Due Process, Equal Protection, and effective assistance of appellate counsel rights. And, it demonstrates that Petitioner sought judicial action to have the Court protect his constitutional rights but the court refused to do so; therefore, Petitioner was denied an adequate and meaningful appeal on a first appeal of right due to the Court's denial of part of the motion requesting new counsel to cure the other counsel's deficiencies and to exhaust remedies by perfecting Petitioner's claims on a federal level. Petitioner was forced to proceed pro se against his will due to ineffective assistance of appellate counsel and by the court's failure to re-appoint appellate counsel to perfect Petitioner's federal claims.

The most significant factor is that it was the trial court's fault that Petitioner lost his retained appellate attorney. The trial court failed to place of record a judgment of conviction, and after a 19 month period the court of appeals dismissed the appeal, without review of the claims, for lack of jurisdiction due to the absence of a judgment of conviction on record. Petitioner's retained attorney wrote an appeal brief asserting claims that Petitioner now has placed in his habeas corpus petition. But, after the dismissal of the appeal, the trial court appointed its attorney who asserted

-9-

claims that were not protective of Petitioner's federally mandated rights. The appointed attorney did not re-aver the claims that Petitioner and his retained attorney agreed upon which were the only claims that possessed a probability of success, but regardless of whether or not those claims would have been successful Petitioner possessed the right to have those claims that Petitioner paid an attorney ten thousand dollars to draft and assert. Regardless of whether or not Petitioner had enough money to re-retain that attorney, Petitioner possessed the federally mandated right to an adequate and meaningful appeal on a first appeal as of right but he did not receive this due to the numerous deficiencies in the appointed counsel's brief. Petitioner did not leave the Court unaware, but, in fact, Placed that issue before it. Petitioner made an attempt to reiterate the federal claims that his retained attorney asserted, but Petitioner did not possess a copy of that attorney's brief at the time it was needed to redraft those claims contained therein. The Court only permitted Petitioner 30 days to draft the pro se amended brief asserting the federal claims that his retained attorney and him agreed upon, without the aid of counsel, and that was an impossible task due to the fact that Petitioner did not possess a copy of that attorney's brief and the indisputable fact that Petitioner is not an attorney. Nevertheless, Petitioner paid a high dollar to have specific federal constitutional claims asserted his in behalf, but, this, appointed counsel failed to do.

### (6) POLICE SEARCH WARRANTS AND INVENTORY LISTS

These documents prove several pertinent issues in this case. First, that the State authorities knowingly falsified testimony to the jury. Second, that, the prosecutors and detectives knew of the falsities, and this caused an extreme prejudicial effect at the trial. Petitioner could not regain copies of these documents at the time of the initial filing of his habeas corpus petition but regained the documents afterward even though they had been removed from his possession several times by prison authorities throughout the course of preparing the petition. Nevertheless, Petitioner requests to include these documents in an appendex because he has relied upon them to support some of his claims.

### (7) CO-DEFENDANT RICHMOND'S THREE (3) MIRANDA WAIVERS

These documents Petitioner has relied upon to prove the verity, trustworthiness, and reliability of co-defendant Richmond's numerous

-10-

confessions to detectives as to being the individual solely and independently responsible for the entire injury and death that occurred. This is information that the jury was precluded from in weighing into their decision which caused a prejudicial effect. The waivers gives extreme weight, reliability, and trustworthiness to Richmond's confessions and several of Petitioner's claims. Although, the jury was told that Richmond was read her rights once during the course of police investigations, the mere fact that Richmond was read her rights several times throughout a 12 hour investigation and knowingly and voluntarily waived her rights effects the trustworthiness, reliability, and voluntariness of her confessions. This effected the juries determination of innocence and guilt because Richmond recanted her confessions, without any evidentiary support or justification, to divert the entire blame for the injury and death over to Petitioner. Had the jury been fully informed that due to her Miranda waivers her confessions as to being solely and independently responsible are more trustworthy than her statements and testimony implicating Petitioner when viewed with the record as a whole. Additionally, it also demonstrate an additional element of ineffective assistance of appellate counsel. And, when viewed simultaneously with Petitioner's claim it gives the necessary weight, reliability, and support to Petitioner's claims. Nevertheless, these documents also were omitted by Respondent in the filing of the exhibits of the state court record Petitioner attached them to his previously filed petition therefore they need to be amended into an appendix.

 For the foregoing reasons Petitioner respectfully requests leave for discovery on item one (1), and to include it in a appendix with the other documents now in Petitioner's possession.

<div style="text-align:right">

Respectfully submitted,

*Richard J. Klein* 350-022

Petitioner/pro se

R.C.I. P.O. Box 7010

Chillicothe, Ohio 45601

</div>

### CERTIFICATE OF SERVICE

 I hereby certify that a true and accurate copy of the foregoing has been served upon counsel for respondent the Assistant Ohio Attorney General Diane Mallory by regular U.S. mail on this 25th day of June, 2004.

<div style="text-align:right">

*Richard J. Klein*

</div>

-11-