UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD KLEIN,

        Petitioner,        Case No. C-1-01-794

    v.        Judge Beckwith

HAROLD CARTER, WARDEN,        Magistrate Judge Black

        Respondent.

**RESPONDENT'S RESPONSE TO PETITIONER'S AMENDED MOTION FOR LEAVE FOR DISCOVERY AND EXPANSION OF THE RECORD AND MOTION TO STRIKE PREVIOUSLY FILED MOTION FOR DISCOVERY/EXPANSION**

Petitioner has requested discovery in this case. Specifically, he wants Respondent to provide an affidavit from attorney Anne Fluharty, which he states was filed in the trial court on May 27, 1997.

Generally, a petitioner is not entitled to discovery in a federal habeas proceeding. Bracy v. Gramley, 520 U.S. 899, 904, (1997). However, a court, in its discretion, may allow discovery if the petitioner establishes "good cause" why such a request should be granted. See Rule 6 of the Rules Governing Section 2254 Proceedings.

Habeas Rule 6 is consistent with the United States Supreme Court's decision in Harris v. Nelson, 394 U.S. 286 (1969). Bracy, 520 U.S. at 908-09, 117 S.Ct. at 1799. In Harris, the Court stated that "where specific allegations

before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 299.  The Sixth Circuit has recognized this standard.  Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991).  In Bracy, it was emphasized that the "specific allegations" were supported with additional evidence supporting petitioner's claim for relief.  The specific allegations should at least arise in the context of circumstances giving good reason to believe the petitioner has a legitimate basis for his petition.  Rule 6 requires that a petitioner make a sufficient showing to establish "good cause" although he ultimately may be unable to obtain evidence sufficient to support his claim. Bracy, 520 U.S. at 909, 117 S.Ct. at 1799.  In every case, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Id.

"Conclusory allegations are not enough to warrant discovery under Rule 6 . . .; the petitioner must set forth specific allegations of fact." Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994), cert. denied, 513 U.S. 1192 (1995).  A discovery request without a *prima facie* showing of what the petitioner intends to find and prove is nothing more than a "fishing expedition," which is not sanctioned by Rule 6.  Rector v. Johnson, 120 F.3d 551, 562-563 (5th Cir. 1997).  Indeed, there should be a *prima facie* showing of the claim before discovery is warranted.  Murphy v. Johnson, 205 F.3d 809, 815 (5th Cir. 2000).

Respondent opposes any request for discovery. However, in this instance, since Petitioner has only requested one document and since that document is part of the state court record, Respondent will provide that document. Attached is an affidavit of attorney Anne Fluharty dated August 27, 1997, and filed in the trial court on August 28, 1997. Although Petitioner indicates he wants an affidavit of Ms. Fluharty filed on May 27, 1997, the attached affidavit is the only affidavit of Ms. Fluharty of which Respondent's counsel is aware.

Respectfully submitted,

Jim Petro
Ohio Attorney General

S/Diane Mallory
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to Richard Klein, #350-022, Ross Correctional Institution, P. O. Box 7010, Chillicothe, Ohio 45601, on the 29th day of June, 2004.

S/Diane Mallory