UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN,

       Petitioner,                     Case No. C-1-01-794

   v.                                        Judge Beckwith

HAROLD CARTER,                 Magistrate Judge Black

       Respondent.

**RESPONDENT'S OBJECTION TO MAGISTRATE'S ORDER OF JUNE 21, 2004**

On June 7, 2004, Petitioner ("Klein") filed a motion requesting leave to amend his habeas corpus petition. Respondent opposed the motion. On June 21, 2004, the Magistrate Judge issued an Order granting Klein's motion to amend his petition and gave Respondent 20 days after the amended petition was filed to submit an amended return of writ. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Respondent hereby objects to that Order.

Klein's first habeas petition filed in the instant case was filed on November 16, 2001.[1] (R. 1) On February 11, 2003, he filed an amended

---

[1] Petitioner's first habeas petition, filed under Case No. C-1-01-10, was dismissed for failure to exhaust.

petition, his second petition. (R. 15) On March 5, 2003, he filed a motion to strike the amended petition and to submit a revised petition. (R. 21) The court ordered Respondent to respond to his motion to file another amended petition. (R. 23) Since Respondent had not yet filed an answer/return of writ, Respondent did not object to the revised amended petition except that Respondent reserved the right to challenge any claims as time-barred. (R. 24) On June 10, 2003, the revised amended petition was filed, Klein's third petition. (R. 27) Respondent has subsequently filed a 42-page return of writ in response to that revised amended petition. (R. 35) Now, Klein seeks to file a new amended petition, which would be the fourth petition filed in this case.

Klein should not be permitted to file another amended petition. He has had more than ample opportunity to present his claims. His filing of multiple petitions not only wastes the Court's time and resources, but it is burdensome and unfair to require Respondent to file multiple answers to multiple amended petitions.

In Klein's motion for leave to amend his petition, he indicates that he wants to remove any factual deficiencies. In the Magistrate's Order, he granted the motion to amend but limited it to correction of any factual inaccuracies in the petition. Klein has the opportunity to file a traverse. He can correct any factual inaccuracies in his traverse. It is not necessary to allow him to file an amended petition in order for him to correct any factual inaccuracies.

Respondent asks the Court to set aside the Magistrate's Order and deny Klein's motion for leave to amend his petition.

Respectfully submitted,

Jim Petro
Ohio Attorney General


S/Diane Mallory
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to Richard Klein, #350-022, Ross Correctional Institution, P. O. Box 7010, Chillicothe, Ohio 45601, on the 6th day of July, 2004.

S/Diane Mallory