IN THE COURT OF APPEALS
FIRST APPELLATE DISTRICT OF OHIO
HAMILTON COUNTY, OHIO



ENTERED
AUG 13 1999
IMAGE 78

STATE OF OHIO.                                    APPEAL NO. C-990066

    Appellee,

vs.                                               ENTRY GRANTING MOTION TO
                                                  FILE SUPPLEMENTAL BRIEF
                                                  AND EXTENDING TIME

RICHARD J. KLEIN

    Appellant,

This cause came on to be considered upon the PRO SE motion of the appellant filed herein for leave to file an amended, supplemental brief, and to extend time, and

The Court, upon consideration thereof, finds that the motion is well taken and is granted.

Wherefore, since this case is set for its merit hearing on October 12, 1999 the appellant shall have until September 7, 1999 to file his supplemental brief and the appellee shall have until September 30, 1999 to file its response.

To The Clerk:
Enter upon the Journal of the Court on ___8/13/99___ per order of the Court.
By: _____
        Presiding Judge                    (Copies sent to all counsel)

P. EXHIBIT B

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


ENTERED
AUG - 5 1999
IMAGE  10

STATE OF OHIO

    Appellee,

vs.

RICHARD JOSEPH KLEIN

    Appellant,

APPEAL NO. C-990066

ENTRY GRANTING JOINT
MOTION TO EXCEED THE PAGE
LIMIT

    This cause came on to be considered upon the joint motion of counsel filed herein for leave to file briefs exceeding the page limit, and

    The Court, upon consideration thereof, finds that the motion is well taken and is granted.

To The Clerk:

Enter upon the Journal of the Court on ___8/5/99___ per order of the Court.

By: _____

    Presiding Judge

(Copies sent to all counsel)

P. EXHIBIT C

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

FILED
COURT OF APPEALS
JUN 15 2000
JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | MOTION TO REDUCE NUMBER OF COPIES |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | | |

RICHARD J. KLEIN, Defendant/Appellant pro se, moves this court pursuant to Criminal Rule 32(B)(c), and requests that copies be made of necessary documents and motions, at State's expense, due to indigency of defendant. The basis and evidence for this request for order is fully set forth in memorandum attached.

Respectfully submitted,

RICHARD J. KLEIN 350-022

L.C.I. P.O. Box 56

Lebanon, Ohio 45036

P. EXHIBIT D

-1-

## MEMORANDUM

On December 3, 1999, The First District Court of Appeals entered judgment affirming conviction in said case. Appellant was not notified of this judgment until February 27, 2000. Appellant's desire is to file for delayed reconsideration under App.R. 26(B). On May 18, 2000, Appellant filed a motion for delayed reopening with the Clerk of Courts of Appeals (Exhibit 1). With this motion was an affidavit of indigency and a letter requesting the clerk make copies for service, and further stating the reason for the request that appellant is indigent (Exhibit 2). On May 19, 2000, the Clerk of Courts refused filing and returned motion with a letter that appellant must furnish another copy with this filing (Exhibit 3).

Appellant has been established, by this court, to be indigent when it appointed appellate counsel (Exhibit 4). The issue of indigency is res judicata since it has been established. Appellant did not receive adequate review on appeal due to ineffective assistance of counsel. Due Process requires an appellant receive effective assistance of counsel on his first appeal as of right, Evitts v. Lucey 105 S.Ct. 830, 469 U.S. 387, and an adequate review of conviction. It is well established that appellant is indigent, and in order to pursue exhaustion of Stat remedies and fully develop the record on appeal appellant needs to be permitted to file for delayed reopening. Appellants inability to purchase copies and secure funds for postage are preventing litigation of this case. Criminal Rule 32(B)(c) provides for indigents' to receive documents if they are unable to pay for them, and since appellant did not receive adequate review on his first appeal the case needs to be reconsidered on its merits. Denial of adequate review would be a denial of appellants due process rights, since, due process attaches to appellate proceedings. Here, appellant is unable to pay for documents necessary to an appeal, Crim.R. 32(B)(c) "documents will be provided without cost," absent effective assistance of appellate counsel appellant has not received the adequate

review of conviction that due process requires. Woodard v. Ohio A.P.A. (1997 C.A. 6), 107 F.3d 1178, 117 S.Ct. 2507. Without copies of necessary documents due process is being denied.

