**FILED**
COURT OF APPEALS

JAN - 2 2001

JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | :     TRIAL CASE NO. B-9700308 |
|     Plaintiff/Appellee | :     APPEAL CASE NO. C-990066 |
| | : |
| v. | :     MOTION FOR DELAYED REOPENING |
| | :       APPEAL RULE 26(B)(2)(b) |
| RICHARD J. KLEIN | : |
|     Defendant/Appellant | :    *Motion for Leave Showing Good Cause* |

RICHARD J. KLEIN Defendant/Appellant pro se requests <u>leave</u> to file delayed reopening pursuant to Appeal Rule 26(B)(2)(b), and Appeal Rule 14(B), for good cause shown. The reasons for this request and for the delay are fully set forth in memorandum attached.


RICHARD J. KLEIN 350-022
Defendant/Appellant pro se
LE.C.I. P.O. Box 56
Lebanon, Ohio 45036


MICHAEL ALLEN (0025214)
HAMILTON COUNTY PROSECUTOR
1000 Main Street, Room 411
Cincinnati, Ohio 45202
Counsel for Plaintiff/Appellee

**FILED**
2001 JAN -2  P 3: 58
JAMES CISSELL
CLERK OF COURTS
HAM.CNTY.OH

## STATEMENT SHOWING GOOD CAUSE FOR LATE FILING

There are four reasons for the delay in filing this motion for delayed reopening under App.R. 26(B)(2)(b).

(1) First, Klein was not given proper notice of journalization of judgment affirming conviction entered December 3, 1999. Appellate counsel first sent Klein notice that the judgment was affirmed on February 14, 2000 (Exhibit 1, post marked envelope) when he sent a copy of the judgment to the Southern Ohio Correctional Facility P.O. Box 45699, Lucasville, Ohio 45699.   Klein received this notice on February 27, 2000, (Exhibit 1). At that time Klein had already been transferred to the Lebanon Correctional Institution P.O. Box 56, Lebanon Ohio 45036, but the information was forwarded, then received by Klein in late February at Lebanon Correctional which was 85 days after entry of judgment by the court of appeals.

(2) Second, the exact nature of the ineffective counsel was not discovered quickly by Klein due to his inability identify such errors within the time allotted for reconsideration (10 days). State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204 at 1209 [3].

(3) Klein attempted filing of the motion for delayed reconsideration on May 18, 2000, which was less than 90 days from the time he received the information of the judgment affirming conviction, but due to Klein's indigency he was unable to afford copies of motions, evidence, and postage at that time. The clerk refused filing motion on May 19, 2000, and returned the motion (Exhibit 2, pg. 10-11). Then on June 15, 2000, Klein filed a motion to "reduce number of copies for filing with evidence of indigency attached, but motion was denied (Exhibit 2).

(4) The transfer from The Southern Ohio Correctional Facility to Lebanon Correctional Institution further delayed the filing of motion for delayed

reopening because monthly state pay was delayed, thus, causing insufficient funds to obtain copies of necessary documents and evidence.

Until now Klein has been unable to afford to promptly pursue this action. A new appeal is necessary to assert errors, arguments, and evidence, that appellate counsel omitted from appeal of right, that, had it been heard on its merits would have caused reversal. Nevertheless, these issues and evidence need to be heard on its merits to exhaust further state appeal remedies.

For the forgoing reasons Klein respectfully requests leave to reopen appeal.


Respectfully submitted,


Richard J. Klein 350-022

Defendant/Appellant pro se

LE.C.I. P.O. Box 56

Lebanon, Ohio 45036


## CERTIFICATE OF SERVICE


The undersigned hereby certifies that a true and accurate copy was served on all parties by Certified U.S. Mail on this _20th_ day of _December_ , 2000.


Richard J. Klein 350022



IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/Appellee | : | APPEAL CASE NO. C-990066 |
| | : | |
| v. | : | <u>EXHIBIT 1</u> |
| | : | |
| RICHARD J. KLEIN | : | |
| Defendant/Appellant | : | |

## <u>EXHIBIT 1</u>

Notification from appellate counsel Bernard Mundy of the judgment from the Court of Appeals affirming the conviction.



Forwarding time stamp
on reverse side of
envelop.



F-6

69

R. BERNARD MUNDY
Attorney at Law
11154 (entennial) Ave
CinCinnAti, OH 45242

Mr. Richard Klein
#350-022

LEBANON CORRECTIONAL INSTITUTE
BOX-56
LEBANON OH 45036

45069

1227

CINCINNATI
OH

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/Appellee | : | APPEAL CASE NO. C-990066 |
| | : | |
| v. | : | EXHIBIT 2 |
| | : | |
| RICHARD J. KLEIN | : | |
| Defendant/Appellant | : | |

## EXHIBIT 2

Motion to reduce number of copies of motion for delayed reopening due to indigency status filed June 15, 2000.

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO

Appellee,

vs.

