## DIVISION OF POLICE

Department of Safety

City of Cincinnati

# NOTIFICATION OF RIGHTS

Place 3229 Burnet Ave

Date 1/2/97

Time 1447 hrs

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Witness  Harry C. Fast

Witness  P.O. Vandenberg

SIGNED x Sharon Richmond

Time 2:45 p.m. 1453 hrs

## WAIVER (LINE UP)

I understand that I am entitled to the presence and aid of legal counsel during all of the critical stages of my prosecution. I further understand that the police line up for identification purposes is a critical stage of my prosecution. I understand and acknowledge that I am entitled to the presence and aid of legal counsel during a police line up for identification purposes and I hereby waive my right to have the presence and aid of legal counsel during said police line up.

Witness _____

SIGNED _____

tness _____

Time _____

P. EXHIBIT G

Form 500 Rev. 9/68 @01N

## DIVISION OF POLICE

Department of Safety

City of Cincinnati

# NOTIFICATION OF RIGHTS

Place  _824 Broadway St._

Date  _1/2/87_

Time  _1915_

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights.  _Yes_

You have the right to remain silent.  _Yes_

Anything you say can be used against you in court.  _Yes_

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you  _Yes_ during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.  _Yes._

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.  _Yes._

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Witness  _R. J. Heinlein  297_

Witness  _P. A. Gardesley  378_

SIGNED  _X Sharon G. Richmond_

Time  _____

## WAIVER (LINE UP)

I understand that I am entitled to the presence and aid of legal counsel during all of the critical stages of my prosecution. I further understand that the police line up for identification purposes is a critical stage of my prosecution. I understand and acknowledge that I am entitled to the presence and aid of legal counsel during a police line up for identification purposes and I hereby waive my right to have the presence and aid of legal counsel during said police line up.

Witness  _____

SIGNED  _____

...tness  _____

Time  _____

Form 600 Rev. 9/68 01JN

## DIVISION OF POLICE

Department of Safety                                          City of Cincinnati

# NOTIFICATION OF RIGHTS

Place _824 Broadway St._                    Date _1/2/97_

                                            Time _2127_

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights.   _Yes_

You have the right to remain silent.   _Yes_

Anything you say can be used against you in court.   _Yes_

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you _Yes_
during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.   _Yes._

If you decide to answer questions now without a lawyer present, you will still have the right to stop an-
swering at any time. You also have the right to stop answering at any time until you talk to a lawyer.   _Yes._

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a state-
ment and answer questions. I do not want a lawyer at this time. I understand and know what I am doing.
No promises or threats have been made to me and no pressure or coercion of any kind has been used
against me.

Witness _R.J. Heinlein 297_                 SIGNED _×Sharon D. Richmond_

Witness _P.O.A. Tenderley 378_              Time _____

## WAIVER (LINE UP)

I understand that I am entitled to the presence and aid of legal counsel during all of the critical stages of
my prosecution. I further understand that the police line up for identification purposes is a critical stage
of my prosecution. I understand and acknowledge that I am entitled to the presence and aid of legal
counsel during a police line up for identification purposes and I hereby waive my right to have the pres-
ence and aid of legal counsel during said police line up.

Witness _____                     SIGNED _____

Witness _____                     Time _____

Form 600 Rev. 2 5a 90 IN

| Table 1.—Age Distribution of Inpatient Tap Water Scald Burns (N=33) | | | | |
|---|---|---|---|---|
| Age Range | Range | Mean | SD | Median |
| Infants, mo (n=7) | 8-12 | 11.1 | 1.46 | 12 |
| "Toddlers," mo (n=10) | 14-36 | 20.8 | 7.14 | 18 |
| Children, yr (n=3) | 6-12 | 8.33 | 3.21 | 7 |
| Adults, yr (n=10) | 18-63 | 39.9 | 14.9 | 38.5 |
| "Elderly," yr (n=3) | 74-84 | 79.3 | 5.03 | 80 |



Temperature

Duration of exposure to hot water to cause full-thickness epidermal burns of adult various water temperatures (adapted from Mortiz and Henriques ).

P. EXHIBIT H

To the Police Chief of Cincinnati, Ohio, Greetings: Whereas there has been filed with me an affidavit, a copy of which is attached hereto and incorporated herein, these are therefore, to command you in the name of the State of Ohio with the necessary and proper assistance, to enter, in the day time, into the :

2869 St. Catherine Place, 1st floor apartment, of a three family building.  The residence is further described as a 2 story grey frame building.  The 1st floor apartment is on the left as you face the building and has a red front and storm door.

in the county aforesaid, and there diligently search for the contraband to wit;
Any and all clothing that Matthew Richmond might have on his person before the injuries where received and all clothing, sheets and blankets that he might have been wrapped in after he was taken from the bathroom.  Any medications that the child may have been treated with.

and that you bring said items and any person(s) found to be in control of or possession of such items forthwith before me, or some other judge or magistrate of the county having cognizance thereof, to be disposed of and dealt with according to law.

