UNITED SATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN, III
    Petitioner,

vs.                            Case No. 1:01cv794

                                  (Judge Beckwith; M.J. Black)

Harold Carter,
    Respondent.

### PETITIONER'S 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Petitioner, pro se, hereby respectfully requests judgment on habeas corpus petition at this time for the following reasons.

On June 4, 2004, Petitioner filed a 27 Motion to Amend Habeas Corpus Petition. (Doc. 43). On June 21, 2004, United States Magistrate Judge Black, pursuant to that motion granted leave for the requested amendment. (Doc. 47). The Magistrate Judge in the Doc. 47 order, ordered Respondent to submit an amended return of writ within (20) days from the date of the filing of Petitioner's amended petition which time has long ago elapsed because Petitioner placed the amended petition on record on July 21, 2004, ontwithstanding a timely motion for extension of time, therefore, Respondent possessed until August 10, 2004, to file an amended return of writ but has failed to do so. In addition, Respondent has also failed to request a timely motion for extension of time to file an amended return of writ. The issues presented in Respondent's Doc. 35 return of writ no longer apply to the amended petition. Thus, Respondent has proceduraly defaulted by disregarding the Magistrate judge's order to submit an amended return of writ within the specified time limit, or at minimum for failure to timely request an extension of time to file an amended return of writ. On October 27, 2004, this Court's order (Doc. 54) "overruled" Respondent's Doc. 51 objection to the Magistrate Judge's Doc. 47 order granting Petitioner's Doc. 43 Motion to Amend Habeas Corpus Petition thus upholding the Magistrate

-1-

Judge's order granting Petitioner's amended petition. Therefore, Petitioner's habeas corpus petition is unopposed by Respondent and it is clearly past any permissible time for Respondent to oppose Petitioner's amended petition. Rule 15(a) of the Federal Rules of Civil Procedure permits only 10 days after service of the amended pleading for a party to plead in response to an amended pleading "...unless the court otherwise orders." Rule 15(a). Respondent has failed to comply with the (20) day time limit provided by the Court (Doc. 47) and has failed to timely request additional time within the remaining time provided for the submission of Respondent's amended return of writ. Since, the issues in Respondent's Doc. 35 Answer/Return of writ do not apply to Petitioner's amended petition then Respondent's failure to file an amended return of writ is, in fact, an admission to the claims and evidence presented in Petitioner's amended habeas corpus petition as clearly established federal law as established by the United States Supreme Court dictates, that, a party's failure to oppose any pleading is an admission to that claim. Respondent has failed to oppose any of Petitioner's amended clams or facts presented in Petitioner's amended petition, therefore, admitting to them. Rule 8(d) of the Federal Rules of Civil Procedure establish that "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, [are] admitted when not denied in the responsive pleading." Since, Respondent has not denied or opposed the claims or evidence set forth in Petitioner's amended petition then Respondent has, in fact, admitted to them. Therefore, Petitioner respectfully requests that this Court proceed directly to Petitioner's habeas corpus petition without further delay.

Respectfully Submitted,

Richard J. Klein 350-022

R.C.I. P.O. Box 7010

Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true copy of the foregoing has been served upon counsel for respondent Assistant Ohio Attorney General Diane Mallory by first class U.S. mail at 150 East Gay Street, Columbus Ohio 43215 on this 10th day of November.

Richard J. Klein

-2-