UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN III,

    Petitioner,

vs.

    Case No C-1-01-794

    Judge Beckwith

HAROLD CARTER, WARDEN,

    M.J. Black

    Respondent.

**PETITIONER'S MOTION IN OPPOSITION TO RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED RETURN OF WRIT**

    Petitioner, pro se, moves this Court to overrule Respondent's November 15, 2004, Motion for Extension of Time to File Amended Return of Writ (Doc. 57) for the following reasons:

    Respondent's motion was filed way out of time. On June 21, 2004, Magistrate Judge Black permitted Respondent to submit an amended return of writ within (20) day from the date Petitioner's amended petition was filed. (Doc. 47). Petitioner demonstrated legitimate grounds to amend his habeas corpus petition. Then without objection by Respondent Petitioner moved for an extension of time to file that amended petition. (Doc. 52). On July 21, 2004, Petitioner placed his amended petition of record. (Doc. 53). Which began the time running for Respondent to do one of two things; first, to file an amended return of writ within (20) days of July 21, 2004, or request an extension of time "within the time remaining" as Rule 6(b) and Rule 15(a) of the Federal Rules of Civil Procedure require Respondent to do. On October 27, 2004, this Court (JUDGE BECKWITH) overruled Respondent's objection to the filing of Petitioner's amended petition (Doc. 54) based upon the clearly established fact that Respondent did not possess any legitimate objection, and, that, Petitioner possessed very legitimate basis' for the amendment. On November 9, 2004, Petitioner moved for 12(c) Motion for Judgment on the Proceedings (Doc. 55) upon which Respondent is now attempting to delay review of Petitioner's habeas corpus petition by creating unnecessary litigation for which Respondent

-1-

could not have any legitimate, non-frivolous grounds to base an amended return of writ upon because Petitioner amended any and all factual and legal deficiencies that he was aware of. If Respondent possessed any objections or legitimate defenses, the appropriate avenue for those defenses would have been a timely amended return of writ submitted within the time remaining or a motion for extension of time submitted "within the time remaining" as required by Rule. This Respondent has failed to do; thus, it is more appropriate and legal to advance to the merits of Petitioner's claims advanced in his habeas corpus petition. Respondent possessed no legitimate objections or defenses at the time Petitioner served the amended petition upon Respondent (July 21, 2004) or Respondent would have moved for an extension of time upon its first reading upon receipt of the petition if additional time was necessary for completion of an amended return of writ, but Respondent is obviously attempting to evade and delay review of the claims set forth in Petitioner's habeas corpus petition and for good reason because Petitioner has demonstrated his innocence therein and has demonstrated that the State obtained a conviction of what they knew and admitted on record was and is an innocent individual. Since the State has already admitted to Petitioner's innocence Respondent could not have any legitimate or non-frivolous defense to what has already been established in State litigation as to Petitioner's innocence. If Respondent possessed any legitimate defenses or objections to Petitioner's amended habeas corpus, then Respondent possessed four (4) months from its filing to submit those defenses. If the State wants timely litigation and responses from defendants then it must submit timely responses. Had Petitioner not moved for judgment, (Doc. 55) Respondent would not have even filed this motion which has been Respondent's actions in the past in this case delaying the outcome by dilatory activity as Petitioner has pointed out on previous occasions.

 Respondent's motion for extension of time should be denied due to the fact that Respondent has failed to submit any evidence whatsoever showing "cause" for his failure to timely make this request for extension of time. It only takes five (5) minutes to type a motion for extension of time and Respondent has now possessed four (4) months to submit a motion for extension of time. As Rule 15(a) states in pertinent part, "A party shall plead in response to an amended pleading within the time remaining for response to the

original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Rule 15(a) of the Federal Rules of Civil Procedure. Respondent was given (20) days by the Court to submit an amended pleading or (20) days to show good cause for any extension of time. Respondent's amended return of writ was due August 10, 2004, because this Court ordered Respondent to file his amended return of writ within (20) days from the date in which Petitioner filed his amended habeas corpus petition. Respondent's suggestion that the time did not begin to run until November 16, 2004, is, in fact, not an accurate calculation of time based upon the foregoing facts. Respondent's deadline for filing was August 10, 2004, not November 16. Four months ago was the appropriate time for Respondent to take five (5) minutes to file a motion for extension of time. As it stands, Respondent has possessed an additional four (4) month extension on the time granted by the Court to submit any responsive pleading. Now Respondent wants an additional 30 days which is simply unjustified because Respondent's case load could not have been so heavy as to prevent the submition of a motion which only takes five (5) minutes to write and duplicate especially with all of the legal experties and personnel available at the Ohio Attorney General's Office. This is the sixth (6) time this very same situation has occurred throughout this particular litigation. Therefore, Petitioner respectfully requests Respondent's motion for extension of time be overruled and Requests that this Court proceed to Petitioner's petition.

Respectfully submitted,

*Richard J. Klein III*

Richard J. Klein III 350-022
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true copy of the foregoing has been served upon counsel for Respondent Assistant Ohio Attorney General Diane Mallory at 150 East Gay Street Columbus Ohio 43215 by regular U.S. mail on this 16th day of November, 2004.

*Richard J. Klein III*

Richard J. Klein III

-3-