UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN III,
   Petitioner,

vs.

   Case No C-1-01-794
   Judge Beckwith

HAROLD CARTER, WARDEN,
   Respondent.
   M.J. Black

**PETITIONER'S RULE 12 MOTION IN OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED RETURN OF WRIT**

   Petitioner, pro se, moves this Court to overrule Magistrate Judge's November 15, 2004, order (Doc. 58) granting Respondent's November 12, 2004, Motion for Extension of Time to File Amended Return of Writ (Doc. 57) for the reasons set forth herein.

Respectfully submitted,

Richard J. Klein III 350-022
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

-1-

(1) Magistrate Judge Black failed to provide Petitioner with sufficient time to submit any response or objection to Respondent's Motion for Extension of Time in violation of Petitioner's federally mandated constitutional rights. First, on July 21, 2004, Magistrate Judge Black granted Petitioner's motion to amend habeas corpus petition. (Doc. 47). In that order Respondent was permitted (20) days from the date Petitioner filed his amended petition to submit an amended return of writ, but, now, after four (4) months Respondent has failed to ever file an amended return of writ. On October 27, 2004, this Court issued an order (Doc. 54) overruling Respondent's objection to the Magistrate Judge's order permitting Petitioner to amend and modify his habeas corpus petition. Then on November 9, 2004, Petitioner placed of record "Petitioner's 12(c) Motion for Judgment on the Proceedings." (Doc. 55). Respondent immediately filed a motion for extension of time to file an amended return of writ on November 12, 2004. (Doc. 56). On November 16, 2004, Petitioner filed his "Motion in Opposition to Respondent's Motion for Extension of Time" requesting that the Magistrate reject it for late filing and other reasons as stated herein, but prior to the clerk's receiving Petitioner's motion in opposition which was within three (3) days, the Magistrate Judge moved on Respondent's motion for extension of time the day after its filing granting it (Doc. 58) without even allowing time for Petitioner's motion in response to be received by the clerk of court, much less, without reviewing Petitioner's motion in opposition. Petitioner was entitled to time to respond to that motion before the Magistrate Judge granted Respondent's motion for extension of time. The Magistrate Judge's decision was clearly erroneous for the following reasons:

Rule 12 of the Federal Rules of Civil Procedure permitted Petitioner to file a responsive pleading to Respondent's motion for extension of time to render it ineffective to produce the desired result and to raise any grounds or present any facts to prevent abuse of the enlargement of time rule. There exists in law a number of days in which a party must respond to a pleading. Respondent presented the request for an extension of time four (4) months late which renders it defaulted, and Petitioner possessed the right to make such a factual claim and legal claim before the Court granted the extension of time. Additionally, there were other factual and legal issues involved as stated below which Petitioner possessed a constitutional right to have reviewed upon

the Court's review of Respondent's request for the extension of time. Petitioner was not provided with adequate time to respond to Respondent's motion for extension of time, and Petitioner was not provided with review of his motion in opposition by the Magistrate Judge which is in violation of Petitioner's enumerated federal constitutional rights, most importantly, Due Process rights.

    (2) Respondent's Motion for Extension of Time was filed way out of time which was contrary to the Magistrate Judge's June 21, 2004, Order (Doc. 47, pg. 2) which permitted Respondent to submit an amended return of writ <u>within (20) days of Petitioner's filing of his amended habeas corpus petition</u>. Respondent's motion for extension of time was contrary to Rules 15(a) and 81(a)(2) of the Federal Rules of Civil Procedure governing habeas corpus applications and amendments to those pleadings. And, the Magistrate Judge's order granting Respondent's motion was contrary to clearly established federal law as established by the United States Supreme Court and the Federal Rules of Civil Procedure. Respondent had already <u>taken</u> four (4) months before requesting additional time. Respondent's time had long ago expired. Petitioner was pursuing a 12(c) Motion for Judgment on the Proceedings before Respondent even considered moving for an extension of time. A motion for extension of time pursuant to Rule 15(a) and 81(a)(2) must be made within the time remaining for the filing of that motion. This Respondent failed to do. Instead of making a request for an extension of time within the time remaining, Respondent waited until four (4) months had elapsed and waited until Petitioner filed a Rule 12 Motion for Judgment on the Proceedings (Doc. 55) before filing for the time extension. This was done to harass and delay review of Petitioner's habeas corpus petition. Respondent possessed more than ample time to either submit an amended return of writ or to request additional time presenting evidence showing cause for failure to make this request within its designated time period, but Respondent did neither; therefore, Respondent is not entitled to the extension of time requested. The Magistrate Judge's order granting Respondent's motion for extension of time was an unreasonable determination of the facts and unreasonable application of the Federal Rules of Civil Procedure severally violating Petitioner's Federally mandated Constitutional Rights to fundamental fairness (Due Process). Since, the Federal Rules of Civil Procedure are based upon clearly established federal

-3-

law as established by the United States Supreme Court then the Magistrate Judge's order granting the abusive motion for extension of time is clearly abuse of discretion because it is obviously contrary to and unreasonable application of law.

