RECEIVED
DEC 0 1 2004
LEONARD GREEN, Clerk

FILED
DEC 0 1 2004
JAMES BONINI, Clerk
CINCINNATI, OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD J. KLEIN III;
    Petitioner,

vs.

HAROLD CARTER, WARDEN,
    Respondent.

Case No C-1-01-794

Judge Beckwith

### PETITIONER'S RULE 55(b)(2) MOTION FOR DEFAULT JUDGMENT AGAINST RESPONDENT

Petitioner, pro se, hereby moves this Court to enter judgment in default against Respondent Harold Carter Warden pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and pursuant to Caspri v. Bohen, 510 U.S. 383, 397, 114 S.Ct. 948, 957 (1994) for the following reasons fully set forth herein.

Respectfully submitted,

*Richard J. Klein III*
Richard J. Klein III 350-022
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

(1) On June 2, 2004, Petitioner moved to amend his habeas corpus petition. (Doc. 43). On June 21, 2004, Magistrate Judge Timothy S. Black entered order permitting Petitioner's Doc. 43 motion to amend and ordered Respondent to file an amended return of writ within (20) days of the date in which Petitioner placed his amended habeas corpus petition of record. (Doc. 47, pg. 2). On July 21, 2004, Petitioner submitted his amended habeas corpus petition (Doc. 53) which began the time running for Respondent to submit an amended return of writ within (20) days thereafter as ordered by the Magistrate Judge in, (Doc. 47, pg. 2) but Respondent has failed to do so. On October 27, 2004, this Court entered order overruling Respondent's objection to the Magistrate Judge's order permitting Petitioner to amend habeas corpus petition. (Doc. 54). Nevertheless, Respondent's amended return of writ was due within (20) days from the date Petitioner submitted his habeas corpus petition which placed the due date for Respondent's amended return of writ on August 10, 2004. In addition to Respondent's failure to comply with procedural deadlines established in the Magistrate Judge's June 21, 2004, Order, Respondent has failed to comply with clearly established procedural deadlines established in Rule 15(a) of the Federal Rules of Civil Procedure which require a party to respond to an amended pleading within 10 days after service of the amended pleading. This Respondent has failed to do.

(2) Then after Respondent's filing deadline had expired, on November 12, 2004, Respondent filed a motion for extension of time to file an amended return of writ, (Doc. 55) but Rule 6(b) of the Federal Rules of Civil Procedure require Respondent to prove "cause shown" in order to obtain an extension of time after expiration of the time provided by the Court or Federal Rules of Civil Procedure. Respondent has failed to present any evidence to establish cause for failure to comply with the deadlines. In addition, Respondent failed to present any evidence whatsoever to establish "excusable neglect" for Respondent's failure to either submit an amended return of writ within the time provided by the Court or rule, or Respondent's failure to request additional time within the time remaining for the filing as required by Rule 15. Respondent is now four months past the maximum time limit for requesting additional time and for submitting an amended return of writ.

(3) The Magistrate Judge's order (Doc. 58) granting Respondent's late motion for extension of time was contrary to clearly established Federal Law

as established by the United States Supreme Court which violated Petitioner's clearly established enumerated Federal Constitutional Rights especially the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The United States Supreme Court holds, "In recent years, the Court has fashioned harsh rules regarding waiver and claim forfeiture to defeat substantial constitutional claims... If we are to apply such a strict approach to waiver in habeas corpus litigation, we should hold the warden (Respondent) to the same standard..." Caspri v. bolhen, 510 U.S. 383, 397, 114 S.Ct. 948, 957 (1994). (Citing Collins v. Youndblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718 (1990); Estelle v. Smith, 451 U.S. 454, 468 (1981). As the United States Supreme Court holds, Respondent has procedurally defaulted and is no longer entitled to submit an amended return of writ because Respondent has procedurally defaulted under clearly established Federal Law as established by the United States Supreme Court. Other circuits rely upon clearly established Supreme Court Precedent in reaching the same conclusion that Respondent has procedurally defaulted. The 7th Circuit holds, "...waiver is not an obstacle reserved for habeas petitioners alone." Falconer v. Lane, 905 F.2d 1129, 1135 (7th Cir. 1990), and the 4th Circuit holds, "...finality and its companion, waiver, must run along a two-way street." Williams v. Dixon, 961 F.2d 448, 458 (4th Cir. 1992). The 9th Circuit holds, "It is hard to understand ... when state attorneys fail to raise appropriate legal arguments in a case, why the court should excuse the very types of failures that we are unwilling to excuse when a petitioner is the party in default. After all, ours is suppose to be an adversary and even handed system of justice." Woolery v. Arave, 8 F.3d 1325, 1329 (9th Cir. 1993); Wilmer v. Johnson, 30 F.3d at 454-55; and Liegakos v. Cook, 106 F.3d 1381-85 (7th Cir. 1997). Therefore, procedural default for failure to timely file Respondent's amended return of writ and failure to request additional time within the time remaining, and Respondent's failure to provide evidence to establish "cause shown" or "excusable neglect" as require by Rule 15 of the Federal Rules of Civil Procedure works to procedurally default Respondent barring any further litigation by the State's authorities as clearly established Federal Law as established by the United States Supreme Court holds. It would be grossly unfair in direct violation of Petitioner's Due Process rights to permit Respondent to completely ignore all procedural requirements and federal law by

permitting Respondent to deliberately delay filing which defies all legal boundaries, especially, when a pro se litigant would be held, at minimum, to a procedural default for missing a filing deadline by only one day in the State court. Respondent now wants unfettered amounts of time to unnecessarily delay review of Petitioner's habeas corpus petition. Petitioner did not procedurally default in the State courts as the Ohio Supreme Court held in this case. Nevertheless, Respondent is attempting to hold Petitioner to procedural requirements which do not apply to him. Most importantly, Respondent is now barred and should be held to it by this Court.

 For the foregoing reasons, Petitioner respectfully requests that this Court find Respondent in default and proceed to Petitioner's habeas corpus petition.

Respectfully submitted,

*Richard J. Klein III*

Richard J. Klein III 350-022
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

 I hereby certify that a true copy of the foregoing has been served upon counsel for respondent Assistant Ohio Attorney General Diane Mallory at 150 East Gay Street Columbus Ohio by Regular First Class Mail on this 29th, day of November 2004.

*Richard J. Klein III*

Richard J. Klein III