UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Richard J. Klein,
    Petitioner

vs                                Case No. 1:01cv794
                                     (Beckwith, J.; Black, M.J.)

Harold Carter,
    Respondent

---

## ORDER

---

      Petitioner, an inmate in state custody at Southern Ohio Correctional Facility in Lucasville, Ohio, has filed this action pro se for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 conviction in the Hamilton County, Ohio, Court of Common Pleas for involuntary manslaughter, felonious assault and endangering children. (Doc. 53). This matter is before the Court on the petition, as amended, respondent's amended return of writ and petitioner's traverse. (Docs. 53, 63, 70).

      In his return of writ, respondent argues that petitioner has procedurally defaulted his fifth, sixth, tenth, eleventh and thirteenth claims because he failed to pursue a delayed direct appeal to the Supreme Court of Ohio, once the Ohio Court of Appeals affirmed the judgment of conviction. (Doc. 63). He argues further that petitioner's claims that the Ohio Court of Appeals improperly struck his pro se brief and failed to notify him of their decision, asserted in grounds one and two of the petition, are also defaulted because they could have been raised in a delayed appeal to the Supreme Court of Ohio. (*Id.*). Respondent correctly points out that pursuant to Rule II, Section 2(A)(4)(a), of the Rules of Practice of the Supreme Court of Ohio, petitioner still could seek review of the Ohio Court of Appeals' direct appeal decision by filing a motion for delayed appeal to the Ohio Supreme Court. (*See id.*). In his traverse, petitioner argues that all claims were presented to the Supreme Court of Ohio in his brief appealing the denial of a delayed application for reopening. (Doc. 70).

Respondent insists that this was not a proper means of exhaustion. (Doc. 63).
Previously, respondent filed a motion to dismiss the petition on exhaustion grounds which was denied. (Docs. 10, 14, 34). In the Magistrate Judge's Report and Recommendation, later adopted by the District Court, the Court explained that the dismissal was based on the limited record before it, as follows:

> It appears from respondent's motion to dismiss that there is a remedy that remains available to petitioner of a delayed appeal to the Ohio Supreme Court from the Ohio Court of Appeals' direct appeal decision. However, such a remedy would be futile to pursue if the only claims petitioner asserts in his petition are those presented in the state collateral review proceedings, wherein relief was pursued through the court of appeals to the state's highest court. Petitioner avers he has exhausted the claims alleged in the amended petition that he seeks to file with this Court. Respondent has not attached any of petitioner's state court filings as exhibits to his motion to dismiss. Therefore, based on the present record, it is impossible for this Court to ascertain (1) whether or not petitioner's grounds for relief were presented in the state collateral review proceedings in which state court remedies were exhausted; or (2) on the other hand, whether or not any of the grounds for relief alleged in the petition or amended petition were raised on direct appeal to the Ohio Court of Appeals and, therefore, subject to dismissal on exhaustion grounds due to petitioner's failure to pursue the available remedy of a delayed appeal to the Ohio Supreme Court. In light of petitioner's statement in the amended petition that he has exhausted his grounds for relief, and in the absence of any evidence in the record to the contrary indicating a delayed appeal to the Ohio Supreme Court would not be futile to pursue, this Court RECOMMENDS that respondent's motion to dismiss (Doc. 10) be DENIED.

(Doc. 14). Since that time, respondent filed the complete state court record (Doc. 35), but has not renewed his motion to dismiss on exhaustion grounds.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those

2

claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. 28 U.S.C. § 2254(c). The United States Supreme Court in *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) held that to fulfill the exhaustion requirement "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the state's highest court, the Ohio Supreme Court. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990).

Although the exhaustion requirement is not jurisdictional, there is a strong presumption in favor of requiring exhaustion of state remedies. *Granberry v. Greer,* 481 U.S. 129, 131 (1987). The exhaustion requirement may be excused in cases where the available remedy would be futile to pursue. *Castille v. Peoples,* 489 U.S. 346, 350-51 (1989); *Pillette v. Foltz,* 824 F.2d 494, 498 (6th Cir. 1987).

In this case, petitioner raised aspects of his fifth, sixth, tenth, eleventh and thirteenth grounds for relief either in a brief prepared by counsel or a brief prepared by petitioner on direct appeal of his conviction. (Doc. 35, Exs. 15, 18). Petitioner repeated these claims in his application for reopening arguing that appellate counsel raised the claims inadequately or not at all and was therefore ineffective. (*Id.*, Ex. 36). The Ohio Court of Appeals dismissed the application as untimely. (*Id.*, Ex. 39). Petitioner's further appeal to the Supreme Court of Ohio resulted in that Court's summary dismissal of the appeal. (*Id.*, Exs. 41, 43).

Petitioner argues that his claims were presented to the Ohio Supreme Court by means of his application for reopening the appeal pursuant to Ohio App. R. 26 (B). (Doc. 70). Since the application is for the purpose of presenting claims of ineffective assistance of *appellate* counsel, this does not amount to a fair presentation of the underlying constitutional claims to the Ohio Courts. Ohio App. R. 26 (B); *see Lott v. Coyle,* 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied,* 534 U.S. 1147 (2002); *McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001).

Respondent contends that petitioner has "refused" to file a delayed direct appeal

to the Supreme Court of Ohio. (Doc. 63 at 18). Indeed, in reviewing the many pleadings filed in this case, it does appear that petitioner is resistant to pursuing this form of relief. *See, e.g.,* Docs. 70, 17. However, if petitioner does not pursue a delayed appeal to the Supreme Court of Ohio, he risks the possibility that some of his claims may be considered waived for purposes of habeas corpus review. If petitioner pursues this additional remedy, the Court will stay these proceedings pending his state court appeal.

Accordingly, petitioner is hereby **ORDERED** within fifteen days of the date of this Order to inform the Court whether or not he intends to pursue his remedy of a delayed direct appeal to the Supreme Court of Ohio with respect to his fifth, sixth, tenth, eleventh and thirteenth grounds for relief and his claims that the Ohio Court of Appeals improperly struck his pro se brief and failed to notify him of their decision, asserted in grounds one and two of the petition. As stated, failure to so exhaust could result in this Court's preclusion from consideration of the merits of these claims.


Date:  February 14, 2005                  s/Timothy S. Black
                                          Timothy S. Black
                                          United States Magistrate Judge


J:\ROSENBEH\2254(2005)\01-794exhord.wpd