UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein III,
    Petitioner,

vs.

                                  Case No. C-1-01-794
                                  Judge Beckwith; M.J. Black

Harold Carter, Warden,
    Respondent.

**PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S FEBRUARY 14, 2005, ORDER**

Petitioner (Klein) pro se, objects to Magistrate Judge's February 14, 2005, Order (Doc. 71) for the reasons stated herein.

                                        Respectfully submitted,

                                        Richard J. Klein III, 350-022
                                        Petitioner/pro se
                                        R.C.I. P.O. Box 7010
                                        Chillicothe, Ohio 45601

## OBJECTIONS

The Magistrate Judge's Order (M.J. or MJO) is in error because it is contrary to law and factually deficient.

(1) In all existing Federal precedent and decisions determining procedural default issues the petitioners in those cases had failed to raise their defaulted claims in their initial appeal or attempted to raise those claims <u>only</u> as a basis to support a claim of ineffective assistance of appellate counsel. Those circumstances differ dramatically from Klein's case because Klein made an overwhelming and thorough attempt to raise his claims at the earliest possible time. Klein specifically requested from the Court of Appeals the aid of an attorney to perfect, draft, and timely submit those claims in his behalf. (P. Exhibit A, pg. 3-4). Most importantly, the Court granted Klein's request to amend and supplement counsel's deficient appeal brief. (P. Exhibit B). This is where the dictates of Federally protected Due Process of Law attached to the pro se pleadings because instead of appointing an attorney the Court failed to either order existing counsel to amend the deficiencies in his brief, failed to order counsel to perfect and include Klein's more powerful Federal claims, (which were the only claims which possessed any factual support in the record) and failed to appoint the attorney specifically requested in (P. Exhibit A, pg. 3-4) to complete this. This is fully set forth in Klein's first ground for relief with evidence in support (regard as if fully rewritten herein as cause). Klein sets forth as cause for any existing procedural default evidence of cause in his first, second, third, and fourth grounds for relief (regard as if fully rewritten herein). Klein has presented and pursued relief from the earliest possible time and has done so "diligently" within the boundaries and limitations of financial restrictions and limitations of legal resources.

(2) First, M.J. incorrectly determined that Petitioner (Klein) "...raised aspects of his fifth, sixth, tenth, eleventh, and thirteenth grounds for relief either in a brief <u>prepared by counsel</u> or a <u>brief prepared by petitioner</u> on direct appeal..." (MJO Doc. 71, pg. 3, para. 3). This is partially correct and partially incorrect. First, all of Klein's claims were advanced through the state courts at the same time; therefore, it is impossible for some claims to be exhausted and others to not be exhausted. Thus, the fifth, sixth, tenth, eleventh and thirteenth grounds for relief had to have been exhausted with the

