UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

05 MAR 15 AM 10:29

Richard J. Klein III,
    Petitioner,

vs.

Case No. C-1-01-794
Judge Beckwith; M.J. Black

Harold Carter, Warden,
    Respondent.

### PETITIONER'S RULE 12 MOTION TO STRIKE CORRECTION OF THE RECORD

Petitioner hereby respectfully requests that Respondent's Exhibit 36 (Hereinafter R.Exhibit) be struck or upgraded to include all of the evidence filed in the original pleading in the State Court for the reasons fully set forth herein.

Respectfully submitted,

Richard J. Klein III 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

(1) On December 21, 2004, Respondent filed an "Amended Return of Writ" including exhibits (parts of the state record)(Doc. 63). Respondent's Exhibit 36 was deficient as to the attachments to that exhibit are no longer attached as it was when it was filed. This is convenient for Respondent since this is one of the primary pieces of evidence that Petitioner is specifically relying upon to demonstrate cause for the delay in filing of Petitioner's Delayed Motion 26(B) application and notice of appeal to the Ohio Supreme Court. Initially, Petitioner placed of record in the state court the original of this evidence set forth in the motion (R.Exhibit 36) along with a copy to expedite matters because the exhibit was to large to copy on ordinary standard size paper. This exhibit is not attached to Respondent's exhibit 36 as it was when it was filed in the state court. Therefore, Respondent's (R.Exhibit 36) cannot be relied upon for an accurate and adequate determination of the issues presented because it is devoid of the evidence attached when filed by Petitioner. This evidence is pertinent to the outcome of the case and Respondent's failure to supply this exhibit with the document that it was attached to is prejudicial to Petitioner's habeas action.

Specifically, Petitioner attached the original of appellate counsel's certified mail envelope which contained dated evidence to demonstrate when Petitioner was notified of the appellate court's judgment entry. This evidence demonstrates that Petitioner was not notified until after the 90 day period provided by App. R. 26(B) had expired which made compliance with that rule impossible, and second, Petitioner was not provided timely notice by the court that the appellate court judgment had been entered. Petitioner, under the particular circumstances in this case, qualified to have notice of judgment served directly upon him because the court of appeals required Petitioner to proceed pro se representing himself thus establishing entitlement to timely notice and service of the judgment upon him personally as Petitioner fully sets forth the circumstances referred to herein in "Petitioner's Traverse/Response to Respondent's Amended Answer/Return of Writ." (Doc. 70). Nevertheless, the exhibit missing out of (R. Exhibit 36) is "exhibit 1-Notification from appellate counsel Bernard Mundy of the judgment from the court of appeals affirming conviction." Petitioner has supplied an accurate copy of this document on the federal docket in the filing of his amended habeas corpus. (See P. Exhibit F, in "Petitioner's Exhibits A through P").

Therefore, to avoid any misinterpretation of the evidence, Petitioner respectfully requests that this court either order Respondent to correct the record (R. Exhibit 36) with an accurate copy containing this evidence, or to strike (R. Exhibit 36) and rely entirely upon Petitioner's (P. Exhibit F) in rendering its determination.

Respectfully submitted,

Richard J. Klein III, 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true copy of the foregoing has been served upon counsel for respondent Assistant Ohio Attorney General Diane Mallory by regular U.S. mail at 150 East Gay Street, Columbus Ohio 43215 on this 14th day of March, 2005.

Richard J. Klein III 350-022