FILED
JAMES BONINI
CLERK

05 APR -4 PM 1:09

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard J. Klein III,
   Petitioner,

vs.

Case No. C-1-01-794
Judge Beckwith; M.J. Black

Harold Carder, Warden,
   Respondent.

**PETITIONER'S RESPONSE TO MAGISTRATE JUDGE'S FEBRUARY 14, 2005, ORDER AND TO THE DISTRICT COURT JUDGE'S MARCH 25, 2005, ORDER OVERRULING OBJECTION**

On February 14, 2005, Magistrate Judge Black placed of record an Order (Doc. 71) rendering factually inaccurate determinations of the procedures and erroneously suggesting Petitioner/Klein to pursue another delayed appeal to the Ohio Supreme Court to present to that Court the same claims already presented to that Court. On February 28, Petitioner filed a pro se "Petitioner's Objection to Magistrate Judge's February 14, 2005, Order." (Doc. 73). Then on March 22, 2005, the District Court overruled Petitioner's Doc. 73 objection stating that Petitioner had not appropriately responded to the Magistrate Judge's (Doc. 71) Order and provided until April 8, 2005, to submit an additional response to the Magistrate Judge's (Doc. 71) order.

Respectfully submitted,

*[signature]* Richard J. Klein III

Richard J. Klein III 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

(1) On approximately March 22, 2005, the District Court filed an order (Doc. 77) overruling Petitioner's objection (Doc. 73) to the Magistrate Judge's February 14, 2005, order. The District Court provided until April 8, 2005, for Petitioner to respond. Herein, is Petitioner's response. The District Judge held, "Petitioner's objection is overruled because he has not demonstrated that the Magistrate Judge erred by requiring him to make such clarification on the record." (Doc. 77, pg. 2). But, Petitioner did, in fact, demonstrate that the Magistrate Judge erred. The main issue is whether Petitioner intended to pursue another appeal to the Ohio Supreme Court was addressed, but this was merely one of many errors incorporated in the Magistrate Judge's order. Petitioner specifically detailed whether or not Petitioner intended to pursue another delayed appeal to the Ohio Supreme Court and fully set forth the reasoning involved under the particular extraordinary circumstances in this case. This issue was addressed when Petitioner stated the following, "Klein objectively demonstrates cause and prejudice based upon numerous constitutional violations. But, if this Court (District Court) orders, Klein will, in fact, submit to another round of appeal to the Ohio Supreme Court if this District Court sees this is more appropriate." (Doc. 73, pg. 12, para. 9). Therefore, Petitioner has stated whether or not he intends to proceed through another round in the Ohio Supreme Court, and Petitioner cannot understand what this District Court is requiring because Petitioner has submitted a fully detailed explanation as to whether or not he intends to proceed to the Ohio Supreme Court again with the same claims and evidence already presented to that court and has fully set forth in detail the circumstances that make this legally unnecessary to comply with the exhaustion doctrine's requirements under the existing circumstances. In addition, The Sixth Circuit holds under similar circumstances:

> "...claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Ohio Supreme Court; and, where the time periods for reconsideration in the court of appeals and direct appeal to the Ohio Supreme Court have expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, and, if delayed reconsideration is denied, the defendant must file a delayed appeal in the Ohio Supreme Court." Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Therefore, once Petitioner/Klein proceeded to the Ohio Supreme Court from the court of appeal's with the application for delayed reconsideration pursuant to App.R. 26(B), the appeal to the Ohio Supreme Court cannot be considered anything other but the appropriate motion for "delayed appeal" to the Ohio Supreme Court. The Sixth Circuit's reasoning in Rust was based upon the Ohio Supreme Court's position in State v. Murnahan as to whether the appeal from the application for delayed reconsideration is considered a delayed appeal to the Ohio Supreme Court. The Sixth Circuit finds that it is considered a delayed appeal to the Ohio Supreme Court. Therefore, Petitioner has already exhausted that remedy once. As Petitioner has pointed out in Petitioner's objection and [one] round of appeal to the Ohio Supreme Court is all that is required to fulfill the exhaustion requirement and to avoid procedural default because the United States Supreme Court holds:

> "...we have not interpreted the exhaustion doctrine to require prisoners to file repetitive petitions." O'Sullivan v. Boreckel, 526 U.S., at 844, 119 S.Ct., at 1728 (1999).
> "...a state prisoner need not have invoked every conceivably 'available' state remedy in order to avoid procedural default." O'Sullivan, at 855/1737.
> "...state prisoners must give the state courts [one] full opportunity to resolve any constitutional issues by invoking [one] complete round of the State's established appellate review process." O'Sullivan, at 845/1732.

Here, as in Pillette, even though neither court reviewed the claims, both already "had a fair opportunity to review these issues and to require petitioner to trek through [another round in the Supreme Court] is to further to delay redress..." Pillette v. Foltz, 824 F.2d 494, 497 (6th Cir. 1987). Additionally, "...the state appellate court was obligated to examine the claims on its merits, and that the state court's failure to do so did not undermine the exhausted nature of the claim." Pillette, at 497.

(2) Petitioner specifically pointed out how many issues the Magistrate Judge touched upon in the (Doc. 71) order and addressed all of them as being either in legal or factual error. Petitioner is entitled by law and is required by law to object to the Magistrate Judge's reports recommendations and orders for preservation on record for appeal those issues which are legally and factually inaccurate. If the Magistrate Judge expectations were any less, then the order would not have possessed any factually and legally

-3-

deficient findings. The Magistrate Judge's order was misleading in pertinent factual issues. Petitioner clearly demonstrates that the record does not support the Magistrate Judge's findings in that order, and the Magistrate Judge was clearly in error of law in those issues regarding the procedures involved in this case. Petitioner possesses the Constitutional right to object to (1) any unsound reasoning in a Magistrate Judge's report recommendation or order, (2) Petitioner is obligated to point out and object to any incorrect erroneous findings of fact, and (3) Petitioner is required to object to any legal errors at the time a Magistrate Judge's order is placed of record for preservation on the record for appeal. Petitioner's objection (Doc. 73) contained sufficient information for the District Court to find whether or not Petitioner intends to pursue a delayed appeal to the Ohio Supreme Court with enough facts and details to demonstrate why Petitioner should not pursue this remedy. Petitioner set forth everything, therefore, cannot see what the problem is since Petitioner has already complied with all of the law concerning exhaustion and procedural default and has complied with the Magistrate Judge's order.

(3) The Magistrate Judge erred as a matter of law by upholding Respondent's erroneous reasoning that Petitioner should pursue another delayed appeal to the Ohio Supreme Court again for a second time with the same claims already advanced there.

(4) More importantly, had Petitioner received from the State the Federal Constitutionally mandated representation at the stages in the proceedings where Petitioner was Constitutionally entitled to such representation this would not have become necessary.

(5) Petitioner readvances all of the objections advanced in Petitioner's objection to the Magistrate Judge's (Doc. 71) order.

Respectfully submitted,

Richard J. Klein III 350-022
Petitioner/pro se
R.C.I. P.O. Box 7010
Chillicothe, Ohio 45601

CERTIFICATE OF SERVICE

Petitioner hereby certifies that a true copy of the foregoing has been served upon counsel for respondent Assistant Ohio Attorney General Diane Mallory by regular U.S. mail at 150 East Gay Street, Columbus, Ohio 43215 on this 29th day of March, 2005.

-4- Richard J. Klein III