Appellant respectfully requests an order for copies to be made of this motion 26(B) and interdepartmental service made to the prosecutor.

Respectfully submitted,

RICHARD J. KLEIN 350-022

L.C.I. P.O. Box 56

Lebanon, Ohio 45036

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the forgoing document has been served on the prosecutors office, 230 East Ninth Street, Cincinnati, Ohio 45202, by Certified Mail on this 13th day of June 2000.

Respectfully submitted,

RICHARD J. KLEIN 350-022

L.C.I. P.O. Box 56

Lebanon, Ohio 45036

-3-

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

<u>HAMILTON COUNTY, OHIO</u>

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 1 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | : | |

<u>EXHIBIT NO. 1</u>

Certified mail receipts for filing of motion 26(B)

-4-

O-5

54







Certified Mail receipts
filing of Motion 26(B)
(Date of Mailing of Motions May 18, 2000).

## IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
|     Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 2 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
|     Defendant/appellant | : | |

### EXHIBIT NO. 2

Affidavit of indigence and letter to the Clerk of Courts requesting the clerk make copies and service due to appellants indigency status.

*RICHARD J. KLEIN 350-022*
*Lebanon Corr. Inst*
*P.O. Box 56*
*Lebanon, Ohio 45036*

May 11, 2000,


James Cissell
Clerk of Courts of Appeals
230 East Ninth Street, Room 12100
Cincinnati, Ohio 45202


Dear Clerk of Courts,

   This is packet two of two. Enclosed please find one Motion to Delayed Reopening, Application for reopening, exhibits parts one of two and two of two, one appeal brief, and an affidavit of indigency.

   I am incarcerated and indigent, and cannot afford copies to pursue this action. Please copy enclosed documents and forward copies to appropriate parties in this case. Also, please return a time stamped copy of all cover pages. Thank you.


                                              Respectfully submitted,

                                              [signature]
                                              RICHARD J. KLEIN 350-022
                                              Defendant/Appellant
                                              L.C.I. P.O. Box 56
                                              Lebanon, Ohio 45036

## AFFIDAVIT OF INDIGENCY

STATE OF OHIO    )
                 )SS:
WARREN COUNTY    )

    I Richard J. Klein 350-022-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, being duly cautioned and sworn deposes and states the following:

    I am without the necessary funds with which to pay for the costs of this action and that I am without any possessions, real or personal property of sufficient value in which to offer as security for such costs, and that I am truly indigent within the meaning of law.

Affiant further sayeth naught.

Respectfully submitted,

*[signature]*

Richard J. Klein 350-022

Lebanon Correctional Inst.

P.O. Box 56

Lebanon, Ohio 45036

Sworn and subscribed before me this _11th_ day of May 2000.

*[signature]*
Notary Public

BILLY DEE BAILEY
Notary Public, State of Ohio
My Commission Expires Mar. 27, 2005

-8-

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

<u>HAMILTON COUNTY, OHIO</u>

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 3 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | : | |

<u>EXHIBIT NO. 3</u>

Response from the Clerk of Courts when filing was denied

-9-



# JAMES CISSELL
## HAMILTON COUNTY CLERK OF COURTS

Lisa Boebinger, Supervisor
Common Pleas – Appellant Division
230 E. Ninth Street, 12th Floor       MAY 19, 2000
Cincinnati, Ohio 45202
513-946-3746  Fax: 513-946-3744
www.courtclerk.org


MR RICHARD KLEIN
P.O. BOX 56
LEBANON OHIO 45036


MR KLEIN,

WE ARE RETURNING YOUR PAPERWORK FOR YOUR APPLICATION AND MOTION FOR REOPENING.

ENCLOSED IS A COPY OF THE RULES, STATING THAT YOU NEED TO PROVIDE US WITH AN ADDITIONAL COPY FOR SERVICE.

ALSO, YOUR EXHIBITS STATE THAT THEY ARE TWO OF TWO. I FOUND NO ONE OF TWO TO GO WITH IT.