RICHARD J. KLEIN

Appellant,

APPEAL NOS. C-970788
C-990066

ENTRY OVERRULING MOTION
TO REDUCE NUMBER OF COPIES

 

This cause came on to be considered upon the PRO SE motion of the appellant filed herein to reduce the number of copies required by the appellate rules to enable him to file delayed reconsideration pursuant to App R. 26(B), and

The Court, upon consideration, thereof finds that the motion is not well taken and is overruled.

**To The Clerk:**

Enter upon the Journal of the Court on ___6/30/00___ per order of the Court.

By: _____    **(Copies sent to all counsel)**

**Presiding Judge**



# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

### HAMILTON COUNTY, OHIO

FILED
COURT OF APPEALS

JUN 1 6 2000

JAMES CISSELL
CLERK OF COURTS
HAMILTON COUNTY

STATE OF OHIO                    :        TRIAL CASE NO. B-9700308

    Plaintiff/appellee        :        APPEAL CASE NO. C-970788

                               :        APPEAL CASE NO. C-990066

    vs.                            :        MOTION TO REDUCE NUMBER OF COPIES

                               :

RICHARD J. KLEIN pro se            :

    Defendant/appellant


    RICHARD J. KLEIN, Defendant/Appellant pro se, moves this court pursuant to Criminal Rule 32(B)(c), and requests that copies be made of necessary documents and motions, at State's expense, due to indigency of defendant. The basis and evidence for this request for order is fully set forth in memorandum attached.


                           Respectfully submitted,


                           RICHARD J. KLEIN 350-022

                           L.C.I. P.O. Box 56

                           Lebanon, Ohio 45036

## MEMORANDUM

On December 3, 1999, The First District Court of Appeals entered judgment affirming conviction in said case. Appellant was not notified of this judgment until February 27, 2000. Appellant's desire is to file for delayed reconsideration under App.R. 26(B). On May 18, 2000, Appellant filed a motion for delayed reopening with the Clerk of Courts of Appeals (Exhibit 1). With this motion was an affidavit of indigency and a letter requesting the clerk make copies for service, and further stating the reason for the request that appellant is indigent (Exhibit 2). On May 19, 2000, the Clerk of Courts refused filing and returned motion with a letter that appellant must furnish another copy with this filing (Exhibit 3).

Appellant has been established, by this court, to be indigent when it appointed appellate counsel (Exhibit 4). The issue of indigency is res judicata since it has been established. Appellant did not receive adequate review on appeal due to ineffective assistance of counsel. Due Process requires an appellant receive effective assistance of counsel on his first appeal as of right, Evitts v. Lucey 105 S.Ct. 830, 469 U.S. 387, and an adequate review of conviction. It is well established that appellant is indigent, and in order to pursue exhaustion of Stat remedies and fully develop the record on appeal appellant needs to be permitted to file for delayed reopening. Appellants inability to purchase copies and secure funds for postage are preventing litigation of this case. Criminal Rule 32(B)(c) provides for indigents' to receive documents if they are unable to pay for them, and since appellant did not receive adequate review on his first appeal the case needs to be reconsidered on its merits. Denial of adequate review would be a denial of appellants due process rights, since, due process attaches to appellate proceedings. Here, appellant is unable to pay for documents necessary to an appeal, Crim.R. 32(B)(c) "documents will be provided without cost," absent effective assistance of appellate counsel appellant has not received the adequate

review of conviction that due process requires. Woodard  v. Ohio  A.P.A.  (1997 C.A. 6), 107 F.3d 1178, 117 S.Ct. 2507. Without copies of necessary documents due process is being denied.

Appellant respectfully requests an order for copies to be made of this motion 26(B) and interdepartmental service made to the prosecutor.

Respectfully submitted,

RICHARD J. KLEIN 350-022

L.C.I. P.O. Box 56

Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

The  undersigned hereby certifies that a true and accurate  copy  of  the forgoing  document  has  been  served on the prosecutors office, 230 East Ninth Street,  Cincinnati,  Ohio  45202,  by  Certified  Mail    on    this 13th day of _June_ 2000.

Respectfully submitted,

RICHARD J. KLEIN 350-022

L.C.I. P.O. Box 56

Lebanon, Ohio 45036

## IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 1 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | : | |

## EXHIBIT NO. 1

Certified mail receipts for filing of motion 26(B)

-4-







Certified Mail receipts and return receipt for
filing of Motion 26(B) May 18, 2000.
(Date of Mailing of Motions May 18, 2000).

## IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## <u>HAMILTON COUNTY, OHIO</u>

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
|     Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 2 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
|     Defendant/appellant | : | |

## <u>EXHIBIT NO. 2</u>

Affidavit of indigence and letter to the Clerk of Courts requesting the clerk make copies and service due to appellants indigency status.

*RICHARD J, KLEIN 350-022*
*Lebanon Corr. Inst*
*P.O. Box 56*
*Lebanon, Ohio 45036*

May 11, 2000,


James Cissell
Clerk of Courts of Appeals
230 East Ninth Street, Room 12100
Cincinnati, Ohio 45202


Dear Clerk of Courts,

     This  is  packet  two of two. Enclosed please find one Motion  to  Delayed
Reopening, Application for reopening, exhibits parts one of two and two of two,
one appeal brief, and an affidavit of indigency.