Given under my hand this 3rd day of .

_Janu 1997_ 1996, at 2135 pm o'clock.

_____
Judge, Hamilton County Municipal Court
==============================================================
RETURN ON SEARCH WARRANT

On the 3rd day of January ,1997 ,at 1555 o'clock.
I executed the search warrant attached hereto, and removed from

said premises in the presence of: Sharon Richmond.

property of which the following is an inventory:

_____
_____
_____

_____ SEE ATTACHED SHEET(S)
_____
I hereby certify that copies of the search warrant and inventory were: (delivered to/left at) _____ .

Sworn to, subscribed before me, and filed in

this court this 7th day of Janu , 1996 97

by _____
Judge, Hamilton County Municipal Court          P. EXHIBIT I

INVENTORY SHEET

I-2

Inventory of Search Warrant at 2869 St. Cathrine Place, on 102

1/3/97 , by officer Det. Harry Frisby / D. Lowdenberg

| ITEM # | LOCATION | EVIDENCE | FOUND BY OFFICER |
|---|---|---|---|
| 1 | Living Room Couch | 2 Sheets - White Blk Red<br>1 Sheet - Yellow w/ Stripes | Frisby / Lawson |
| 2 | Living Room Couch | 2 Wash cloths | Frisby / Lawson |
| 3 | Living Room Couch | 1 Pillow Case | Frisby / Lawson |
| 4 | Livingroom Bed | 1 Solid White Sheet | Frisby / Lawson |
| 5 | Bathroom | 1 - Pair Briefs | Frisby / Lawson |
| 6 | Bathroom | 1 - Pillow Case | Frisby / Lawson |
| 7 | Livingroom Entertainment Center | 1 - Box Rokems | Frisby / Hound |
| 8 | Livingroom Entertainment Center In front on Floor | 1 - Pair Briefs | Frisby / Lawson |
| 9 | Kitchen | 3x5 Card w/ writing | Frisby / Lawson |

JAMES CISSELL
CLERK OF COURTS
CRIMINAL / TRAFFIC

To the Police Chief of Cincinnati, Ohio , _____, Greetings: Whereas there has been filed with me an affidavit, a copy of which is attached hereto and incorporated herein, these are, therefore, to command you in the name of the State of Ohio, with the necessary and proper assistance, to enter, in the ____ day ____ time, into the ____ 1997 JAN 14 A 10:

2869 St. Catherine Pl, 1st floor apartment, of a three family builing. The residence

is further described as a 2 story grey frame building. The first floor apartment is on

the left as you face the building and has a red front and storm door. The numbers

2869 appear on the outside of the building to the right of the front porch staircase. .

in the county aforesaid, and there diligently search for the goods, chattels, or articles to wit:

A hose connected to the water faucet in the bathtub, approximately 1/2" in diameter

and approximately 5 foot in length, which was used to rinse Mathew Richmond off and fill

the bathtub. Also to test the water temperature from the faucet through the above describe

hose and that you bring the same, or any part thereof, found on such search, _____

forthwith before me, or some other judge or magistrate of the county having cognizance thereof, to be disposed of and dealt with according to law.

Given under my hand this _8th_ day of _January_ ,19 _97_ , at _10. 10 A_ o'clock

_[signature]_
Judge, Hamilton County Municipal Court

---

### RETURN ON SEARCH WARRANT

On the _8TH_ day of _JANUARY_ ,19 _97_ , at _1245_ o'clock _P_ M., I execute the search warrant attached hereto, and removed from said premises in the presence of _OFFICERS HEINLEIN & LANDESBERG_ _____, property of which the following is an inventory:

½" DIAMETER PLASTIC HOSE, 4'9" IN LENGTH - TAKEN FROM BATHTUB.