(3) The Magistrate Judge abused discretion because he failed to require Respondent to present any evidence of "cause shown" as required by Rules 15(a) and 81(a)(2) of the Federal of Civil Procedure. Both rules require Respondent to present evidence to establish cause for the extreme lateness. Even an inmate petitioner must demonstrate with some kind of evidence to establish cause to justify a late filing. Respondent wants to hold Petitioner to time limits and filing deadlines; therefore, there is no reason not to hold Respondent to the same standards. Nevertheless, clearly established federal law requires holding a pro se litigant to a lesser standard under such circumstances. Franklin v. Rose, 765 F.2d 82, 84-85 (6th Cir. 1985); Hanies v. Kerner, 404 U.S. 519 U.S. 520, 92 S.Ct. 594, 596 (1972). A benefit in which Respondent does not possess. Respondent possessed no constitutional or legal right to an extension of time that exceeded the Court's ordered deadline by four (4) months, especially, in the absence of any evidence to establish cause to justify the delay. It only takes five (5) minutes to prepare and file for an extension of time; therefore, a four (4) month delay cannot be justified by Respondent's unsupported averments. Respondent failed to produce one shred of evidence to support justification for the lengthy delay. But, if Respondent does not have to prove his case then Petitioner must be entitled to that very same standard. Therefore, Petitioner respectfully requests immediate and unconditional release based upon the exact same erronious outcome. Where no proof is necessary for the State then no proof is necessary for a pro se litigant. This is only "fundamentally fair." (Due Process).

(4) The Magistrate Judge's order granting Respondent unfettered amounts of time to file an amended return of writ was contrary to clearly established Federal Law as established by the United States Supreme Court which violated Petitioner's clearly established enumerated Federal Constitutional rights as established by the United States Supreme Court. The United States Supreme Court established, "In recent years, the Court has fashioned harsh rules regarding waiver and claim forfeiture to defeat substantial constitutional claims... If we are to apply such a strict approach to waiver in habeas corpus

litigation, we should hold the warden to the same standard..." Caspri v. Bolhen, 510 U.S. 383, 397, 114, S.Ct. 948, 957 (1994). Citing Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718 (1990); Estelle v. Smith, 451 U.S. 454, 468 (1981). Therefore, Respondent procedurally defaulted under this very same standard by failure to complying with the (20) day time limit established by the Magistrate Judge or by failure to request an extension of time [w]ithin the time remaining as required by the Federal Rules of Civil Procedure. As the 7th Circuit holds, "...waiver is not an obstacle reserved for habeas petitioner alone." Falconer v. Lane, 905 F.2d 1129, 1135 (7th Cir. 1990), and the 4th Circuit holds, "...finality and its companion, waiver, must run along a two-way street. Williams v. Dixon, 961 F.2d 448, 458 (4th Cir. 1992). The 9th Circuit holds, "It is hard to understand ... when state attorneys fail to raise appropriate legal arguments in a case, why the court should excuse the very types of failures that we are unwilling to excuse when a petitioner is the party in default. After all, ours is suppose to be an adversary and even handed system of justice." Woolery v. Arave, 8 F.3d 1325, 1329 (9th Cir. 1993); Wilmer v. Johnson, 30 F.3d at 454-55; and Liegakos v. Cook, 106 F.3d 1381-85 (7th Cir. 1997). Therefore, procedural default for failure to timely file Respondent's amended return of writ works to procedurally default Respondent barring any further litigation by the State's authorities as clearly established federal law as established by the United States Supreme Court holds. It would be grossly unfair, in direct violation of federal due process, to permit Respondent to completely ignore all procedural requirements and federal law by permitting Respondent to deliberately delay his filing of the amended return of writ which defies all legal boundaries when a pro se litigant would be held, at minimum, to procedural default for missing a filing deadline in the State Courts. In other words, the State wants harsh procedural requirements to defeat a pro se litigant's substantial constitutional claims when that litigant misses a filing deadline in the State Courts; therefore, Respondent should be held to the exact same procedural standards in Federal litigation. In the case at bar, Respondent has continually, repeatedly, and unnecessairly delayed answering Petitioner's pleadings in the past in this case, as well as, now, as Petitioner has previously pointed out in prior motions. Thus, Respondent is not entitled to enter on record any defenses because Respondent is severally procedurally

defaulted as the United States Supreme Court established along with other circuits.

For the foregoing reasons Petitioner respectfully requests that the Magistrate Judge's November 15, 2004, order granting Respondent's motion for extension of time be overruled and Petitioner's habeas corpus petition to be reviewed.

Respectfully submitted,

Richard J. Klein III 350-022
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true copy of the foregoing has been served upon counsel for Respondent Assistant Ohio Attorney General Diane Mallory at 150 East Gay Street Columbus Ohio 43215 by regular U.S. mail on this 22d day of November, 2004.

Richard J. Klein III