others. This is the very purpose of the exhaustion doctrine, to place all issues before all of the state courts at one time then proceed to habeas review at the same time. Therefore, the M.J. was in error in excluding Klein's First, Second, Third, Fourth, Seventh, Ninth and Twelfth grounds for relief. Klein raised these grounds in his pro se brief. First, the Seventh ground, (R. Exhibit 18, pgs. 24-29) the Ninth ground, (R. Exhibit 18, pgs. 30-31) the Twelfth ground, (R. Exhibit 18, 12-15) and the Fourth ground (ineffective assistance of appellate counsel) in the 26(B) application but first in the Motion to Amend and Supplement Counsel's Deficient Brief. (P. Exhibit A). Klein raised the first, second, and third grounds for relief in the procedures stated in the grounds and are presented in the habeas petition as cause and prejudice to excuse any procedural default, but they are also grounds for redress. Klein has moved to strike the other grounds not mentioned here. Second, all of the claims raised in Klein's habeas corpus petition were raised somewhere in Klein's pro se appeal brief presented to the First District Court of Appeals on direct review; therefore, Klein's claims were fairly presented to the court of appeals in the procedures required. Nevertheless, "It is not necessary for any state court to have actually addressed the merits of the claims... Meeks v. Bergen, 749 F.2d 322, 325 (6th Cir. 1984)." Strickland v. Marshall, 632 F.Supp. 590-98 (S.D. Ohio 1986). And, "It is well settled that pro se petitioner's pleadings are to be given liberal construction and held to a less stringent standard than those drafted by lawyers." Marshall, at 599. Klein presented his Federal claims in his pro se brief and specifically requested the aid of another attorney to perfect those claims and submit them "perfected." (P. Exhibit A, pg. 4). As the Sixth Circuit holds, "...the state appellate court was obligated to examine the claim on its merits, and that the state court's failure to do so did not undermine the exhausted nature of the claim. 647 F.2d 646-47." Pilette v. Foltz, 824 F.2d 494 (6th Cir. 1987). The difference between Pillette and Klein's case is that Pillette failed to raise his claim first in the lower court and the claims were still considered "fairly presented" in the higher court, but Klein did raise his claims in the lower court (court of appeals) even though that court simply failed in its obligation to review them; therefore, Klein did "fairly present" his claims, both to the court of appeals and the Supreme Court. If the claims advanced therein were deficient then fault rests upon the court of appeals for failure

to either order existing counsel to perfect and timely submit tho e claims and order counsel to amend the deficiencies in his own brief or appoint an attorney who could. (fully set forth in first ground for relief). Klein demonstrates in his First Ground for Relief, that, (1) Klein specifically requested the aid of a replacement attorney to perfect and submit Klein's more powerful Federal Constitutional claims and to cure existing counsel's deficiencies; (2) that the motion to amend and supplement counsel's brief was granted but counsel was not provided; (3) the pro se brief was struck by the court without any statement as to why; and (4) the court did not expressly state that it was imposing a procedural bar nor was the brief untimely. Most importantly, Due Process principles attached when the appellate court granted Klein's motion to amend and supplement counsel's deficient brief; therefore, the court should have granted replacement counsel or reviewed Klein's claims on the merits.

(3) The M.J. is partially correct in that Klein repeated these claims as a basis for his ineffective assistance of counsel in the 26(B) application, (MJO Doc. 17, pg. 3) but the M.J. failed to recognize and mention the existence of all of the other evidence Klein presented to support the ineffective assistance of appellate counsel claim. Most importantly, these claims were first presented to the court of appeals either in Klein's pro se brief or counsel's brief; therefore, the claims were fairly presented and exhausted for purposes of advancing to the Ohio Supreme Court as soon as Klein exhausted appellate remedies on the ineffective assistance of appellate counsel claim in a 26(B) application. Additionally, there was no existing precedent for the circumstances at that time, whether to proceed to the Ohio Supreme Court with the pro se claims that were unconstitutionally struck by the court of appeals without a cause, or to proceed to the Ohio Supreme Court with counsel's brief which was factually and legally deficient, creating a factually deficient record, and possessed absolutely no chance of success, or to exhaust all of the lower court remedies before advancing to the Supreme Court. Therefore, Klein proceeded to exhaust remedies on his ineffective assistance of appellate counsel claim before advancing to the Ohio Supreme Court with all his claims. All of the claims were advanced from proceeding to proceeding at the same time which is the very essence of the exhaustion doctrine so that there is only one judgment from the State's highest court which contains all of the claims,