LISA BOEBINGER
SUPERVISOR
CLERK OF COURT APPELLATE DIVISION



Lebanon Correctional
P.O. Box 56
Lebanon Ohio
45036
R. Klein  350-022

...the later. The filing of a motion to certify a conflict [do]es not extend the time for filing a notice of appeal. [A m]otion under this rule shall specify the issue proposed [for] certification and shall cite the judgment or judg[me]nts alleged to be in conflict with the judgment of [the] court in which the motion is filed.

(3) Parties opposing the motion must answer in writ[ing] within ten days after the filing of the motion. Copies [of t]he motion, brief, and opposing briefs shall be served [as p]rescribed for the service and filing of briefs in the [initi]al action. Oral argument of a motion to certify a [con]flict shall not be permitted except at the request of [the] court.

(C) The court of appeals shall rule upon a motion to [cert]ify within sixty days of its filing.

(Effective 7-1-94)

## RULE 26. Application for reconsideration; application for reopening.

(A) **Application for reconsideration.** Application [for r]econsideration of any cause or motion submitted [on ap]peal shall be made in writing before the judgment [or or]der of the court has been approved by the court [and] filed by the court with the clerk for journalization [or w]ithin ten days after the announcement of the court's [deci]sion, whichever is the later. The filing of an application for reconsideration shall not extend the time for [filing] a notice of appeal in the Supreme Court.

[P]arties opposing the application shall answer in writ[ing] within ten days after the filing of the application. [Cop]ies of the application, brief, and opposing briefs [shal]l be served in the manner prescribed for the service [and] filing of briefs in the initial action. Oral argument of [an a]pplication for reconsideration shall not be permitted [exce]pt at the request of the court.

(B) **Application for reopening.** (1) A defendant in [a cri]minal case may apply for reopening of the appeal [from] the judgment of conviction and sentence, based [on a] claim of ineffective assistance of appellate counsel. [The a]pplication for reopening shall be filed in the court [of ap]peals where the appeal was decided within ninety [days] from journalization of the appellate judgment un[less] the applicant shows good cause for filing at a later [date].

(2) An application for reopening shall contain all of [the] following:

(a) The appellate case number in which reopening [is s]ought and the trial court case number or numbers [in w]hich the appeal was taken;

(b) A showing of good cause for untimely filing if the [application is filed more than ninety days after journalization of the appellate judgment...] and all supplemental affidavits upon which the applicant relies.

(3) The applicant shall furnish an additional copy of the application to the clerk of the court of appeals who shall serve it on the attorney for the prosecution. The attorney for the prosecution, within thirty days from the filing of the application, may file and serve affidavits, parts of the record, and a memorandum of law in opposition to the application.

(4) An application for reopening and an opposing memorandum shall not exceed ten pages, exclusive of affidavits and parts of the record. Oral argument of an application for reopening shall not be permitted except at the request of the court.

(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.

(6) If the court denies the application, it shall state in the entry the reasons for denial. If the court grants the application, it shall do both of the following:

(a) Appoint counsel to represent the applicant if the applicant is indigent and not currently represented;

(b) Impose conditions, if any, necessary to preserve the status quo during pendency of the reopened appeal.

The clerk shall serve notice of journalization of the entry on the parties and, if the application is granted, on the clerk of the trial court.

(7) If the application is granted, the case shall proceed as on an initial appeal in accordance with these rules except that the court may limit its review to those assignments of error and arguments not previously considered. The time limits for preparation and transmission of the record pursuant to App. R. 9 and 10 shall run from journalization of the entry granting the application. The parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency.

(8) If the court of appeals determines that an evidentiary hearing is necessary, the evidentiary hearing may be conducted by the court or referred to a magistrate.

(9) If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.

(C) **[Ruling upon application for reconsideration.]** If an application for reconsideration under division (A) of this rule is filed with the court of appeals, the application shall be ruled upon within forty-five days of its filing.