     I am incarcerated and indigent, and cannot  afford  copies to pursue this
action. Please copy enclosed documents and  forward copies to appropriate parties
in this case. Also, please return  a  time  stamped  copy  of  all  cover  pages. Thank
you.


                              Respectfully submitted,


                              RICHARD J. KLEIN 350-022
                              Defendant/Appellant
                              L.C.I. P.O. Box 56
                              Lebanon, Ohio 45036

## AFFIDAVIT OF INDIGENCY

STATE OF OHIO     )

                )SS:

WARREN COUNTY  )


    I Richard J. Klein 350-022-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, being duly cautioned and sworn deposes and states the following:

    I am without the necessary funds with which to pay for the costs of this action and that I am without any possessions, real or personal property of sufficient value in which to offer as security for such costs, and that I am truly indigent within the meaning of law.

Affiant further sayeth naught.


                              Respectfully submitted,

                              Richard J. Klein 350-022

                              Lebanon Correctional Inst.

                              P.O. Box 56

                              Lebanon, Ohio 45036


Sworn and subscribed before me this _11th_ day of MAy    2000.


                              Notary Public


**BILLY DEE BAILEY**
Notary Public, State of Ohio
My Commission Expires Mar. 27, 2005

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

<u>HAMILTON COUNTY, OHIO</u>

STATE OF OHIO                           :      TRIAL CASE NO. B-9700308

    Plaintiff/appellee            :      APPEAL CASE NO. C-970788

                              :      APPEAL CASE NO. C-990066

    vs.                            :      EXHIBIT NO. 3

                              :

RICHARD J. KLEIN pro se                 :

    Defendant/appellant           :

<u>EXHIBIT NO. 3</u>

Response from the Clerk of Courts when filing was denied



# JAMES CISSELL
## HAMILTON COUNTY CLERK OF COURTS

---

Lisa Boebinger, Supervisor
Common Pleas – Appellant Division
230 E. Ninth Street, 12th Floor          MAY 19, 2000
Cincinnati, Ohio 45202
513-946-3746  Fax: 513-946-3744
www.courtclerk.org


MR RICHARD KLEIN
P.O. BOX 56
LEBANON OHIO 45036


MR KLEIN,

WE ARE RETURNING  YOUR PAPERWORK FOR YOUR APPLICATION
AND MOTION FOR REOPENING.

ENCLOSED IS A COPY OF THE RULES,  STATING THAT YOU NEED
TO PROVIDE US WITH AN ADDITIONAL COPY FOR SERVICE.

ALSO, YOUR EXHIBITS STATE THAT THEY ARE TWO OF TWO.
I FOUND NO ONE OF TWO TO GO WITH IT.


LISA BOEBINGER
SUPERVISOR
CLERK OF COURT APPELLATE DIVISION



e later. The filing of a motion to certify a conflict  
not extend the time for filing a notice of appeal.  
tion under this rule shall specify the issue proposed  
ertification and shall cite the judgment or judg-  
s alleged to be in conflict with the judgment of  
court in which the motion is filed.

Parties opposing the motion must answer in writ-  
ithin ten days after the filing of the motion. Copies  
e motion, brief, and opposing briefs shall be served  
escribed for the service and filing of briefs in the  
l action. Oral argument of a motion to certify a  
ct shall not be permitted except at the request of  
ourt.

) The court of appeals shall rule upon a motion to  
y within sixty days of its filing.

fective 7-1-94)

## ULE 26. Application for reconsideration; application for reopening

Application for reconsideration. Application  
econsideration of any cause or motion submitted  
peal shall be made in writing before the judgment  
der of the court has been approved by the court  
led by the court with the clerk for journalization  
hin ten days after the announcement of the court's  
on, whichever is the later. The filing of an applica-  
r reconsideration shall not extend the time for  
a notice of appeal in the Supreme Court.

ties opposing the application shall answer in writ-  
ithin ten days after the filing of the application.  
s of the application, brief, and opposing briefs  
be served in the manner prescribed for the service  
ling of briefs in the initial action. Oral argument of  
plication for reconsideration shall not be permitted  
t at the request of the court.

Application for reopening. (1) A defendant in  
inal case may apply for reopening of the appeal  
the judgment of conviction and sentence, based  
laim of ineffective assistance of appellate counsel.  
plication for reopening shall be filed in the court  
eals where the appeal was decided within ninety  
rom journalization of the appellate judgment un-  
e applicant shows good cause for filing at a later

An application for reopening shall contain all of  
llowing:

The appellate case number in which reopening  
ght and the trial court case number or numbers  
which the appeal was taken;

A showing of good cause for untimely filing if the

and all supplemental affidavits upon which the applicant relies.

(3) The applicant shall furnish an additional copy of the application to the clerk of the court of appeals who shall serve it on the attorney for the prosecution. The attorney for the prosecution, within thirty days from the filing of the application, may file and serve affidavits, parts of the record, and a memorandum of law in opposition to the application.