4 (4"X6") INDEX CARDS WITH NOTES WRITTEN BY RICHARD KLEIN - TAKEN FROM KITCHEN

1 LETTER SIZE WHITE ENVELOPE WITH NOTE WRITTEN BY RICHARD KLEIN - TAKEN FROM KITCHEN

SEE ATTACHED INVENTORY SHEET

---

I hereby certify that copies of the search warrant and inventory were (delivered to/left a

Sworn to, subscribed before me, and filed in this ___ this _Jan 14, 1997 AT 9:40AM_

By _[signature]_     _[signature]_
Judge, Hamilton County Municipal Court

I-4

INVENTORY SHEET

104

Inventory of Search Warrant at _2869 St. Catherine Pl._

_1-8-97_ , by officer _Landesberg & Heinlein_

JAMES CISSELL
CLERK OF COURTS
CRIMINAL TRAFFIC DIV
COUNTY OH

1997 JAN 14  A 10 04

| ITEM # | LOCATION | EVIDENCE | FOUND BY OFFICER |
|---|---|---|---|
| 1 | KITCHEN TRASH CAN | 4"x6" INDEX CARD w/ UNFINISHED NOTE WRITTEN BY RICHARD KLEIN | HEINLEIN |
| 1 | KITCHEN TABLE | 4"x6" INDEX CARDS w/ HCJC PHONE NOS. + SHARON'S BASE ??? | HEINLEIN |
| 2 | KITCHEN TRASH CAN | 4"x6" INDEX CARDS w/ "ATTENTION CONCERN FOR ENTRY DENIED" BY R. KLEIN | HEINLEIN |
| 1 | KITCHEN TRASH | LETTER SIZE ENVELOPE TO SHARON FROM RICHARD KLEIN | HEINLEIN |
| 1 | BATHROOM | 1/2" DIAMETER PLASTIC HOSE 4'9" IN LENGTH | HEINLEIN. |

Sharon
I spoke with Vanny
I still love you & will [illegible]
you for the rest of my life,
which won't be very much longer.
The Police [illegible] you as long as
& you believe them. I know you [illegible]
won't. They are sick.

1/8/97- 297  Kitchen - Trash

*[Handwritten top notes:]*

GLEANNER SCOTT KLEIN
772-5-3662
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
2869 ST. CATHERINE PL.
Department of Safety 1ST FLOOR
45211
#___2-4341

11 762 CONSTRUCTION CO.
3610 WITHROW R.
HAMILTON, OHIO 45011
351-2894
726-4006

6-8 mours
WORK

12 YRS COMPLETED
SCHULER OAKS
2 YRS. COLLEGE 106
OHIO UNIVERSITY
AS-DEGREE
City of Cincinnati
BUSINESS ADMIN.

## DIVISION OF POLICE

## NOTIFICATION OF RIGHTS

#7

Place __824 Broadway St.__
P.C.U.

,R&W.

Date __1/2/91__

Time __11:53 PM__

L/24 hours - BEER
BUD LITE - 5-12oz CANS
8:00 PM -
L/one when POLICE ARRIVED
2315 hr.
NO DRUGS
NO MEDICATION.

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights. YES,

You have the right to remain silent. YES.

Anything you say can be used against you in court. YES.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning. YES.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. YES.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer. YES

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Witness _Robert Heinlein_

Witness _P.O. A. Fandellay 378_

SIGNED _[signature]_

Time __11:57 PM.__

## WAIVER (LINE UP)

I understand that I am entitled to the presence and aid of legal counsel during all of the critical stages of my prosecution. I further understand that the police line up for identification purposes is a critical stage of my prosecution. I understand and acknowledge that I am entitled to the presence and aid of legal counsel during a police line up for identification purposes and I hereby waive my right to have the presence and aid of legal counsel during said police line up.

Witness _____

Witness _____

SIGNED _____

Time _____

**P. EXHIBIT J**

Form 600 Rev. 9/68 00JN

K-1

1-2-97

2350 HRS.

107

RICHARD KLEIN

ASSOC. IN BUSINESS ADMIN. FROM OHIO U.

AH

RIGHTS ADVISED

↳ MR. KLEIN STATED HE IS WILLING TO TALK.

↳ TOOK MATT TO BATHROOM TO WASH POOP OFF.

↳ STARTED OUT W/ COLD WATER MIXTURE OF WATER

↳ I SPRAYED HIM DOWN WITH WHAT I THOUGHT WAS
   COLD MIXTURE OF WATER

↳ HIS SKIN STARTED PEELING OFF.

↳ I DIDN'T KNOW

↳ HAPPENED LAST NIGHT — DON'T KNOW WHAT TIME.
   ↳ 11 OR 12 O'CLOCK MAYBE 1 OR 2 AM.

↳ I WANTED IT TO BE AN UNCOMFORTABLE BATH.

↳ NO IDEA I WAS SQUIRTING HIM W/ HOT WATER

↳ NEXT THING I KNEW HIS SKIN WAS RED.

↳ DISCIPLINE.

↳ MAKE MATT SIT ON THE CHAIR.

↳ MAKE MATT GO TO BED

↳ MAKE MATT TAKE COLD BATH. TO TEACH HIM

↳ GIVEN MATT 2 OR 3 BATHS.