-4-

thus, all of the claims would be exhausted for one habeas petition at the same time. It would be impossible for some of Klein's claims to be exhausted and others to not be exhausted. This is based upon United States Supreme Court precedent which holds, "...we have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions." O'Sullivan v. Boerckel, 526 U.S., at 844, 119 S.Ct. 1728 (1999). And, "...state prisoners must give the state courts [one] full opportunity to resolve any constitutional issues by invoking [one] complete round of the State's established appellate review process." O'Sullivan, at 845/1732. It makes no logical legal sense to invoke the Ohio Supreme Court twice by leaving claims from direct appeal dangling in direct appeal because the exhaustion doctrine promotes efficiency and effectiveness in the State Courts as well as in the Federal Courts. And, most importantly, as the Sixth Circuit in White v. Schotten, 201 F.3d 743, 754 (6th Cir. 2000) made clear at that time, 26(B) applications are part of that <u>direct appeal</u> process; therefore, a defendant/appellant must have to exhaust direct appeal remedies before proceeding to the Ohio Supreme Court with any of his claims, especially in light of the circumstances where the court unconstitutionally struck the pro se brief without stating any reasoning leaving those claims unreviewed. This only makes logical and rational legal sense by exhausting remedies in the lower court before proceeding to the higher court. What Respondent is suggesting is that Klein should have proceeded to the Ohio Supreme Court directly from <u>direct appeal</u> which is, in fact, exactly what Klein did when proceeding to the Ohio Supreme Court with claims presented on direct appeal including an ineffective assistance of appellate counsel claim from "direct appeal." Thus, the claims were "fairly presented" in "one" round. This is all the exhaustion doctrine requires. There is no precedent and neither the M.J. nor Respondent provided one, requiring a defendant/appellant to proceed to the Ohio Supreme Court twice in order to obtain relief or to meet the exhaustion doctrines requirements because the exhaustion doctrine only requires "one round" of "direct appeal" not two in the court of appeals and "one round" in the Ohio Supreme Court not two. The M.J. and Respondent have failed to present any precedent which requires a petitioner to pursue two rounds. Their suggestion that Klein pursue another round of delayed appeal to the Ohio Supreme Court is contrary to clearly established Federal Supreme Court precedent. This would be both "repetitive"

and "futile," especially in light of the circumstances in this case where Klein was forced to present his claims pro se heavily against his will and abilities, and after specifically requesting replacement counsel. Another delayed appeal would be pointless since the Ohio Supreme Court has never in its history of existence ever supplied any defendant/appellant relief through delayed appeal in that court by that procedure and neither the M.J. nor Respondent has pointed to one. The United States statute provides in pertinent part, "An application for a writ of habeas corpus by a state prisoner shall not be granted unless petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights." 28 U.S.C. 2245(b)(1); Castille v. Peoples, 489 U.S., at 350, 109 S.Ct., at 1059 (1989). Circumstances existed which rendered proceeding to the Ohio Supreme Court before Klein pursued and exhausted the claim advanced in the 26(B) application that rendered access to the Ohio Supreme Court ineffective in protecting Klein's rights, and appeal to the Ohio Supreme Court was simply "unavailable" to Klein at that time because the court of appeals unconstitutionally struck Klein's pro se brief and counsel failed to present any claims which were arguably supported by evidence of record, Second, Klein was never provided notice by the court of appeals (1) that a judgment had been entered; (2) that the time for pursuing a 26(B) application and appeal to the Ohio Supreme Court was running (denying adequate notice and fair opportunity to respond); (3) Klein was not provided adequate notice of his right to proceed on a 26(B) application; (4) Klein was not provided notice of his right to counsel in the 26(B) proceedings; (5) Klein was not provided constitutionaly mandated counsel for the 26(B) proceedings; (6) Klein was not even provided the opportunity to obtain an attorney; (7) Klein was not given full and fair opportunity to demonstrate unconstitutional determinations on appeal and denial of constitutional rights. Here as in Reynolds v. Berry, 146 F.3d 345 (6th Cir. 1998) the state court's failure to provide "adequate" notice was cause for the procedural default. Reynolds, at 349. Seven (7) violations of Klein's Federally protected rights caused the defaults, and circumstances existed and still exist that render existing process ineffective to protect Klein's rights because there is and has been an absence of state corrective process that could effectively protect petitioner's rights in this