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 4 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | : | |

## EXHIBIT NO. 4

Docket statement showing appellants indigency status.

```
                    Hamilton County Court System                        Copy #3
                         APPEARANCE DOCKET               C 9900066        62
Print Date:  4/10/2001                                        Page 1
                                                              CMSR5143

Attorney -          R BERNARD MUNDY              64058
Attorney -
   Judge -

              STATE OF OHIO  vs. RICHARD KLEIN JR

Filed: 1/25/1999 A105 - NOTICE OF APPEAL - CRIMINAL - POVERTY AFFIDAVIT

Total Deposits $0.00           Total Costs $0.00


7200103         RICHARD KLEIN JR
                Appellant(s)
                vs.
7200102         STATE OF OHIO
                Appellee(s)


OPTICAL
AVAIL.  IMAGE      DATE       DESCRIPTION                           AMOUNT
------------------------------------------------------------------------------
  N              1/25/1999   NO DEPOSIT REQUIRED-POV.AFF.            0.00
                             R BERNARD MUNDY
  N              1/25/1999   APPEAL - ON QUESTIONS OF LAW
  N              1/25/1999   NOTICE OF APPEAL FILED.
  N              1/25/1999   COMMON PLEAS TRIAL COURT #
                             B9700308
  N              1/25/1999   COPY SENT BY ORDINARY MAIL TO
                             HAMILTON COUNTY PROSECUTOR
  N       7      2/09/1999   ORDER TO SHOW CAUSE
                 2/10/1999   NOTICE OF ORDER OR JUDGMENT
                             SENT BY ORDINARY MAIL TO ALL
                             PARTIES REQUIRED BY LAW.
  N              2/16/1999   DOCKET STATEMENT FILED.
                             B-9700308
  N      26      3/17/1999   ACCELERATED CALENDAR
                             SCHEDULING ORDER, ENTERED.
                             04/12/99 RECORD DUE. 05/12/99
                             APPELLANT'S BRIEF DUE.
                             06/14/99 APPELLEE'S BRIEF DUE.
                 3/23/1999   NOTICE OF ORDER OR JUDGMENT
                             SENT BY ORDINARY MAIL TO ALL
                             PARTIES REQUIRED BY LAW.
  N              4/02/1999   TRANSCRIPT OF DOCKET AND
                             JOURNAL ENTRIES FILED
  N              4/02/1999   NOTICE OF FILING OF RECORD
                             INCLUDING TRANCRIPT OF
                             PROCEEDINGS MAILED TO COUNTY
                             PROSECUTOR AND R. BERNARD
                             MUNDY
  N              4/02/1999   MOTION FOR AN ORDER EXTENDING
                             TIME TO FILE APPELLANTS BRIEF
                             B97-308
  N      23      4/06/1999   ENTRY GRANTING EXTENSION OF
                             TIME TO FILE APPELLANT'S
                             BRIEF UNTIL 06/12/99.
                 4/08/1999   NOTICE OF ORDER OR JUDGMENT
                             SENT BY ORDINARY MAIL TO ALL
                             PARTIES REQUIRED BY LAW.
  N              6/14/1999   BRIEF OF DEFENDANT-APPELLANT
                             RICHARD JOSEPH KLEIN
  N              6/22/1999   MOTION TO EXTEND TIME TO FILE
                             BRIEF OF PLAINTIFF-APPELLEE
  N     169      6/25/1999   ENTRY GRANTING EXTENSION OF
                             TIME TO FILE APPELLEE'S BRIEF
                             UNTIL 08/14/99.
                 6/28/1999   NOTICE OF ORDER OR JUDGMENT
                             SENT BY ORDINARY MAIL TO ALL
                             PARTIES REQUIRED BY LAW.
```

## IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | APPEAL NOS. C-970788<br>C-990066 |
| Appellee, | |
| vs. | ENTRY OVERRULING MOTION<br>TO REDUCE NUMBER OF COPIES |
| RICHARD J. KLEIN | |
| Appellant, | |

This cause came on to be considered upon the PRO SE motion of the appellant filed herein to reduce the number of copies required by the appellate rules to enable him to file delayed reconsideration pursuant to App R. 26(B), and

The Court, upon consideration, thereof finds that the motion is not well taken and is overruled.

To The Clerk:
Enter upon the Journal of the Court on __6/30/00__ per order of the Court.
By: _____  (Copies sent to all counsel)
   Presiding Judge

P. EXHIBIT E