(4) An application for reopening and an opposing memorandum shall not exceed ten pages, exclusive of affidavits and parts of the record. Oral argument of an application for reopening shall not be permitted except at the request of the court.

(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.

(6) If the court denies the application, it shall state in the entry the reasons for denial. If the court grants the application, it shall do both of the following:

(a) Appoint counsel to represent the applicant if the applicant is indigent and not currently represented;

(b) Impose conditions, if any, necessary to preserve the status quo during pendency of the reopened appeal.

The clerk shall serve notice of journalization of the entry on the parties and, if the application is granted, on the clerk of the trial court.

(7) If the application is granted, the case shall proceed as on an initial appeal in accordance with these rules except that the court may limit its review to those assignments of error and arguments not previously considered. The time limits for preparation and transmission of the record pursuant to App. R. 9 and 10 shall run from journalization of the entry granting the application. The parties shall address in their briefs the claim that representation by prior appellate counsel was deficient and that the applicant was prejudiced by that deficiency.

(8) If the court of appeals determines that an evidentiary hearing is necessary, the evidentiary hearing may be conducted by the court or referred to a magistrate.

(9) If the court finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, the court shall vacate its prior judgment and enter the appropriate judgment. If the court does not so find, the court shall issue an order confirming its prior judgment.

(C) [Ruling upon application for reconsideration.] If an application for reconsideration under division (A) of this rule is filed with the court of appeals, the application shall be ruled upon within forty-five days of its filing.

IN THE COURT OF APPEALS

FIRST APPELLATE DISTRICT OF OHIO

HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
| Plaintiff/appellee | : | APPEAL CASE NO. C-970788 |
| | : | APPEAL CASE NO. C-990066 |
| vs. | : | EXHIBIT NO. 4 |
| | : | |
| RICHARD J. KLEIN pro se | : | |
| Defendant/appellant | : | |

EXHIBIT NO. 4

Docket statement showing appellants indigency status.

-12-

APPEARANCE DOCKET        C 9900066

Print Date: 4/10/2001                                   Page 1
                                                     CMSR5143

Attorney -            R BERNARD MUNDY           64058
Attorney -
   Judge -

STATE OF OHIO   vs. RICHARD KLEIN JR

Filed: 1/25/1999 A105 - NOTICE OF APPEAL - CRIMINAL - POVERTY AFFIDAVIT

Total Deposits $0.00               Total Costs $0.00

7200103          RICHARD KLEIN JR
                Appellant(s)
                vs.
7200102          STATE OF OHIO
                Appellee(s)

| OPTICAL AVAIL. | IMAGE | DATE | DESCRIPTION | AMOUNT |
|---|---|---|---|---|
| N | | 1/25/1999 | NO DEPOSIT REQUIRED-POV.AFF. R BERNARD MUNDY | 0.00 |
| N | | 1/25/1999 | APPEAL - ON QUESTIONS OF LAW | |
| N | | 1/25/1999 | NOTICE OF APPEAL FILED. | |
| N | | 1/25/1999 | COMMON PLEAS TRIAL COURT # B9700308 | |
| N | | 1/25/1999 | COPY SENT BY ORDINARY MAIL TO HAMILTON COUNTY PROSECUTOR | |
| N | 7 | 2/09/1999 | ORDER TO SHOW CAUSE | |
| | | 2/10/1999 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| N | | 2/16/1999 | DOCKET STATEMENT FILED. B-9700308 | |
| N | 26 | 3/17/1999 | ACCELERATED CALENDAR SCHEDULING ORDER, ENTERED. 04/12/99 RECORD DUE. 05/12/99 APPELLANT'S BRIEF DUE. 06/14/99 APPELLEE'S BRIEF DUE. | |
| | | 3/23/1999 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| N | | 4/02/1999 | TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES FILED | |
| N | | 4/02/1999 | NOTICE OF FILING OF RECORD INCLUDING TRANCRIPT OF PROCEEDINGS MAILED TO COUNTY PROSECUTOR AND R. BERNARD MUNDY | |
| N | | 4/02/1999 | MOTION FOR AN ORDER EXTENDING TIME TO FILE APPELLANTS BRIEF B97-308 | |
| N | 23 | 4/06/1999 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLANT'S BRIEF UNTIL 06/12/99. | |
| | | 4/08/1999 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |
| N | | 6/14/1999 | BRIEF OF DEFENDANT-APPELLANT RICHARD JOSEPH KLEIN | |
| N | | 6/22/1999 | MOTION TO EXTEND TIME TO FILE BRIEF OF PLAINTIFF-APPELLEE | |
| N | 169 | 6/25/1999 | ENTRY GRANTING EXTENSION OF TIME TO FILE APPELLEE'S BRIEF UNTIL 08/14/99. | |
| | | 6/28/1999 | NOTICE OF ORDER OR JUDGMENT SENT BY ORDINARY MAIL TO ALL PARTIES REQUIRED BY LAW. | |

Original

85

**FILED**
**COURT OF APPEALS**

JAN - 2 2001

**JAMES CISSELL**
**CLERK OF COURTS**
**HAMILTON COUNTY**

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
### HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | TRIAL CASE NO. B-9700308 |
|     Plaintiff/Appellee | : | APPEAL CASE NO. C-990066 |
|  | : |  |
| v. | : | APPLICATION FOR DELAYED REOPENING |
|  | : |     APPEAL RULE 26(B)(2)(b) |
| RICHARD J. KLEIN | : |  |
|     Defendant/Appellant | : |  |

    RICHARD J. KLEIN Defendant/Appellant pro se requests to reopening pursuant to Appeal Rule 26(B)(2)(b), and Appeal Rule 14(B), for good cause shown. The reasons for this request are based on ineffective assistance of appellate counsel and are fully set forth in sworn statement attached.