↳ MATT & STACEY W/ RICK 2-3 WKS.

↳ DON'T WANT MATT TO BE HURT.

↳ TOOK MATT OUT → STARTED DRYING HIM OFF

↳ REALIZED MATT WAS BURNED.

↳ LOOKED LIKE SUN BURN.

↳ TREATED LIKE SUN BURN W/ STUFF IN BLUE JAR + SOL

↳ WRAPPED MATT IN SHEET + PUT HIM TO BED.

P. EXHIBIT K

K-2

108

↳ MATT WOULD SAY "YUMMY" + SHARON GOT UP TO ~~SAY~~
SONG TO MATT ( 3 OR 4 TIMES DURING NIGHT).

↳ WOKE UP AROUND 0630.

↳ MATT LOOKED ALRIGHT WHEN I LEFT FOR WORK.

↳ CAR BROKE DOWN ON WAY TO WORK.

↳ ~~BACK~~ GOT "JUMP" MADE IT BACK HOME.

↳ MATT LOOKING REAL BAD — NO COLOR. VERY COLD.

↳ GOT IN TRBL W/ BOSS.

↳ ~~FILE~~ RICK IS FOREMAN.

↳ LATE FOR WORK.

↳ I KNOW MATT NEEDED HOSP. CARE QUICK.

↳ WENT BACK TO WORK W/ BROTHER.

↳ ON WAY BACK TO LEBANON GOT CALL FROM
SHARON.

↳

xx ↳ DISCIPLINE BATH & WATER COLD.

↳ ~~PEE~~ MATT POOPED PANTS 2x LAST NIGHT.

↳ SHARON DID LAUNDRY — HAD SHARON LAUNDER MATTS
UNDERWEAR.

↳ EVERY TIME MATT GOT DISCIPLINE BATH — COLD WATER
WAS MIXED W/ HOT WATER.

↳

↳ HAD ONE WENT COLDER AT HOME.

↳ SHARON + MATT HOME.

↳ 1ST BATH AROUND 3 OR 4 O'CLOCK

↳ .

# IN THE SUPREME COURT OF OHIO

RICHARD J. KLEIN,                    :           **00-2105**

     APPELLANT,                     :           On Appeal from the

                      :           Warren County Court of

     v.                            :           Appeals, Twelfth Appellate

                      :           District

STATE OF OHIO;                       :

HARRY K. RUSSEL (Warden),            :           Court of Appeals

Lebanon Correctional Institution:    :           Case No. 2000-08-069

     Appellees.                    :

---

## NOTICE OF APPEAL OF APPELLANT RICHARD J. KLEIN

---

Richard J. Klein (350-022)
L.C.I. P.O. Box 56
Lebanon, Ohio 45036

APPELLANT/PRO SE

Betty D. Montgomery (0007102)
Ohio Attorney General,
Dian Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street - 14th Floor
Columbus, Ohio 43215

FILED

NOV 20 2000

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

COUNSEL FOR APPELLEES,
HARRY K. RUSSEL (WARDEN)
LEBANON CORRECTIONAL INSTITUTION

P. EXHIBIT L

## NOTICE OF APPEAL OF APPELLANT RICHARD J. KLEIN

Appellant Richard J. Klein (350022), hereby gives notice of appeal to the Supreme Court of Ohio from the judgment, on an original action of Habeas Corpus, from the Warren County Court of Appeals, Twelfth Appellate District of Ohio, entered in the Court of Appeals Case No. 2000-08-069, on October 6, 2000.

This case is an appeal of right. (ii) This case is originated in the court of appeals, original action Habeas Corpus; (iii) the case raises a substantial constitutional question; (iv) the case involves a felony; (v) the case is one of public or great general interest.

Respectfully submitted,

RICHARD J. KLEIN (350-022)
L.E.C.I. P.O. Box 56
Lebanon, Ohio 45036

APPELLANT/PRO SE

## PROOF OF SERVICE

I certify that a true and accurate copy of the foregoing document has been served by Certified U.S. mail to counsel for appellees, Harry K. Russel, Betty D. Montgomery, Dian Mallory, Corrections Litigation Section, 140 East Town Street - 14th Floor, Columbus, Ohio 43215 on November 5, 2000.