case. Klein could not bring the frivolous claims advanced by the appointed attorney to the Ohio Supreme Court without, at minimum, attempting to amend those deficiencies first, preferably, through the aid of competent and effective representation because the appellate attorney created a factually deficient record. These circumstances rendered appeal to the Ohio Supreme Court at that time, as well as now, ineffective to protect Klein's rights. Third, proceeding to the Ohio Supreme Court again, presenting it with exactly the same claims with the same evidence, (P. Supp. Exhibit Q) would be equally ineffective in protecting Klein's rights because it never supplies relief through that procedure. The court of appeals failed in its "...equal obligation of the state courts to protect constitutional rights of criminal defendants,..." Anderson v. Harless, 459 U.S. 4, 6 (1982), when it struck Klein's pro se brief without stating its reasoning, denying the aid of counsel, and Klein demonstrated that the brief was timely filed; therefore, any fault as to what transpired procedurally thereafter was the fault of the court and appellate counsel. Klein cannot be held responsible for procedural deficiencies caused by state court's unconstitutional denial of rights. Here as in Pillette, "...the state appellate court was obligated to examine the claim on its merits, and that the state court's failure to do so did not undermine the exhausted nature of the claim." Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir. 1987). Even though neither court reviewed the claims, both already "had a fair opportunity to review these issues and to require petitioner to trek through [another round in the Supreme Court] is to further to delay redress..." Pillette, at 497. Another review by the Ohio Supreme Court would be futile, since Klein has already presented that court with all of the claims advanced in his habeas corpus petition. Both courts simply chose not to address the merits of the pro se claims without stating a reason. (see travers/response regard as if fully rewritten herein).

(4) The M.J.'s finding, that, "Petitioner argues that his claims were presented to the Ohio Supreme Court by means of his application for reopening the appeal pursuant to Ohio App.R. 26(B)" (MJO Doc. 71, pg. 3, para. 4) is misunderstood and miscast. Klein does not argue that his claims were presented to that court by means of a 26(B) application. Klein did not attempt to either file a 26(B) application directly in the Ohio Supreme Court as this statement suggests, nor did Klein fail to present all of his claims on direct appeal. Instead, Klein argues that he consolidated his ineffective assistance of

-7-

appellate counsel claim with his pro se brief direct appeal claims in [one round] of the State's established appellate system as the exhaustion doctrine requires because again as the United States Supreme Court holds, "...we have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions." O'Sullivan v. Boerckel, 526 U.S., at 844, 119 S.Ct. 1728 (1999). And, "...state prisoners must give the state courts [one] full opportunity to resolve any constitutional issues by invoking [one] complete round of the State's established appellate review process." O'Sullivan, at 845/1732. And, "...a state prisoner need not have invoked every conceivably 'available' state remedy in order to avoid procedural default." O'Sullivan, at 855/1737. One round is all the exhaustion doctrine requires and that is what Klein has done. Since, the exhaustion doctrine only requires a petitioner to invoke one round in the court of appeals and one round in the Supreme Court there is no reason for Klein to proceed through the Ohio Supreme Court again with the same claims and evidence already presented there.

(5) The M.J.'s holding that Klein should pursue a delayed appeal to the Ohio Supreme Court presenting a second time the same claims and evidence already presented to that court is in error (MJO pg. 4, para. 1-2) because again the United States Supreme Court holds, that, "...a state prisoner need not have invoked every conceivably 'available' state remedy in order to avoid procedural default." O'Sullivan, at 855/1737 and 844/1732. Additionally, the United States Supreme Court holds, that, "Exhaustion should not be required 'whenever it may become clear that the alleged state remedy is nothing but a procedural morass offering no substantial hope of relief.' " Granberry v. Greer, 481 U.S. 129, 136 n.8, 107 S.Ct. 1671, 1676 n.8 (1987). The procedural "morass" is fully set forth in Klein's traverse/response and first four grounds for relief which provide a basis for meeting the cause and prejudice requirement. This entire case has been a state created procedural "morass" and classified as a "procedural trap" which Federal precedent forbids. Strickland v. Marshall, 632 F.Supp. 590, at 599 (S.D. Ohio 1986); Schneider v. Delo, 85 F.3d 335, 339 (8th Cir. 1995). The difference between Marshall and Klein's case is obvious. Klein was forced to represent himself at stages where he was entitled to the aid of competent counsel. (see first ground for relief and denial of counsel in 26(B) proceedings). The State caused the procedural default problem (as set forth in traverse) therefore, Klein cannot be held to

a procedural infirmity caused by unconstitutional determinations that were solely calculated to deprive Klein of Federally protected rights.