RICHARD J. KLEIN 350-022
Defendant/Appellant pro se
LE.C.I. P.O. Box 56
Lebanon, Ohio 45036

RECEIVED

JAN 3 1 2001

BY THE
COURT OF APPEALS

MICHAEL ALLEN (0025214)
HAMILTON COUNTY PROSECUTOR
1000 Main Street, Room 411
Cincinnati, Ohio 45202
Counsel for Plaintiff/Appellee

2001 JAN -2 P 3: 58
JAMES CISSELL
CLERK OF COURTS
HAM. CNTY. OH
**FILED**

F-23-.

86

## SWORN STATEMENT

I RICHARD J. KLEIN 350033, being duly sworn, deposes and states the following:

1) I am the defendant/appellant in the above captioned case. On December 3, 1999, this conviction, CASE NO. C-990066, was affirmed by the First District Court of Appeals.

2) Klein moves to reopen appeal based on ineffective assistance of counsel. Appellate counsel Bernard Mundy was ineffective in several respects in regards to his inadequate representation on appeal of this case.

3) First, appellate counsel was ineffective in his representation when he failed to read the transcript and failed to cite evidence contained in the record in support of the assignments of error raised in his appeal brief leaving the appellate court without necessary evidence to make a justifiable decision. It is obvious that counsel failed to read the transcript because he incorrectly cited the evidence that he did cite and failed to utilize existing evidence supporting these errors, thus, denied Klein an adequate and meaningful review. The court continually stated that "the record does not support this argument," when, in fact, it does. This evidence is summarized in Klein's, "statement of assignments of error," and fully set forth in his appeal brief reasserting two assignments of error with supporting facts of record. Second, counsel failed to present other discovery evidence which was exculpatory to Klein which was withheld by the state violating discovery. Out of six errors raised by counsel only two were of any significance, but "counsel failed to demonstrate" of what significance which is the purpose of the need for another review of the record. The evidence is there, but counsel failed to utilize it.

4) Counsel omitted many assignments of error that should have been raised on an appeal of right and raised insignificant assignments of error which were of no merit. The absence of a review of these omitted errors is a denial of due process

-1-



as well as ineffective assistance of counsel because had these assignments of error been raised there is a significant chance that the conviction would have resulted in a reversal. For purposes of due process and to exhaust remedies on the omitted assignments of error and supporting evidence and to afford an adequate meaningful review on appeal this appeal should be reopened and reconsidered on a full record. These issues and evidence should have been asserted in Klein's first "appeal of right" to ensure that Klein's constitutional rights have been secured. Counsels failure to assert any of the constitutional violations on appeal, in form, precluded Klein from further review and fulfilling exhaustion requirements for Supreme Court and Federal review.

5) Klein was denied adequate review of the record when the court struck his amended and supplemental appeal brief time stamped September 21, 1999, for late filing. The late filing was due to the institutions delay in processing mail. Briefs are deemed filed on the date of mailing and Klein's brief then was in institutional hands prior to the filing date. (Affidavit attached).

6) At this time Klein presents eight assignments of error in a new brief. Two of which reassert prior issues only now with supporting evidence and corrected argument and constitutional violations.

### STATEMENT OF ASSIGNMENTS OF ERROR

#### NOT PREVIOUSLY RAISED OR CONSIDERED ON AN INCOMPLETE RECORD

First, appellate counsel in his first assignment of error raised two discovery issues, but there are three discovery issues. Counsel mis-argued this assignment of error. It was confusing and the court misunderstood and held, "...Klein speculates that there must have also been agreements with respect to the charges brought against Richmond and the terms of her pretrial bond, the record does not demonstrate the existence of such agreements." See (courts opinion Dec. 3, 1999, page 5). Here, counsel failed to cite evidence in support. This is not speculation and the record does support the existence of a



non-disclosed plea agreement. Prosecutors confirmed the pretrial agreement (T.p. 767, 2-9), the court recognized there was a non-disclosed deal (T.p. 794, 18-20), and Anita Berding, counsel for defense, filed a sworn statement as to the terms of the agreement. (T.p. 752, 753, 773, 774), and it was, in fact, discovered after trial and the evidence was placed on record. Here, the issue is that the defense was not given the information prior to trial.