Richard J. Klein
APPELLANT/PRO SE

# The Supreme Court of Ohio

30 EAST BROAD STREET, COLUMBUS, OHIO 43215-3414

THOMAS J. MOYER, CHIEF JUSTICE
ANDREW DOUGLAS
ALICE ROBIE RESNICK
FRANCIS E. SWEENEY
PAUL E. PFEIFER
DEBORAH L. COOK
EVELYN LUNDBERG STRATTON

MARCIA J. MENGEL
CLERK

(614) 466-3931
(614) 466-5201

December 28, 2000

Richard J. Klein #350-022
Lebanon Correctional Institution
P. O. Box 56
Lebanon, OH 45036

Re: State of Ohio ex rel. Richard J. Klein v. Harry K. Russell, Warden
Case No. 00-2105

Dear Mr. Klein:

In response to your recent letter, please be advised that your appellant's merit brief in the above-referenced case must be received in our office by January 16, 2001. [If you are concerned that you will be unable to meet the deadline, please see the provisions for filing for an extension of time as set out in Rule XIV, Section 3(B), of the Rules of Practice of the Supreme Court of Ohio.]

Because you have filed an affidavit of indigency, you are required to send us only as many copies of the merit brief as you can afford.

Please feel free to contact our office if you have further questions.

Sincerely,

JoElla
JoElla
Deputy Clerk

**P. EXHIBIT M**

# IN THE SUPREME COURT OF OHIO

STATE ex rel. Richard Klein
     Appellant,

    V.                                  Case No. 00-2105

Harry Russell,
     Appellee.

---

Appellant's Motion To Overrule
Appellee's Motion to Strike Brief

---

Richard J. Klein 350022
L.E.C.I. P.O. Box 56
Lebanon, Ohio 45036

APPELLant, Pro Se

Betty D. MontGomery (0007102)
Ohio Attorney General
Dian Mallory (0014867)
Assistant Attorney General.
Corrections Litigation Section
140 East Town St. 14th Floor
Columbus, Ohio 43215

COUNSEl FOR APPELLEE

FILED

FEB 0 1 2001

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

P. EXHIBIT N

On January 28, 2001, (Friday) Appellant was served with a Motion to Strike Appellant's brief for failure to provide service of the Merit Brief.

Appellant was unaware that appellee's counsel did not receive service of the brief. On January 2, 2001, appellant was placed in Local Control (isolation) pending an investigation. All personal property was removed from Appellant's possession including the Merit Brief. The brief had been misplaced and the institution was unable to recover the brief until Saturday January 13, 2001. Appellant was unable to obtain any copies because that Monday January 15, 2001, was a holiday and Tuesday January 16, 2001, was the deadline. Arrangements were made to have Appellant's father, Richard Klein Sr. pick up the Merit Brief from the institution on Tuesday January 16, 2001, and file it at the Clerk's office that day. With the Merit Brief was a letter to the Clerk explaining the situation and requesting that a copy "please be made"

①

and for that copy to be forwarded to the Appellee's counsel, or to have appellant's counsel (Father, Richard Klein Sr.) take the copy and personally deliver it to Appellee's Counsel. Richard Klein Sr (Father) was present at the Clerk's office and available to present this copy to appellee's counsel if the Clerk would not forward the copy.

Until January 28, 2001, Appellant fully believed that either the Clerk or his father made service of the brief. The letter to the clerk explaining Appellant's extraordinary circumstances should have been sufficient to cause service of the Merit Brief on Appellee's counsel.

Appellant, at this time, is not in a position where he is able to make timely filings, obtain copies, nor, draft appropriate documents, for filing, or serve these documents on appellee's counsel due to these extraordinary circumstances (Local Control, isolation)

Appellant hereby respectfully requests that copies and service of Merit Brief, and any future filings, be made in his behalf

because Appellant is proceeding pro se, without Counsel, is indigent and incarcerated, is in Local Control (isolation), is without appropriate materials for drafting legal documents, because this is an (appeal of right and needs to be reviewed on its merits and not dismissed on (inadvertant procedural miscalculations) In the interests of justice, appellant respectfully requests an order overruling Appellee's Motion to Strike Merit Brief and to have Appellant's documents and filings Copied and served in his behalf because his present Circumstances do not allow him to do so personally. Appellant further requests Pursuant to S. Ct. Rule XIV 2(D)(2) that new deadlines be imposed for Appellees since a copy was not forwarded to that office as requested by Appellant.

Respectfully submitted

Richard J. Klein 35022
LECI P.O. Box 56
Lebanon, Ohio 45036
APPELLANT, Pro, Se.

③

## Proof of Service

I hereby certify that a true copy of the forgoing document has been served on all parties in this action by certified mail, and through the clerk of Courts on this 27, day of January, 2001.

Richard G Klein  350022
LECI. P.O. Box 56
Lebanon, Ohio 45036

Appellant, Pro se.