(6) The M.J. holding is contrary to fact. The M.J. held, regarding Klein's appeal to the Ohio Supreme Court, that, "Since the application is for the purpose of presenting claims of ineffective assistance of appellate counsel, this does not amount to a fair presentation of the underlying constitutional claims to the Ohio Courts." (MJO Doc. 71, pg. 3, para. 4). But, in Klein's memorandum in support of jurisdiction to the Ohio Supreme Court, Klein specifically points out to the Court, "First, this case involves a felony conviction contrived by the denial of federal and state constitutional rights." (see P. Supplemental Exhibit Q, pg. 1/9). Then Klein continues with the Federal claims advanced in the court of appeals in his pro se brief which included an additional claim of ineffective assistance of appellate counsel base upon numerous instances of ineffectiveness. This amounts to fair presentation of all of the claims to that court because the court was not reviewing these claims as "underlying" claims of ineffective assistance of appellate counsel. That is not the how they were presented. Second, the M.J.'s reliance of Lott v. Coyle is inconsistent with the facts of this case because the circumstances in Lott are far from similar to the circumstances that existed in Klein's case at that time. First, Lott failed to raise his claim on appeal. Lott, at 611 (i). And, he raised his claim for the first time in his Murnahan motion <u>only</u> as a basis' for his ineffective assistance of appellate counsel claim. Klein raised all of his claims first in his pro se brief directly in the court of appeals in the first appeal of right then used the claims a second time as a basis for ineffective assistance of appellate counsel in the 26(B) application; this, due to the unconstitutional determination of the appellate court in unconstitutionally striking Klein's pro se brief without a cause leaving Klein with only counsel's defective claims which were without sufficient force and sufficient factual and legal support to proceed directly to the Ohio Supreme Court. The legal question posed to Klein at that time was what to do when appellate counsel's brief turns out to be factually frivolous and arguably meritless? The Court of Appeals held each of counsel's claims to be without arguable evidentiary support or to be not legally arguable which supports Klein's complaints about that attorney's performance. Anderson v. California,... provides the procedure

to be employed by counsel and the court under such circumstances. (fully set forth in Klein's fourth ground for relief ineffective assistance of appellate counsel). This the court and counsel failed to do in violation of Klein's enumerated Federally protected rights. Third, Lott v. Coyle had not even been decided at the time the appellate court entered judgment in Klein's case, and it does not even cover the same or similar circumstances that existed in Klein's case because the Court of Appeals struck Klein's pro se brief without stating any reason after providing leave to file it which is in violation of Klein's Federally protected Due Process rights on an appeal as of right. White v. Schotten was the state of the law governing these circumstances. "[T]hose whose right to appeal has been frustrated should be treated exactly like any other appellant; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage of the proceedings." White, at 752. In addition, Klein possessed the right to counsel in the 26(B) proceedings which he did not receive, and Klein's rights to effective assistance of counsel were denied during the appeal after Klein specifically requested replacement counsel to aid in perfecting and submitting Klein's claims in Klein's Motion to Amend and Supplement Counsel's Brief. (P. Exhibit A, pg. 4). Then Klein's rights to have an attorney appointed to perfect and submit Klein's 26(B) application were denied in that stage of the proceedings which is a far cry from the circumstances in Lott. This constitutes cause for any existing procedural default and any infirmities in perfecting and drafting. The external cause for Klein's non-compliance with Rule 26(B) and whatever caused Klein's pro se brief to be struck on appeal was the court's failure to provide the requisite effective representation, its failure to provide any representation at all, its failure to provide notice of these rights prior to the 26(B) proceedings, and its failure to provide Klein with notice of the appellate court's entry of judgment. As the Sixth Circuit holds, "We conclude that Ohio Criminal defendants have a federal constitutional right to effective assistance of counsel during an application for reopening..." White v. Schotten, 201 F.3d 743, 754 (6th Cir. 2000). Therefore, since Klein was forced to proceed without the aid of counsel in the 26(B) proceeding and Klein does not qualify as constitutionally adequate effective counsel as guaranteed by the United States Constitution, then Klein should be permitted review of all of his Federal claims by the Federal Court. Neither, Lott, nor