The significance is that the defense was precluded from further investigation, preparing trial **strategy**, and to prevent the defense from being "ambushed" during trial, enabling counsel to proceed with an informed line of questioning on the issue since Richmond denied any agreement on record. Plea agreements are exculpatory and discoverable when it effects the credibility of a co-defendant who is attempting to divert blame and curry favor to receive a favorable sentence. At the time of Klein's trial Richmond was awaiting sentencing. Trial counsel failed to inquire into even the possibility of a plea bargain during trial. The state's question to Richmond disclosed nothing of the plea agreement and was merely a statement of one of the court's functions "to impose sentence." Prosecutor asked, "I believe you were told that Judge Neihause at some point in time would make a sentence on you, and that we were going to let him determine the appropriate sentence; is that correct?" (T.p. 378, 9-20). This does not say, "We are going to stand silent and not seek a prison term." This is merely saying that it is the judge who is going to sentence you which is what the jury heard. More importantly, it's what Richmond believed the deal to be and what she believed the benefits were in terms of a favorable sentence. State v. Simms (1983), 9 Ohio App.3d 302, 459 N.E.2d 1316, syllabus.

Then the trial court further erred in not bringing Richmond back from the adult penitentiary for inquiry into her understanding of the plea bargaining arrangement (T.p. 772, 783, 794) and when it stated that Richmond stated on record "what she believed the plea bargain to be " (T.p. 794, 796) because the

-3-



trial record is devoid of any such testimony. The state expected here cooperation for something (T.p. 13, 9-21) and Richmond knew of the potential of probation if the courts were pleased with her trial testimony. (T.p. 11, 7-11; 13, 13-17), so, the record does demonstrate the existence of non-disclosed pre-trial pre-sentence agreement in exchange for testimony from Richmond. Prosecutors confirmed the deal (T.p. 767, 2-9), and the court recognized it (T.p. 794, 18-20).

Then trial counsel failed to secure Richmond's return from the penitentiary for inquiry into her understanding of the plea agreement which is the most probative part of the evidence. (<u>Simms, syllabus</u>). Trial counsel and appellate counsel failed to demonstrate the prejudicial effect of the non-disclosure of the plea agreement and the effect that it had no Richmond's credibility and on the inference of Klein's innocence. Richmond had a motive to fabricate testimony to divert blame and evade responsibility for causing the injury because she had previously confessed to police on tape as being solely responsible then took them to the apartment and continually demonstrated to them, (1) how <u>she</u> filled the tub with water (T.p. 485), (2) how <u>she</u> placed Matthew in the tub (T.p. 523, 5-6), (3) how <u>she</u> took him out of the tub rubbed Noxima on him and wrapped him in sheets. (T.p. 513, 1-25). The record does not demonstrate that Klein was involved with any of this, Richmond maintains sole responsibility. See (opinion Dec. 3, 1999, page 3), so, <u>they</u> did not rub Noxema on him Richmond is solely responsible as she confessed. The state is relying on a non-existent fact that Richmond had just learned of the seriousness of her sons injuries which caused her to recant her confessions. See (opinion Dec. 3, 1999, page 7, paragraph 2). Counsel failed to cite and argue that Richmond knew the seriousness of her sons injuries long before she recanted her confessions, and in fact, before she made those confessions. (T.p. 377, 393, 394). Richmond knew the extent of her confessions and the probability of being charged for inflicting the injury and she was faced with being sent to prison with an option of possible probation based on her trial

-4-


F-27

testimony. She was diverting blame  and currying favor to receive a favorable sentence. So, this plea agreement has a significant effect on her credibility as well as on the inference of Klein's innocence. It is not a sound strategical option for trial counsel to omit evidence of this probative value. Trial counsel was ineffective in not investigating into plea bargaining arrangements prior to trial and in not raising the issue at trial and appellate counsel was ineffective in not raising the issue correctly on appeal citing the supporting evidence.

(2) Next, appellate counsel confused  the discovery issue on cause of death so badly that the court of appeals thought it was Klein's position that, "The delay in seeking medical treatment did not contribute to Matthew's death." (opinion Dec. 3, 1999, page 6), and that the state had evidence to this affect. It was believed by defense, prior to trial, that the delay had nothing to do with the death and doctors, during defense investigation, did not offer information on cause of death. Prior to trial prosecution knew the cause of death was, in fact, Richmond's delay in seeking treatment and Doctor Warden's testimony was evidence of that; pulmonary edima caused the death and the delay caused the pulmonary edima. (T.p. 577; 578; 582; 583; 584). Matthew would have lived had he received immediate treatment. (T.p. 575; 579). Richmond established that she was in full authority over her son and whether or not to seek immediate medical treatment at that time (T.p. 427; 549, 14-20; 594; 595), and she knew at that time the seriousness of her sons injuries. (T.p. 377, 393, 394).

The most important issue here is that the state withheld from the defense what ultimately caused the death. Defense, had it been known, would been prepared to pursue different trial strategies and would not have stipulated cause of death. (T.p. 555, 24-25; 556, 1-4). The record could have been fully developed, pretrial hearings sought, motions to elect and dismiss certain charges would have been pursued, etc... The state cloaked the evidence when it misrepresented at Richmond's plea hearing that the delay had nothing to do with the



F-28

death. (T.p. 15, 18-23). This was a trial by ambush.