O-1

In The Supreme Court of Ohio

State ex rel. Richard J. Klein :
    Appellant, :

      v. : Case No. 00-2105

Harry K. Russell (Warden) :
    Appellee. :

## Appellant's Motion for delayed Reconsideration

Richard J. Klein (350022)
S.O.C.F. P.O. Box 45699
Lucasville Ohio 45699

Appellant/pro se

RECEIVED

MAY 04 2001

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Betty D. Montgomery (0007102)
Ohio Attorney General
Diane Mallory (0014867)
Assistant Attorney General
140 East Town St.
Columbus, Ohio 43215

Counsel for Appellee

P. EXHIBIT O

In The Supreme Court of Ohio

State ex rel. Richard J. Klein    :
    Appellant,    :
        :
    V,    :    Case No. 00-2105
        :
Harry K. Russell (Warden)    :
    Appellee.    :

### Appellant's Motion For Delayed Reconsideration

    Richard J. Klein, Appellant hereby respectfully requests leave for delayed reconsideration, pursuant to Supreme Court Rule XI, Section 2(A)(2). The cause for the delay is that the evidence in support of reconsideration was unavailable at the time of the sua sponte dismissal of this and has just reciently become available. The facts and evidence are fully set forth in memorandum.

    Appellant respectfully requests this motion for reconsideration be permitted and the appeal of right reinstated.

            Respectfully Submitted

            Richard J. Klein (350022)
            S.O.C.F. P.O. Box 45699
            Lucasville, Ohio 45699

# Memorandum

Appellant invoked the jurisdiction of the Supreme Court on a direct appeal of right from an original action originating in the Court of appeals. Appellant proceeded prose in forma pauperis status. The deadline for filing the Merit Brief was January 16, 2001. Due to objective factors beyond Appellant's control it was impossible to make the filing by mail, so Appellant's father obtained the brief from Lebanon Correctional Inst. officials and personally filed it with the Clerk on January 16, 2001. The Merit Brief was timely filed. Then, due to Appellant's forma pauperis status, Appellant's father requested that a copy be made for personal service on Appellee's Counsel, but Appellant's father was told by the Clerk that personal service was not necessary, and that, the Clerk's office would make and forward a copy for service on the Appellee. (see exhibit attached). The Clerk failed to forward the copy for service on Appellee's Counsel. Appellee moved to strike Appellant's brief on grounds that service was not made, and on March 21, 2001, the appeal was sua sponte dismissed

The appeal should not have been dismissed because the brief was timely filed and service on Appellee's Counsel should have been made by the Clerk's office, since, the Clerk instructed Appellant's father that it was not necessary for him (father) to personally serve the brief, that, the Clerk's office would forward the copy for service. Appellant's father would have timely served the brief on Appellee's Counsel on January 16, 2001, and Appellant had a right to the copy at forma pauperis status.

Due to incarceration this affidavit was not obtainable at an earlier date so reconsideration motion could not have been filed at an earlier date. These are objective factores outside of Appellant's control and the appeal is an appeal of right.

For the foregoing reasons Appellant respectfully requests reconsideration of the judgment of dismissal and requests that the appeal of right be reinstated

Respectfully Submitted,

Richard J. Klein   350022

S.O.C.F.   PO Box 45699

Lucasville, Ohio 45699

-2-

## AFFIDAVIT

State of Ohio

Hamilton County

I, Richard Joseph Klein, SSN: 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, being duly cautioned and sworn, deposes And states the following:

1. I, Richard Joseph Klein, Sr, am the father of Richard Joseph Klein, Jr., SSN: 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, #350-022, who is the appellant in Supreme Court Case No. 00-2105.

2. I personally hand delivered to the Clerk of the Ohio Supreme Court, the original Of the Merit Brief in Case No. 00-2105 for filing on its due date January 16, 2001.

3. On that date, the Clerk said a copy would be forwarded to the appellee's counsel, The Assistant Ohio Attorney General Diane Mallory.

4. At that time, I was instructed by the Clerk of the Ohio Supreme Court, that because this case was proceeded upon in Forma Paprous Status and an affidavit of indigency had been placed of record, that I was not required to deliver this Merit Brief to appellee's counsel and they (the Clerk's Office) would forward the copy for service upon appellee's counsel. I was available and ready to personally hand serve this document, at that time, but was precluded from doing so due to the Clerk's instruction. Who also failed to serve the Document.

Further affidavit sayth naught.

_Richard J. Klein_
Richard J. Klein

Sworn and Subscribed in my presence this ___3___ day of __April__ 2001.