McMeans v. Bringano, 228 F.3d 674, 684 (6th Cir. 2000) presented their claims on appeal. Neither, claimed total denial of counsel, and both only raised their federal claims for the first time as the underlying predicate for their ineffective assistance of appellate counsel in their 26(B) applications. Neither, claimed failure to provide notice of judgment, or failure to provide notice of rights that still exist under the Due Process Clause in the 26(B) proceedings. The Court in White declared that Due Process principles apply to 26(B) proceedings because it is direct appeal. Therefore, those cases do not compare to Klein's case. Additionally, "[S]tate remedies must be exhausted except in unusual circumstance," Castille v. Peoples, 489 U.S., at 350, 109 S.Ct., at 1059 (1989) such as exist in Klein's case as fully set forth herein, in Klein's traverse/response, and in Klein's first four grounds for relief in the habeas corpus petition.

(7) Neither the M.J., nor Respondent has cited any law or precedent requiring Klein to exhaust a delayed appeal to the Ohio Supreme Court under these particular set of circumstances, nor to have proceeded to the Ohio Supreme Court initially with the pro se brief claims that were unconstitutionally struck without cause before exhausting remedies on the ineffective assistance of appellate counsel claim. Nevertheless, (1) the court's decision to strike the pro se brief was in violation of Federally protected Due Process rights, (2) the state's failure to serve notice of judgment on Klein to properly notify him of when the time limits began running was in violation of Klein's Federally protected rights, (3) the Court's determination to deny Klein resources necessary (copies) for the filing of the 26(B) application was also in violation of Klein's Federally protected rights, (4) the courts failure to provide Klein with notice of any rights that he possessed after appeal in the 26(B) proceedings like the right to counsel was in violation of Klein's Constitutional rights. Therefore, the M.J. was in error in requiring Klein to proceed through another round in the Ohio Supreme Court as a requisite to meet the exhaustion doctrine because Klein has demonstrate more than sufficient cause, numerous constitutional violations that caused the default and constitutionally inadequate determinations on an appeal as of right. (see traverse and first four grounds for relief habeas).

(9) Klein objects to the M.J. failure to conduct a thorough review and render disposition on all of the other issues in Klein's traverse/response.

(as if fully rewritten herein for preservation on appeal). Klein presents numerous instances of cause and prejudice to overcome any procedural default. Klein presents a claim of actual innocence to excuse a procedural bar, and Klein presents evidence of the arbitrary state created procedural "morass" which caused the procedural problems caused by interference by the state courts and other government officials. Additionally, Klein is also relying on his first four grounds for relief to demonstrate cause and prejudice to overcome any procedural infirmities in this case. (regard as fully rewritten herein). Klein objectively demonstrates cause and prejudice based upon numerous constitutional violations. But, if this Court orders, Klein will, in fact, submit to another round of appeal to the Ohio Supreme Court if this District Court sees this is more appropriate.