(3) Then appellate counsel failed to raise the issue of the highly inflammatory and inadmissible testimony of expert witness Doctor Glenn Warden. The state did not supply a pre-trial expert witness report as required by rule and it is a discovery issue which should have been reviewed on appeal. Warden testified that Matthew had to have been "held" in this tub of water and that there was no other way the injury could have occurred. Not only was this testimony highly inflammatory and speculative it was not supported by any facts or evidence presented at trial or by Warden it was inadmissible under App.R. 403; 702(A); 702(C), and 705. Shumaker v. Oliver B. Cannon (1986), 28 Ohio St.3d 367, 369-70, 504 N.E.2d 44, 46-47.

(4) Klein's second assignment of error, appellate counsel failed to raise on appeal, is that the trial court erred when the state presented false misleading evidence through police testimony which prejudicially effected the defense in violation of due process.

Officer Heinlein testified that he received a call from the hospital and learned that the injuries were an immersion burn and not a splash then confronted Richmond with this information and then she decided to tell the truth (T.p. 525). Then Heinlein testified that they never received any calls from the hospital and the issue of immersion had never even occurred to any of them that evening. (T.p. 539). Heinlein sought to mislead the jury into believing that Richmond did not know the seriousness of her sons injuries and when she learned of this then recanted her confessions, and that Richmond's confessions, in his opinion, were lies and the truthful statements were the ones implicating Klein. The opinion is prejudicial and inadmissible. Richmond knew the seriousness of her sons injuries prior to any confessions. (T.p. 377, 393, 394), and there was never any call from the hospital.

Heinlein testified that Richmond said that Klein said that he caused the

-6-



injuries by spraying and these were in Richmond's taped statements. (T.p. 543, 16-25; 544, 1-25), but also testified that Richmond had never said anything about the injury being caused by spraying. (T.P. 539, 10-14). Not only is the testimony misleading it is inadmissible double hearsay. Then the prosecutor re-solicits the untruthful inadmissible testimony during re-direct examination (T.p. 550, 17-25; 551) which compounded its prejudicial effect. Richmond's tapes are devoid of any such statements and the police and prosecutors knew it.

Richmond never said that the injury was caused by spraying. (T.p. 51, 6-10). Even if Richmond did say this the detectives knew that this was a lie. (T.p. 543; 544; 555). Police opinion like expert witness testimony of veracity of another witnesses is highly prejudicial and inadmissible. <u>State v. Boston</u> (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220, and "not proper function of the witness." <u>State v. Flaherty</u> (1992), 78 Ohio App.3d 718, 725-26, 605 N.E.2d 1295 N.E.2d 1295-1300. This was all fabrication by police which is reversible error. <u>Mooney v. Holohan</u> (1935), 294 U.S. 103, 55 S.Ct. 340; <u>State v. Staten</u> (1984), 14 Ohio App.3d 78, 470 N.E.2d 249, syllabus. This denied Klein a fair trial which is a violation of due process and reversible error if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. <u>United States v. Butler</u> (C,A, 9, 1978), 567 F.2d 885.

(5) In Klein's third new assignment of error he presents that the trial court erred when the state presented Klein's alleged confessions at trial in violation of Fourth, Fifth, and Fourteenth Amendment rights.

Klein formally object to admission of these alleged statements in a pre--trial hearing to suppress. Trial counsel failed to protect Klein's rights by challenging this at trial. <u>Crain v. Kentucky</u> (1986), 476 U.S. 683, 106 S.Ct. 2142. The United States Supreme Court held that a defendant has a right at trial to challenge the credibility of such alleged statements. Appellate counsel failed to raise the objection on appeal. This is most probative since the state is

-7-



relying on these alleged statements which were neither factually consistent with the nature of the injury (the injury was an immersion burn not a splash), nor, did the totality of the circumstances corroborate that any statements were voluntarily made because Klein had refused to make taped statements (T.p. 50, 14-20), refused to make written statements (T.p. 61, 24-25), and refused to sign detectives notes (T.p. 497, 20-25; 489, 1-10). The totality of the circumstances (Klein's refusals) demonstrate his desire not to talk without counsel present and the state having the burden of proof failed to establish the existence of any such inculpatory statements. Both Counsels' failures to raise this issue during trial and on appeal denied Klein a single opportunity to establish evidence of record and receive an accurate jury verdict on this evidence as well as an accurate appellate court's opinion.

(6) Klein's fourth new assignment of error which was not raised by appellate counsel. The trial court erred when the state presented highly inflammatory, inadmissible, prejudicial, opinion testimony of police in violation of Klein's due process rights.

Here, Police continually inserted into the trial their opinion of veracity of Richmond's testimony which is highly prejudicial, inflammatory, and inadmissible. "Expression of belief by police that accused is guilty is not admissible evidence. <u>State v. Flaherty</u> (1992), 78 Ohio App.3d 718, 725-26, 605 N.E.2d 1295 N.E.2d 1295-1300. Like expert witness testimony, opinion testimony of a witness's veracity is inadmissible, prejudicial, and not proper function of the witness; the jury is not to hear police opinion of veracity. <u>State v. Boston</u> (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220. The prosecution took full advantage of soliciting opinion testimony from police in leading questions. (T.p. 470, 14-25; 503, 12-25; 504, 1-12; 505, 1-5; 525, 5-25; 526, 5-8).