_Scott E. Riehl_
Notary Public

SCOTT E. RIEHLE
Notary Public, State of Ohio
My Commission Expires April 29, 2004

P-1

122

# IN THE SUPREME COURT OF OHIO

STATE EX REL. RICHARD KLEIN,    :
:
             Appellant,    :
:
          v.               :    Case No. 00-2105
:
HARRY RUSSELL,         :
:
             Appellee.    :

---

## APPELLEE'S MOTION FOR EXTENSION OF TIME

---

RICHARD KLEIN, #350-022
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036

Appellant, *Pro Se*

BETTY D. MONTGOMERY (0007102)
Ohio Attorney General
DIANE MALLORY (0014867)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street – 14th Floor
Columbus, Ohio 43215
(614) 644-7233

Counsel for Appellee

P. EXHIBIT P

P-2

IN THE SUPREME COURT OF OHIO

STATE EX REL. RICHARD KLEIN,

Appellant,

v.                                              Case No. 00-2105

HARRY RUSSELL,

Appellee.

**APPELLEE'S MOTION FOR EXTENSION OF TIME TO FILE MERIT BRIEF**

Appellant field his Merit Brief on January 16, 2001. Therefore, Appellee's Merit Brief is due on February 15, 2001. However, Appellant did not serve his Merit Brief on opposing counsel in sufficient time for Appellee to file and submit a Brief.

The Certificate of Service on Appellant's Brief indicates that he mailed it to all interested parties on January 16, 2001. The postmark on the envelope which contained the Brief which was served on Appellee's counsel is dated February 5, 2001. (See Exhibit A attached) Appellant did not mail his Brief until three weeks after he claimed to have mailed it. As a result, Appellee's counsel received it one week before Appellee's Brief is due. This does not give Appellee time to adequately research and respond to the Propositions of Law contained in Appellant's Brief.

Appellee has filed a motion to strike Appellant's Brief, which is pending at this time. If the Court overrules the motion to strike, Appellee would ask the Court to give Appellee 30 days after that date in which to file his Brief.

Respectfully submitted,

Betty D. Montgomery (0007102)
Ohio Attorney General

Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
140 East Town Street – 14th Floor
Columbus, Ohio 43215
(614) 644-7233

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to Richard Klein, #350-022, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, on this 8th day of February, 2001.

P.4

Raymond J Klein 330028
RCI PO Box 56
Lebanon, Ohio 45036

Contents
Mini Bible

To:

OHIO ATTORNEY GENERAL
CORRECTIONS LITIGATION SECTION
140 East Town Street — 14th Floor
Columbus, Ohio 43215

7000 0520 0015 5139 2253

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF RETURN ADDRESS.
FOLD AT DOTTED LINE

CERTIFIED MAIL

LEBANON
FEB 2 '01
OHIO

U.S. POSTAGE
$7.35

EXHIBIT
A

# The Supreme Court of Ohio

FILED

FEB 0 9 2001

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

State of Ohio ex rel.              :
Richard J. Klein,                  :        Case No.  00-2105
        Appellant,                 :

            v.                     :            E N T R Y

Harry K. Russell, Warden,          :
        Appellee.                  :


      On February 8, 2001, appellee filed a request for an
extension of time of 30 days to file his merit brief.  Pursuant
to S. Ct. Prac. R. XIV, Sec. 3(B)(2)(b), the Court may grant
one extension of time to file a brief of no more than 10 days.
Therefore, the time for appellee to file his merit brief is
hereby extended to February 26, 2001.

THOMAS J. MOYER
Chief Justice

COURT OF COMMON PLEAS
CRIMINAL DIVISION
HAMILTON COUNTY, OHIO

COPY FILED
COMMON PLEAS COURT
HAMILTON COUNTY
CRIMINAL DIVISION
JUL 14 1997
JAMES CISSELL
CLERK OF COURTS

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. B9700508 |
| Plaintiff | : | Judge Niehaus |
| —v— | : | **STATE'S RESPONSE TO DEFENDANT'S MOTION FOR NEW TRIAL** |
| RICHARD J. KLEIN, | : | |
| Defendant | : | |

Now comes the State of Ohio, by and through its
Assistant Prosecuting Attorneys, and moves this Court for an
order overruling Defendant's Motion for New Trial.

Notwithstanding Defendant's allegations, the State did
not violate the requirements of Brady v Maryland (1963), 373
U.S. 83, by failing to disclose evidence favorable to
Defendant. First, Defendant contends that the State made a
promise to Sharon Richmond that it would take no position
concerning the length of her sentence if she testified as a
State's witness, and that at trial Richmond denied that any
such promises had been made to her in exchange for her
testimony. This contention is an absolute misstatement of the
trial testimony. On direct examination Richmond testified as
follows:

> Q. And you came before Judge Niehaus and entered that
> guilty plea?
>
> A. Yes, I did.

P. Exhibit Q

-1-

Q. And I believe you were told at that time that Judge
Niehaus at some point in time would make a sentence on
you and that **we were going to let him determine the
appropriate sentence**; is that correct?  [Emphasis
added.]