(10) Although Klein did not specifically possess the Constitutional right to proceed pro se on appeal pursuant to, McMeans v. Brigano, 228 F.3d 674 (6th Cir. 2000) Due Process principles attached when the appellate court entered an order granting Klein's motion to amend and supplement counsel's brief (P. Exhibit A and B) and when it granted joint motion to exceed the page limit (P. Exhibit C) based upon the deficiencies in counsel's brief. Klein also specifically requested the aid of an attorney to perfect, draft, and timely submit Klein's pro se claims specifically to cure the deficiencies in the appointed attorney's brief because counsel's brief was in dire need of amendment. Additional amendments to counsel's brief became obvious upon further investigation as fully set forth in habeas fourth ground for relief. (regard as if fully rewritten herein). Klein's complaint should have been sufficient to alert the court that further inquiry was needed to resolve the problems and to cure the deficiencies in counsel's performance. Here, as in Bland v. California, 20 F.3d 1469, 1475-1479 (9th Cir. 1994), and Wilson v. Mintez, 761 F.2d 275 (6th Cir. 1985) see Bland at, 1479, (citing Wilson), once the court found reason based upon Klein's motion to amend and supplemental brief that caused it to grant that motion Due Process principles attached to Klein's litigation and further inquiry became necessary because Klein specifically requested replacement counsel to cure the deficiencies and perfect Klein's claims. The court had to have agreed that Klein's complaint possessed merit because it granted it. But, the court's failure to substitute counsel was erroneously denied. It was error of a Federal Constitutional

magnitude because the court had to have found the complaint meritorious or it would not have granted the motion. Nevertheless, Counsel's brief created a factually and legally deficient record, and <u>Klein did not request to proceed pro se</u> but was, in fact, forced to do so by the court's failure to properly remedy and cure to problems on the appeal. This serves as cause and prejudice to excuse the procedural default that occurred later as a result of the court's and counsel's deficiencies. The difference in McMeans and Klein's case is that the court in McMeans "gave the petitioner the option of dismissing his appellate counsel and relying on the claims presented in his brief, an option the petitioner 'made the considered decision' not to exercise." McMeans, at 683(B). Klein made no such decision, was not requesting to proceed pro se, and specifically requested the aid of another attorney to cure the problems. The Court knew it was ruling on a factually deficient appeal brief because Klein presented this fact. "...due process does require the state to allow the accused to present a complete defense, California v. Trombetta, 467 U.S. 479, 485, this even on appeal as of right. Klein was simply attempting to achieve a factually accurate, effective and meaningful appeal on the first appeal as of right as required by the Due Process Clause. Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 834 (1985). Factually inaccurate and legally deficient claims presented by an attorney on an appeal as of right does not comport with the demands of due process. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967). Equally unsettling is the fact that counsel raised no meritorious claims when the record was full of them. This can not be considered the result of a sound appeal strategic decision. The United States Supreme Court bids against such inadequate representation, " '[W]innowing out weaker arguments on appeal focusing on those more likely to prevail, far from being incompetence, is the hallmark of effective appellate advocacy.' " Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661 (1986). "It is not enough for the petitioner to merely argue that his appellate counsel failed to raise a non-frivolous claim, for counsel does not have a duty to advance every non-frivolous argument that is available. However, a petitioner may establish that counsel rendered constitutionally inadequate representation if the petitioner can show that counsel ignored obvious issues of strength, while including those which were clearly and significantly weaker. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Here, as in Mayo and Smith, counsel presented the weakest arguments,

most of which were not even of arguable merit nor supported by any evidence in the record and counsel's vague arguments do not suffice to render that appeal constitutionally adequate. All of which are cause for a procedural default.

Klein respectfully requests that the Magistrate Judge's Order (Doc. 71) be overruled and Klein's objections sustained for the foregoing reasons.

Respectfully submitted,

*[signature]*

Richard J. Klein III, 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

### CERTIFICATE OF SERVICE

Petitioner Klein hereby certifies that a true copy of the foregoing has been served upon counsel for respondent the Assistant Ohio Attorney General Diane Mallory at 150 East Gay Street Columbus Ohio 43215 by regular U.S. Mail on this 28th day of February, 2005.

*[signature]*

Richard J. Klein III