Then trial counsels questioning helped the prosecution prove their case by eliciting the same response from Richmond that she "lied" in her confessions and


told the truth in her statements implicating Klein which is not considered sound trial strategy. (T.P. 408; 409; 410; 425; 426; 427; 430). <u>state v. Yarber</u> (1995), 102 Ohio App.3d 185-189, 656 N.E.2d 1322. Then trial counsels cross-examination of police once again elicited the prejudicial testimony. (T.p. 491 through 494; 543; 544; 545; 549). The jury was invited to conclude that Richmond lied in her confessions and told the truth in her statements implicating Klein. Klein's due process and effective assistance of counsel rights here were violated.

(7) Klein's fifth assignment of error. The trial court erred when the state failed to prove the essential element of reckless in the charges of endangering children and knowingly in felonious assault in violation of Klein's due process rights. <u>In re Winship</u> (1970), 397 U.S. 358-364; <u>State v. Jenks</u> (1991), 61 Ohio St.3d 259-263, 574 N.E.2d 492-496. <u>State v. McGhee</u> (1997), 79 Ohio St.3d 192, 680 N.E.2d 975.

(8) In Klein's sixth assignment of error. The trial court erred when the state presented highly inflammatory, inadmissible hearsay testimony in violation of due process rights.

Appellate counsel failed to cite the prejudicial hearsay correctly and enter appropriate argument concerning what occurred during trial. The court of appeals was left to guess what hearsay counsel was referring to.

(9) In Klein's seventh assignment of error. The trial court erred when it sentenced Klein to the maximum term of incarceration for four offences arising from a single incident and consecutive sentences which exceed the maximum prison term allowed by division (A) for the most serious offense R.C. 2953.08(C), and R.C. 2053.08(A)(1)(b).

(10) In Klein's eighth assignment of error. Trial counsel was ineffective by his failure make objections, failure to challenge prejudicial inadmissible evidence, failure to investigate, failure to cross-examine witnesses properly,



Counsel failed to: (1) investigate Richmond's plea agreement to make an informed cross-examination into it, and to bring out her motives to fabricate testimony, (2) failed to cross-examine her on the plea agreement. (3) failed to investigate what caused the death. (4) failed to object or challenge Doctor Warden's theory on "holding." (T.p. 574; 585; 586; 587; 588), no evidence was offered. Shumaker v. Oliver Cannon 28 Ohio St.3d 367, 369-370. This allowed the jury to hear highly inflammatory inadmissible evidence. (5) failed to seek a pretrial expert witness report to prevent this evidence from being presented to the jury. (6) failed to elaborate in any way, to determine credibility, or make inquiry into the reasons the two detectives so blatantly lied while under oath, and (7) why the prosecution was permitted to re-solicit the untruthful testimony, (8) then failed to object to leading questions by prosecutor (T.P. 390, 7-25; 391, 8-11) and his cross-examination of Richmond and detectives re-solicited the same response that she lied in her confessions and told the truth in the ones implicating Klein which is not sound trial strategy. (T.p. 408; 409; 410; 425; 426; 427; 430). (9) failed to challenge these alleged confessions in regards to Fourth and Fifth Amendment violations as well as for factual voluntariness, reliability, and credibility. (10) failed to object to inadmissible opinion testimony of police and to prosecutions leading questions soliciting the opinion testimony of veracity of Richmond's testimony and Klein's guilt. (T.p. 470, 14-25; 503, 12-25; 504, 1-12; 505, 1-5; 525, 5-25; 526, 5-8). His cross-examination re-solicits the inadmissible response. (T.p. 491, 4-18; 492, 11-15; 493, 11-15; 494, 21-25; 543, 3-25; 544; 545; 549). (11) failed to object to the hearsay testimony from police and to alleged apology letters and even placed on record that he never even investigated them. (T.p. 402; 403, at 4-6), (12) counsel failed to object to other hearsay and opinion testimony from police which bolstered Richmond's denial of responsibility for inflicting the injury, and her statements incriminating Klein. (13) he did no investigation and made no challenges at the sentencing phase in regards to the maximum consecutive sentences totaling 31 years.

For the foregoing reasons Klein respectfully requests to reopen his appeal.

Respectfully submitted,

RICNARD J. KLEIN (350022)
Defendant/Appellant pro se
LE.C.I. P.O. Box 56
Lebanon, Ohio 45036

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document has been served upon all interested parties in this action by Certified U.S. Mail on this _CO_ day of _December_ , 2000.

RICHARD J. KLEIN (350022)


Sworn and subscribed in my presence this _16th_ day of December, 2000

Richard J. Klein 350022

Notary Public


**BILLY DEE BAILEY**
Notary Public, State of Ohio
My Commission Expires Mar. 27, 2005