A. Yes, you did.

As such, it is inconceivable how Defendant can contend

in his brief that he was unaware of any consideration

Richmond was receiving in this regard until after the trial

was completed. The State's position on Richmond's sentence

was brought out during her direct testimony, the Defendant

had every opportunity to, and did, attack her credibility on

this issue, and the jury was never misled about what

consideration Richmond may have received. Since this

information was revealed during trial and was subject to full

scrutiny, Defendant cannot contend that the outcome of the

trial would have been different even if he had learned of it

earlier. State v Barzacchini (1994), 96 Ohio App. 3d 440;

State v Joseph (1995), 73 Ohio St. 3d 450; State v Brown

(1996), 112 Ohio App. 3d 583.

Defendant next contends that the State violated Brady by

failing to disclose that the delay in seeking medical

treatment for Matthew Richmond was not a contributing factor

in Matthew's death. As conceded in his brief, Defendant

raised this very issue in his pretrial motion to dismiss and

the Court ruled that no exculpatory evidence had been

withheld and denied Defendant's motion. This should be even

-2-

more evident now, given the trial testimony of Dr. Glenn Warden that the delay in treating Matthew Richmond greatly diminished the likelihood that he would be able to survive his burn injuries. At various points in his testimony Dr. Warden testified as follows:

> Q. Did this significant delay in treatment in any way complicate Matthew Richmond's treatment there at Shriner's?
>
> A. Yes, it did. [Tr. p. 21]
>
> *****
>
> Q. Did this delay in treatment for Matthew Richmond make his chance of surviving these burns less likely?
>
> A. Yes, they did. [Tr. p. 22]
>
> *****
>
> Q. Doctor, do you have an opinion to a reasonable degree of medical certainty as to the cause of Matthew Richmond's death?
>
> A. Yes. We were present at the autopsy. We totally agree that he died of pulmonary lung damage secondary to a 74 percent total body surface area burns.
>
> Q. Burns on his body contribute to that death?
>
> A. Yes, they did.
>
> Q. Did the delay in medical treatment also contribute to that death.
>
> A. Yes, they did. [Tr. p. 27-28.][Emphasis added]

The State has no knowledge of any medical reports or any statement of any physician who has indicated that the delay in seeking medical treatment for Matthew Richmond did not contribute to his death. In fact, in his very first interview

—3—

with investigators, the undisputed expert in this field, Dr. Glenn Warden, stated that the deterioration of Matthew's lungs was directly tied to the delay in medical treatment for his severe burns. While the State is aware of its responsibility to divulge exculpatory information to Defendant, it cannot provide what does not exist.

Finally, Defendant contends that he is entitled to a new trial because the Court improperly instructed the jury on the issue of "complicity." While Defendant is correct in asserting that the State never wavered from its position that Defendant was the individual responsible for holding Matthew Richmond in the tub of scalding water, both Defendant and Sharon Richmond were guilty of Child Endangering for failing to seek medical treatment for Matthew in the hours after the scalding occurred. In fact, Sharon Richmond and Defendant were both charged with this offense in count 6 of the indictment and, as she candidly admitted to the jury, Sharon Richmond had already been convicted for her role in this crime at the time of her testimony. As such, Defendant and Sharon Richmond were complicitors in this offense, and the complicity instruction was properly given. Further, the instruction likely worked more to Defendant's benefit than to his detriment, because it included the admonition to the jury set out in ORC 2923.03(D) to view Sharon Richmond's testimony with "grave suspicion" and to weigh it with "great caution."

-4-

Given the attempts by Defendant to attack her credibility at trial, such an admonition from the Court could not have had any prejudicial effect on his defense. In fact, where an accomplice testifies against an accused this instruction is mandated and failure to give it constitutes error. <u>State</u> <u>v</u> <u>Ferguson</u> (1986), 30 Ohio App. 3d 171; <u>State</u> <u>v</u> <u>O'Dell</u> (1989), 45 Ohio St. 3d 140.

WHEREFORE, the State submits that Defendant's Motion for New Trial is not well-taken and requests that said motion be overruled.

Respectfully submitted,

Mark E. Piepmeier
Assistant Prosecuting Attorney
230 E. Ninth St., Suite 700
Cincinnati, Ohio 45202
(513) 946-3078


Richard G. Gibson   #0022613
Assistant Prosecuting Attorney
230 E. Ninth St., Suite 700
Cincinnati, Ohio  45202
(513) 946-3126

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on H. Louis Sirkin and Anita P. Berding, Attorneys for Defendant, at 105 W. Fourth Street, Cincinnati, Ohio