# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

———————————————

Richard J. Klein,
      Petitioner


    vs                       Case No. 1:01cv794
                                (Beckwith, J.; Black, M.J.)


Harold Carter,
      Respondent

———————————————

## REPORT AND RECOMMENDATION

———————————————

Petitioner, an inmate in state custody at Southern Ohio Correctional Facility in Lucasville, Ohio, has filed this action pro se for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 conviction in the Hamilton County, Ohio, Court of Common Pleas for involuntary manslaughter, felonious assault and endangering children.  (Doc. 53).  This matter is before the Court on the petition, as amended, respondent's amended return of writ, petitioner's traverse, and petitioner's response to the Magistrate Judge's order directing petitioner to inform the court whether he intends to pursue a delayed direct appeal to the Supreme Court of Ohio.   (Docs. 53, 63, 70, 78).

### Procedural Background

On January 13, 1997, petitioner was indicted by the Hamilton County, Ohio, grand jury on the following charges:   one count of felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1); and three counts of child endangering in violation of Ohio Rev. Code § 2919.22.  (Doc. 35, Ex. 1). Once the victim died, the state obtained a new indictment which added one count of murder as defined in Ohio Rev. Code § 2903.02(A) and one count of involuntary manslaughter as defined in Ohio Rev. Code § 2903.04(A).  (*Id.*, Ex. 2). A jury found petitioner guilty of all but the

murder count.  (Tr. 700-701).  The trial court sentenced petitioner to consecutive sentences of ten years for involuntary manslaughter, eight years for felonious assault, eight years for endangering children (count four) and five years for endangering children (count six).  (Tr. 729). The Court merged two child endangering counts, counts four and five, for sentencing purposes. (Tr. 729; Doc. 35, Ex. 13, n. 1).

On September 12, 1997, petitioner filed a notice of  appeal of his conviction to the Ohio Court of Appeals. (Doc. 35, Ex. 13 at 3).   On December 4, 1998,  that court dismissed the appeal because the trial court failed to issue a judgment entry conforming to the requirements of Ohio Criminal Rule 32(B) by including the pleas to the offenses charged and the jury's verdicts.  (Doc. 35, Ex. 13).  On December 29, 1998, the trial court entered the correct judgment entry *nunc pro tunc*. (*Id.,* Ex. 14).

Petitioner's newly appointed counsel filed a brief raising the following assignments of error on appeal:

1.  The Trial Court erred in denying the Defendant's Motion for a new Trial when the State failed to provide the Defendant with exculpatory evidence.

2.  The Defendant-Appellant received ineffective assistance of counsel.

3.  The Trial Court erred to the prejudice of the Defendant-Appellant when it overruled his motion  for new trial.

4.  The Trial Court erred to the prejudice of the Defendant-Appellant when at the sentencing, it fashioned a sentence imposing consecutive commitments upon Defendant-Appellant on all but one count for which he was convicted.

5.  The Trial Court erred to the prejudice of the Defendant-Appellant when it denied his Crim. R. 29 motions.

6.  The Trial Court erred to the prejudice of the Defendant-Appellant by admitting gruesome slides and photographs into evidence.

7.  The Trial Court erred to the prejudice of the Defendant-Appellant

2

when it wrongfully included a complicity charge to the jury.

(*Id.,* Ex. 15).

On September 21, 1999, petitioner filed a *pro se* motion for leave to file a late amended and supplemental brief, filing the brief on that same day.  (*Id.,* Ex. 17). The Ohio Court of Appeals overruled the motion and ordered the brief stricken.  (*Id.,* Exs. 18, 19). The Ohio Court of Appeals further denied petitioner's motion requesting the Court to reconsider that ruling. (*Id.*, Exs. 20, 21).   On December 3, 1999, the Ohio Court of Appeals issued an opinion overruling petitioner's assignments of error and affirming the trial court's judgment.  (*Id.,* Ex. 22). The Ohio Court of Appeals made the following findings of fact pertaining to petitioner's offense which are entitled to a presumption of correctness:[1]

> Richmond and her twelve-year-old son, Matthew, resided with Klein. Matthew was developmentally delayed and suffered from periodic seizures. Even though Matthew was twelve years of age, he was only three and one-half feet tall and weighed only sixty-five pounds.

> The record indicates that Matthew also suffered periods of incontinence. Prior to January 1, 1997, Klein had disciplined Matthew for incidents of incontinence by immersing the child in a tub of cold water. During the evening of January 1, 1997, Matthew suffered another incident, and Klein took him into the bathroom while Richmond remained in another room. Approximately twenty-five minutes later, Klein emerged from the bathroom and reported to Richmond that Matthew had been accidentally burned.

> Neither Klein nor Richmond sought immediate medical treatment for Matthew. Instead they treated Matthew's burns with cold, wet sheets and Noxzema skin lotion. The next day, Richmond summoned

---

[1]28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner failed to rebut the court's findings with clear and convincing evidence.

paramedics when she discovered that Matthew's breathing had become rapid and shallow. Matthew was initially taken to Children's Hospital on January 2, 1997. Later that day he was transferred to Shriners Burns Hospital. He died at Shriners eleven days later.

Matthew's treating physician at Shriners, Dr. Glenn Warden, testified that Matthew had suffered third-degree burns covering seventy-four percent of his body. Warden stated that the injuries were consistent with Matthew having been immersed in twelve inches of 140-degree water for five seconds. According to Dr. Warden, Matthew died of pulmonary lung damage secondary to the burns. The doctor further opined that the delay in seeking medical treatment also contributed to Matthew's death.

Richmond and Klein had initially told the authorities that Matthew was accidentally burned while Richmond was bathing him. They maintained that Matthew turned on the hot-water faucet when Richmond momentarily left him unattended. Later, Richmond recanted this account and told investigating officers that Matthew had suffered his injuries at Klein's hands. Armed with this account, the officers accompanied Richmond to Klein's residence. Richmond's attempts to open the front door of the residence were to no avail because it had been nailed closed. The officers then encountered Klein at the rear of the residence, and he was taken into custody.

Further investigation revealed that Klein had left a note for Richmond in which he claimed that he did not intend to harm Matthew and that his injuries had resulted from an accident. Klein gave the same account to investigating officers. He stated that he had accidentally burned the child while he was cleaning him with a hose that was attached to the faucet. Richmond ultimately entered a plea of guilty to one count of child endangering. She was sentenced to a term of incarceration for that offense.

(Doc. 35, Ex. 22 at 2-4) [footnote omitted].

On January 11, 2000, petitioner filed yet another amended and supplemental brief, but the Court *sua sponte* struck the brief "for failure to

comply with the Rules of Appellate Procedure" because the case was no longer pending before the Court.  (*Id.*, Ex. 24).

Petitioner did not appeal to the Ohio Supreme Court.

On August 2, 2000, petitioner filed a *pro se* application for a writ of habeas corpus in the Ohio Court of Appeals, Twelfth Appellate District, raising the following grounds for relief:

> I. The Trial Court failed to file a judgment of conviction leaving Appellate Court without jurisdiction to review case, causing dismissal of appeal, and violating Petitioner's due process and speedy trial rights.

> II. The Trial Court was without jurisdiction to place of record a nunc pro tunc judgment of conviction after a 19 month delay and the nunc pro tunc order is an invalid judgment.

> III. The Trial Court is divest of jurisdiction to impose sentence.

(*Id.*, Ex. 25).

Respondent filed a motion to dismiss which the Ohio Court of Appeals granted on October 6, 2000.  (*Id.*, Exs. 26, 28). The Court ruled that habeas corpus was not the appropriate avenue to bring these claims because petitioner had an adequate remedy at law by way of a direct appeal and in any event, that the *nunc pro tunc* entry was a proper means of making the record conform to what had transpired in the criminal proceedings. (*Id.*, Ex. 28). Petitioner appealed to the Supreme Court of Ohio raising the following propositions of law:

> I.  When a court exceeds its power in entering a purported nunc pro tunc order that order is invalid.

> II.  Delay of 18 months between notice of appeal and affirmance of judgment by state court violates due process and Sixth Amendment speedy trial rights.

(*Id.*, Ex. 29).

Respondent filed a motion to strike petitioner's brief, arguing that he was not served with a copy, which petitioner opposed.  (*Id.*, Exs. 30, 31, 32). In an entry filed on March 21, 2001, which specifically referred to these filings, the Supreme Court of Ohio *sua sponte* dismissed the case. (*Id.,* Ex. 35).

On January 2, 2001, petitioner filed *pro se* a delayed application to reopen his appeal pursuant to Ohio R. App. P. 26(B), wherein he alleged that his appellate counsel was ineffective because he failed to raise some claims and argued others ineffectively. (*Id.,* Ex. 36). Petitioner asserted the following assignments of error:

> I. The Trial Court erred in denying Klein's motion for new trial when the State failed to provide defense with exculpatory evidence, in violation of Klein's due process, confrontation, and compulsory process rights.

> II. The Trial Court erred when the State presented false misleading (sic) evidence through police testimony which prejudicially effected the defense in violation of due process rights.

> III. The Trial Court erred when the State presented Klein's alleged confession to the jury in violation of Fourth, Fifth, and Fourteenth Amendment due process rights.

> IV. The Trial Court erred when the State presented highly inflammatory, inadmissible, prejudicial, opinion testimony of police in violation of Klein's

due process rights.

V. The Trial Court erred when the State failed to prove beyond a reasonable doubt the essential element of reckless (sic) in the charges of endangering and knowingly in the charge of felonious assault in violation of Klein's due process rights.

VI. The Trial Court erred when the State presented highly inflammatory inadmissible hearsay testimony in violation of due process rights.

VII. The Trial Court erred when it sentenced Klein to maximum consecutive terms of incarceration for four offences (sic) arising out of a single incident and consecutive sentences exceeding the maximum prison term allowed by Division (A) for the most serious offense R.C. 2953.085(C).

VIII. Trial counsel was ineffective by his failure to make appropriate objections, failure to challenge prejudicial inadmissible evidence, failure to investigate, failure to properly cross-examine witnesses, and failed to assert other rights in violation of the Sixth and Fourteenth Amendments.

(*Id.,* Ex. 37).

On July 27, 2001, the Ohio Court of Appeals denied petitioner's application as untimely, finding that petitioner failed to show good cause for the delay in filing. (*Id.,* Ex. 39)  Petitioner appealed this ruling to the Ohio Supreme Court, asserting the following propositions of law:

I. Is double jeopardy, due process and equal protection of the law denied when a court imposes five maximum consecutive sentences R.C.

2953.08A(1), ". . . arising out of a single incident. . ." R.C. 2953.08A(1)(b); " . . .and the consecutive sentences exceed the maximum prison term allowed for the most serious offense. . ." (sic)

II. Prisoners have a constitutional right of access to the courts; the state nor its officers may abridge nor impair this right. (sic)

III. Defendants have a right to an advocate in mandatory appeals; counsel has an ethical responsibility of constitutional dimension to argue zealously those issues contained of record, and to raise arguable issues consistent with the law.  Ohio Appellate Rule 26(B) provides that an application for reopening is to be filed within ninety days from the journalization of the appellate judgment sought to be reopened unless the applicant shows good cause for filing at a later time.

IV. The court of appeals abused its discretion when it struck appellant's pro se brief which was, in fact, timely filed denying due process, access to the courts and an adequate meaningful review on appeal in violation of federal and state Constitutional rights.

V. Due process requires the prosecution to disclose exculpatory evidence to defense when it is material to guilt or punishment.

VI. A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.

VII. If the totality of the circumstances reveals that

8

the statement was the direct result of the
exploitation of the Fourth Amendment violation,
the statement and any additional evidence
thereafter is inadmissible.

VIII. Prosecutor's duty is . . . to refrain from
improper methods calculated to produce wrongful
convictions.

IX. The due process clause protects the accused
against conviction except upon proof beyond a
reasonable doubt of every fact necessary to
constitute the crime with which he is charged.

X. Trial counsel has an ethical responsibility of
constitutional dimension to zealously represent his
client's interests (1A.B.A. Standards (1982 Supp.))
No. 4-4.1, consistent with is a duty to conduct
reasonable investigation, present pertinent
exculpatory evidence, conduct appropriate cross-
examination, and to assert any other rights
defendant may possess [sic].

(*Id.*, Ex. 41).

On October 24, 2001, the Supreme Court of Ohio dismissed the
appeal as not involving any substantial constitutional question.  (*Id.,* Ex. 43).

On January 11, 2001, petitioner filed his first federal habeas corpus
petition which the Court dismissed without prejudice for failure to exhaust
state court remedies.  (*Id.*, Ex. 44).  In his report and recommendation, the
Magistrate Judge inferred from the petition that a direct appeal of
petitioner's conviction to the Supreme Court of Ohio and an application to
reopen the direct appeal filed in the Ohio Court of Appeals remained
pending. *Klein v. Russell,* Case No. 1:01cv10, Doc. 5 (S.D. Ohio March 28,
2001).

On November 16, 2001, petitioner filed a new habeas corpus petition

which he then amended on three occasions.  (Docs. 1, 15, 27, 53).  In the current petition pending before this Court, petitioner raises the following grounds for relief:

> Ground One: The First District Court of Appeals unreasonably struck Petitioner's timely filed pro se appeal brief and denied replacement appellate counsel which denied Petitioner due process, equal protection, an adequate and meaningful review, right of access to the courts, and effective assistance of appellate counsel.

> Ground Two: Appellate counsel and the clerk of courts failed to give proper notice of appellate court's December 3, 1999, judgment entry affirming conviction. The court of appeals, in denying Petitioner access to the courts, denied Petitioner federally mandated due process, equal protection, an adequate and meaningful appeal, and effective assistance of appellate counsel.

> Ground Three: The Court of Appeals, in denying Petitioner's application to reopen pursuant to App.R. 26(B), denied Petitioner of clearly established federal Constitutional rights of due process, equal protection, effective assistance of appellate counsel, and the right of access to the courts.

> Ground Four: Petitioner was denied due process, equal protection and effective assistance of appellate counsel on an appeal as of right.

> Ground Five: Petitioner was denied due process when the prosecutors failed to disclose three (3) forms of exculpatory evidence.

> Ground Six: The state knowingly presented false, perjured and vouching testimony in violation of

Petitioner's due process rights.

Ground Seven: The State violated Petitioner's Fifth and Fourteenth Amendment rights when it presented at trial detectives' testimony of alleged statements made by Petitioner during interrogation, and Petitioner was denied a fair hearing and reliable determination of voluntariness. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 1781 (1964).

Ground Eight of Petitioner's former petitions has been omitted from the instant petition.

Ground Nine: Detectives made an unlawful warrantless arrest without probable cause, and prosecutors presented alleged admission stemming from this unlawful arrest at trial in violation of Petitioner's Fourth and Fourteenth Amendment rights.

Ground Ten: Insufficiency of the evidence.

Ground Eleven: Ineffective Assistance of Trial Counsel.

Ground Twelve: The State took two dramatically opposed positions on evidence against Petitioner and co-defendant Richmond in violation of Petitioner's due process rights.

Ground Thirteen: By imposing multiple punishments for what is indisputably one offense, the trial court violated the Fifth Amendment Double Jeopardy Clause.

Ground Fourteen: Unjustified and lengthy delay between the finding of guilty and court of appeals' resolution of appeal denied Petitioner due process and speedy trial and appeal rights.

11

Ground Fifteen: Petitioner was denied due process on appeal as of right to the Ohio Supreme Court when the court dismissed Petitioner's timely filed merit brief.

(Doc. 53).

## OPINION

### I.  Petitioner waived his ineffective assistance of appellate counsel claims, asserted in ground four of the petition.

As his fourth ground for relief petitioner alleges that his appellate counsel was constitutionally ineffective for omitting claims from his appellate brief and arguing the claims raised incompetently and without proper citation to the record.  Respondent argues that petitioner has waived his ineffective assistance of appellate counsel claim due to a procedural default committed in state court.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of the claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims

12

in the state courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

It is well-settled that on federal habeas corpus review the court may be barred from considering an issue if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules, including the failure to

13

make a timely objection at trial.  *Id.* at 261; *Wainwright,* 433 U.S. at 86-87; *see also McBee v. Grant,* 763 F.2d at 813.  An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless the petitioner can satisfy the cause and prejudice standard regarding the alleged violation of federal law or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262.  A procedural default will not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar,  *Harris,* 489 U.S. at 263, although when the last reasoned state court decision rests both on a procedural default and an alternative ruling on the merits the claim is barred from federal habeas review.  *Coleman,* 501 U.S. at 729; *Harris,* 489 U.S. at 264 n.10; *McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991); *McBee v. Grant,* 763 F.2d at 813.  In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

    The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied.  *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).  To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases."  *Dugger v. Adams,* 489 U.S. 401, 410 n. 6 (1989); *see Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000), *cert. denied,* 531 U.S. 1082 (2001).  Furthermore, adequacy requires application of the rule "evenhandedly to all similar claims." *Hathorn v. Lovorn,* 457 U.S. 255, 263 (1982); *Maes v. Thomas,* 46 F.3d 979, 986 (10th Cir.), *cert. denied,* 514 U.S. 1115 (1995).

    Petitioner presented his ineffective assistance of appellate counsel claim to the state court in his application for reopening pursuant to Rule 26 (B) of the Ohio Rules of Appellate Procedure.  (Doc. 35, Ex. 37).  The Ohio

Court of Appeals, the last court to render a reasoned opinion on petitioner's claim, denied the application because petitioner had failed to show good cause for his untimely filing. (Doc. 35, Ex. 39). The Ohio Court of Appeals, was the last court to render a reasoned opinion on petitioner's claim. The Ohio Supreme Court's later unexplained decision summarily dismissing the appeal "as not involving any substantial constitutional question" must be presumed to rest on the same procedural default. *Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

The state law ground relied on by the Ohio courts in rejecting petitioner's ineffective assistance of appellate counsel claims, turning upon the "good cause" requirement in Rule 26(B), was an adequate basis for decision. In 2001, at the time of petitioner's application to reopen his appeal, it was a well-established, regularly followed practice in Ohio for the courts to foreclose review of untimely ineffective assistance of appellate counsel claims brought in an application to reopen an appeal. *Monzo v. Edwards,* 281 F.3d 568, 577-578 (6th Cir. 2002); *see Knuckles v. Brigano,* 70 Fed.Appx. 830, 841, 2003 WL 21771949, at **11 (6th Cir. July 22, 2003), *cert. denied,* 508 U.S. 981 (2004); *Lewis v. Randle,* 36 Fed.Appx. 817, 819, 2002 WL 847985, at **2 (6th Cir. April 30, 2002), *cert. denied,* 537 U.S. 1137 (2003).

Accordingly, petitioner's ineffective assistance of appellate counsel claim is barred from review by this Court, either as cause for default of his other claims or as an independent claim, absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the claim is not considered.

In his motion for delayed reopening, petitioner raised the following four reasons for his delay: (1) he did not receive notice of the Ohio Court of Appeals decision on direct appeal until February 27, 2000 when counsel sent him a copy of the December 3, 1999 judgment (2) he could not readily identify his claims, (3) he did not have the funds to make the appropriate

copies and the state court denied his motion to reduce the number of copies
and (4) his transfer to another institution which delayed his monthly pay
further delayed his ability to make copies.  (Doc. 35, Ex. 36).  In his
traverse, petitioner argues as cause for his procedural default that the Ohio
Court of Appeals failed to appoint counsel to assist him with his delayed
application for reopening. (Doc. 70 at 11, 14).

In denying petitioner's application for delayed reopening, the Ohio
Court of Appeals reasoned:

> The appellant's application and motion were filed
> over a year after this court's judgment was
> journalized.  App. R. 26(B) requires an application
> for reopening to be filed within ninety days of
> jounalization of the appellate judgment, unless the
> applicant shows good cause for the delay.  The
> appellant states that he did not receive this court's
> decision until the ninety-day period had almost
> expired, and that the ensuing ten-month period of
> delay was occasioned by his inability, as a
> layperson, to identify his appellate counsel's
> deficiencies and by his indigency, which was, in
> turn, complicated by his subsequent transfer to
> another correctional facility and an accompanying
> "delay[]" in "monthly state pay."  Ignorance of, or
> inexperience with, the law does not constitute good
> cause for the untimely filing of an application for
> reopening. And the appellant's claim of indigency
> lacks the specificity necessary to provide
> justification for the remaining ten-month delay.

(Doc. 39) [citations omitted].

To establish cause, petitioner must show that "some objective factor
external to the defense impeded [his] efforts to comply with the State's
procedural rule."  *Carrier,* 477 U.S. at 488; s*ee Coleman,* 501 U.S. at 753
("[C]ause" is "something external to the petitioner" which "cannot be fairly
attributed to him."). Petitioner's difficulty in identifying viable claims is an

16

insufficient excuse  because ignorance of the law does not establish cause. *See Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)) *petition for cert. filed* (No. 04-6312) (U.S. June 30, 2004). Although ineffective assistance of counsel may constitute cause, in this case, counsel's delay in forwarding petitioner a copy of the Ohio Court of Appeals decision, was responsible for a very small portion of the overall delay. During his Rule 26(B) proceeding,  petitioner attributed most of the delay to his difficulty in amounting sufficient funds to make copies of his application. In his traverse, he also blames the absence of counsel for his late filing.

Petitioner argues that he has a right to have copies made for him free of charge[2] and counsel appointed based on the Sixth Circuit's decision in *White v. Schotten,* 201 F.3d 743 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000). In *White,* the Sixth Circuit held that a federal habeas petitioner could argue as "cause" for his procedural default in failing to file a timely reopening application that he was denied effective assistance by an attorney representing him in the reopening matter because an application to reopen an appeal under Ohio R. App. P. 26(B) is part of a criminal's direct appeal, to which the Sixth Amendment right to counsel attaches.  Although  *White* may be re-evaluated in a case currently pending before the Sixth Circuit for en banc decision, *see Lopez v. Wilson,* 355 F.3d 931 (6th Cir.), *vacated for rehearing en banc,* 366 F.3d 430 (6th Cir. 2004), to date, the Sixth Circuit has not overruled *White.*  However, an unpublished decision by a Sixth Circuit panel in a case involving a statute of limitations issue–*Lambert v. Warden, Ross Correctional,* 81 Fed.Appx. 1, 8-10 (6th Cir. Sept. 2, 2003) (not published in Federal Reporter)*,* and the Ohio courts' "overwhelmingly unfavorable" response to *White,* have raised doubts about *White*'s "continuing viability."  *Eads v. Morgan,* 298 F.Supp.2d 698, 705, 707 (N.D. Ohio 2003); *see also Williams v. Bagley,* 380 F.3d 932, 972 (6th Cir. 2004) (without deciding the question, a Sixth Circuit panel noted that "this court continues to wrestle with the issue of whether the Rule 26(B) procedure implicates the Sixth Amendment right to counsel"), *cert. denied,* __ S.Ct. __,

---

[2]As part of  ground two, petitioner asserts that he was deprived of due process when the state court refused to reduce the number of copies in his Rule 26(B) proceedings.  For the reasons stated above, this claim lacks merit either as an independent claim or as cause for petitioner's default.

17

2005 WL 461247 (U.S. Apr. 25, 2005) (No. 04-8810). Indeed, the Ohio
Supreme Court recently determined in express disagreement with *White* that
an application for reopening of the appeal under Ohio R. App. P. 26(B) is a
collateral post-conviction remedy rather than part of the direct appeal and,
therefore, does not implicate constitutional concerns. *Morgan v. Eads,* 818
N.E.2d 1157 (Ohio 2004). This decision by the state's highest court raises
serious concerns about *White*'s precedential value, particularly in light of the
deference federal courts must accord to the state courts as "the final
authority on state law" issues. *See Eads,* 298 F.Supp.2d at 707, 709.

In any event, this case is distinguishable from *White* because, based on
his own admission, petitioner was not represented by counsel in the
reopening matter. Petitioner, therefore, cannot claim as in *White* that any
attorney error caused the untimely filing of his reopening application. No
court has extended *White*'s holding to require the appointment of counsel to
assist in the initial filing of a reopening application or to find "good cause"
for excusing an untimely filing based solely on the fact that the applicant did
not have counsel to submit a timely reopening application. Indeed, the Ohio
courts have unanimously held otherwise. *See, e.g., Eads,* 818 N.E.2d at
1160-61; *Gross, supra,* 2005 WL 793141, at *1 (and state cases cited
therein); *State v. Collins,* No. 00AP-650, 2002 WL 77117, at *1 (Ohio Ct.
App. Jan. 22, 2002) (unpublished) (and state cases cited therein); *State v.
Marcum,* No. CA96-03-049, 2002 WL 42894, at *2-3 (Ohio Ct. App. Jan.
14, 2002) (unpublished), *appeal dismissed,* 766 N.E.2d 1003 (Ohio 2002);
*State v. Dozier,* Nos. 56120, 56121, 2002 WL 42964, at *1-2 (Ohio Ct. App.
Jan. 3, 2002) (unpublished) (rejecting the argument that counsel on direct
appeal has an obligation under *White* to inform the defendant of his right to
file a Rule 26 motion to raise a claim challenging that same counsel's
effectiveness), *appeal dismissed,* 765 N.E.2d 877 (Ohio 2002); *State v.
Bragg,* No. 58859, 2001 WL 1671424, at * 1 (Ohio Ct. App. Nov. 26, 2001)
(unpublished) (and numerous state cases cited therein), *appeal dismissed,*
763 N.E.2d 1186 (Ohio 2002). This Court similarly refuses to extend *White*
to this case, where petitioner was not represented by counsel in the filing of
his reopening application.

Petitioner fails to cite to any case which extends *White* to require that
the court provide free copying on an application for reopening. Crim. Rule
32(B)(3) provides that after sentencing, the court shall advise defendants

convicted of serious offenses that if "the defendant is unable to pay the cost of documents necessary to an appeal, the documents will be provided without cost." Since the Ohio courts do not consider the 26(B) proceeding to be part of the appeal, Rule 32 does not provide respondent with support for his position. Petitioner's reliance on *Griffin v. Illinois,* 351 U.S. 12 (1956) is also misplaced. *Griffin* required the state to provide a free copy of transcripts and court records to indigents to prosecute an appeal, not an application for reopening an appeal. 351 U.S. at 19. The lack of access to a transcript is not considered good cause excusing the delayed filing of an application for reopening because only those records which are available to petitioner need be filed. Ohio App. R. 26(B)(2)(e); *see, e.g., State v. Collins,* No. 67165, 1997 WL 64066, at *1 (Ohio Ct. App. Feb. 10, 1997). Accordingly, petitioner did not even have to file portions of the record to support his claims.

In any event, it is questionable whether indigency is an external factor, not attributable to petitioner, which may constitute cause. In *Normand v. McAninch,* No. 98-3747, 2000WL 377348 at **5 (6th Cir. April 6, 2000), the Sixth Circuit held that petitioner's claim that he was unable to produce sufficient copies of his brief due to indigency did not constitute an external cause which excused petitioner's procedural default.

While petitioner argues that he had to produce four copies of his documents, the rules require one additional copy of the application and that was exactly what the clerk's office required of him. (*See* Doc. 70 at 15; Doc. 35, Ex. 36, Letter of May 19, 2000 from Clerk of Court appellate division; Ohio R. App. P. 26 (B)(3)). Moreover, the application was to be limited to a maximum of ten pages exclusive of attachments. Ohio R. App. P. 26(B) (4). It is difficult to see how these requirements precipitated a ten month delay in filing.

Accordingly, as the Ohio Court of Appeals found in rejecting petitioner's state-law "good cause" arguments, this Court concludes that petitioner has not demonstrated "cause" in this federal habeas corpus proceeding for his procedural default of his ineffective assistance of appellate counsel claim in the state courts. Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his ineffective assistance of counsel claims are not addressed on the merits by

this Court.  Petitioner has not convinced this Court that he is actually innocent of the crimes by showing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Petitioner's argument that his ineffective assistance of counsel claims were presented to the Ohio courts through his *pro se* supplemental brief on direct appeal does not negate this court's finding of procedural default. Because the last reasoned state court decision on petitioner's claims was based on a procedural bar in his Rule 26(B) proceedings, *Ylst* and *Harris* preclude this Court's consideration of the claims.  In any event, petitioner's supplemental brief was stricken because it was filed out of time and even if petitioner could establish cause for that default, his failure to file a delayed appeal to the Supreme Court of Ohio from that order  constitutes yet another procedural default.

Accordingly, petitioner's ineffective assistance of appellate counsel claims are waived.

## II.  Petitioner waived grounds five, six, seven, nine, ten, eleven, twelve, thirteen and fourteen in the petition.[3]

Petitioner asserts that he raised grounds five, six, seven, nine, ten, eleven and thirteen, the claims his appellate counsel omitted or argued inadequately, by presenting them in his delayed motion for reopening to the Ohio Court of Appeals and on appeal of the decision denying the reopening to the Supreme Court of Ohio.[4] Because petitioner committed a procedural default in the Ohio Court of Appeals via an untimely filing without sufficient justification, *see* section I,

---

[3]There is no ground eight in the petition.

[4]There is ample authority to suggest that, in any event, a Rule 26 (B) proceeding is the means to present a claim of ineffective assistance of appellate counsel and not the proper way to present the actual claims that appellate counsel left out or argued inadequately. *See Lott v. Coyle,* 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied,* 534 U.S. 1147 (2002); *McMeans v. Brigano*, 228 F.3d 674, 684 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001).

*supra,* petitioner has waived these claims for habeas corpus review.

Although petitioner also presented grounds five, six, ten and eleven in his supplementary brief and portions of grounds five, ten and thirteen via his counsel's brief on direct appeal to the Ohio Court of Appeals, he failed to file a delayed direct appeal to the Supreme Court of Ohio challenging the Ohio Court of Appeals' order striking his brief and its decision rejecting the claims counsel raised.  Petitioner appears to argue that it was sufficient that he argued in his appeal to the Supreme Court of Ohio reviewing the denial of his application for reopening that the Ohio Court of Appeals improperly struck his supplementary brief on direct appeal and reiterated his substantive claims for relief. However, that appeal was for the purpose of reviewing the Ohio Court of Appeals decision pertaining to petitioner's application for reopening, as demonstrated by petitioner's notice of appeal.  (Doc. 35, Ex. 40).  Petitioner would have needed to file a motion for delayed appeal to the Ohio Supreme Court to pursue review of the claims raised on direct appeal because the time for filing a direct appeal had expired.[5] This is particularly true in the instant case where the lower appellate court denied petitioner the opportunity to reopen the appeal. If petitioner's appeal had been reopened and not limited to certain issues, *see* Ohio App. R. 26 (B)(7), then arguably additional issues could be raised on appeal to the Supreme Court of Ohio.

Petitioner asserted his seventh ground for relief in his application for reopening in the Ohio Court of Appeals, but did not refer to the claim in his brief to the Supreme Court of Ohio.  Therefore, assuming that a Rule 26(B) proceeding was a proper way of raising the claim that appellate counsel omitted, petitioner waived the claim by failing to present it to the Supreme Court of Ohio.

To the extent that petitioner argues ineffective assistance of appellate counsel as cause to excuse his failure to raise grounds five, six, seven, nine, ten, eleven and thirteen on his direct appeal, his claim cannot be considered as cause by this Court because petitioner waived

---

[5]Petitioner has declined to file a delayed appeal to the Supreme Court of Ohio.  (Doc. 79).

the claim by committing a procedural default with respect to his Rule 26(B) proceeding. *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir. 2005).

Petitioner raised his twelfth ground for relief only on appeal to the Supreme Court of Ohio in his Rule 26(B) proceeding. Petitioner waived the claim because he did not present it on direct appeal either in his counsel's brief or his own *pro se* brief. Ineffective assistance of appellate counsel cannot serve as cause in this instance because petitioner also defaulted that claim in the state courts. Assuming, *arguendo,* that petitioner's twelfth ground could be considered fairly presented to the Ohio courts by means of an application for reopening, petitioner has defaulted the claim because he failed to include it in his initial brief to the Ohio Court of Appeals in the proceedings involving his application for reopening. Since the Supreme Court of Ohio will not consider constitutional issues that have not been raised in the first instance in the Ohio Court of Appeals, the Supreme Court lacked jurisdiction to consider petitioner's twelfth ground which he failed to raise in the Ohio Court of Appeals. *See State v. Williams,* 364 N.E.2d 1364, 1367 (Ohio 1977) (and cases cited therein), *vacated on other grounds,* 438 U.S. 911 (1978); *State v. Phillips,* 272 N.E.2d 347, 352 (Ohio 1971); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966); *see also Leroy v. Marshall,* 757 F.2d 94, 99 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983).

Petitioner raised his fourteenth ground for relief in his supplemental brief on direct appeal and in his state habeas corpus petition. Because he did not file a delayed appeal to the Supreme Court of Ohio in his direct appeal, he committed a procedural default. Because state habeas corpus is limited to claims challenging the jurisdiction of the sentencing court, unlike petitioner's claim, and is only appropriate when there is no remedy at law, unlike the direct appeal available to petitioner, the Ohio Court of Appeals ruled that a petition for habeas corpus was not the appropriate vehicle for having petitioner's claim heard. (Doc. 35, Ex. 28). Accordingly, petitioner committed yet another procedural default with respect to his claim.

In sum, petitioner has waived grounds five, six, seven, nine, ten, eleven, twelve, thirteen and fourteen in the petition due to procedural defaults committed in the state courts.

### III.  Petitioner's fifteenth ground for relief  is not cognizable in these proceedings.

In his fifteenth ground for relief, petitioner argues that he was denied due process of law when the Supreme Court of Ohio dismissed his appeal challenging the Ohio Court of Appeals dismissal of his habeas corpus petition.

The writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration.  *Johnson v. Collins,* No. 96-3513, 1998 WL 228029 at *1 (6th Cir. April 27, 1998); *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *Payne v. Bell,* No. 98-2963-D/BRE, 2002 WL 480936, at *1-2, *14 n.3 (W.D. Tenn. March 25, 2002) and cases cited therein. Accordingly, petitioner's fifteenth ground for relief should be  denied on the ground that the claim is not cognizable on federal habeas corpus review.

### IV.  Petitioner's claims relating to the fairness of the procedures on appeal and in the Rule 26(B) proceedings, asserted in grounds one, two and three, are either  waived or do not entitle petitioner to habeas corpus relief.

As his first ground for relief, petitioner alleges that he was deprived of his constitutional rights when the Ohio Court of Appeals struck his *pro se* brief filed on direct appeal and declined to appoint a replacement for his appellate counsel with whom petitioner expressed dissatisfaction.  Petitioner raised this claim as an independent claim for relief and as cause for his procedural defaults on direct appeal. This claim itself is procedurally defaulted because petitioner failed to filed a delayed appeal to the Supreme Court from the Ohio Court of Appeals order striking his brief.  Instead he raised the claim in his brief to the

23

Supreme Court of Ohio appealing the Ohio Court of Appeals denial of his application for reopening, a procedure reserved for raising ineffective assistance of counsel claims. *See* Section I , *supra.* Accordingly, petitioner waived the claim for federal habeas corpus review.

In any event, there is no constitutional right to proceed *pro se* on appeal. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000).

> [W]hen a criminal appellant accepts the assistance of counsel, but later objects to his attorney's appeal strategy or preparation of the brief, the criminal appellant cannot then expect to be allowed to file a supplemental brief. By accepting the assistance of counsel the criminal defendant waives the right to present pro se briefs on direct appeal.

*Myers v. Johnson,* 76 F.3d 1330, 1335 (5th Cir. 1996).

In this case, the Court of Appeals permitted petitioner to file a supplemental brief, but he failed to file it within the time frame ordered.  Although petitioner argues that he provided it to prison authorities on the date it was due, Ohio does not follow the mailbox rule which identifies the filing date for a *pro se* prisoner as the date the document is provided to prison authorities. *See Houston v. Lack,* 487 U.S. 266 (1988).

The mailbox rule is not constitutional in nature  and does not stem from due process concerns, but instead rests on the interpretation of the word "filed" in applicable rules and statutes governing the timeliness of documents and on a notion of fairness.  *Longenette v. Krusing,* 322 F.3d 758, 767 (3rd Cir. 2003); *Davies v. McCaughtry*, No. 99-3460, 2000 WL 387147, at **1 (7th Cir. April 14, 2000), *cert. denied,* 531 U.S. 962 (2000);*Goudeau v. Ray,* No. 97-5247, 1998 WL 778718, at **3 (10th Cir. Nov. 9, 1998); *Jenkins v. Burtzloff,* 69 F.3d 460, 461 (10th Cir. 1995); *Nigro v. Sullivan,* 40 F.3d 990, 995 & n.1

(9th Cir. 1994); *Rosario v. Bennett,* No. 01 Civ. 7142(RMB)(AJ), 2002 WL 31852827, at *14 (S.D.N.Y. Dec. 20, 2002); *cf. Vroman v. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003) (for purposes of determining whether federal habeas corpus petition was barred by statute of limitations, court declined to apply mailbox rule to determine whether state post-conviction petition was timely filed where mailbox rule was rejected by Ohio Supreme Court).  Accordingly, petitioner is not entitled to habeas corpus relief based on his claim that the Ohio Court of Appeals deprived him of due process of law by failing to apply the mail box rule in assessing the timeliness of his *pro se* brief.

Petitioner further argues that the appellate court should have appointed new counsel because his counsel's brief was deficient.  The brief filed, however, according to petitioner was the same brief prepared by petitioner's previous retained counsel.  Petitioner praised his prior counsel, blaming the state court for his inability to continue retaining him because of the dismissal of his first appeal on technical grounds.  While petitioner averred that he and his retained counsel had agreed to supplement the initial brief at petitioner's request, there is no evidence in the record to suggest that the same arrangement could not have been made with appointed counsel.

As his second ground for relief, petitioner argues that he was deprived of his constitutional rights when the clerk of court and appellate counsel failed to give him timely notice of the decision of the Ohio Court of Appeals on direct appeal.  In a related claim asserted in his third ground for relief, he argues that such action unconstitutionally deprived him of his right to an application for reopening.  The clerk of court provided notice of the opinion issued by the Ohio Court of Appeals to petitioner's counsel of record. Since petitioner was represented by counsel, this action was appropriate. Although petitioner claims he did not receive the decision in a timely fashion, he attributes the delay, in part, to counsel mailing the decision to the wrong prison. It is unclear from the record who was responsible  for this faulty information.   In any event, petitioner waived any claim that counsel was ineffective by failing to provide him with timely notice of the decision.  *See* Section I, *supra.*

As his third ground for relief, petitioner alleges that the Ohio Court of Appeals denial of his delayed application for reopening deprived him of his constitutional rights.  Petitioner argues that because he could not afford copies, did not receive proper notice of the judgment, had a right to an effective attorney and was not himself an attorney, the Ohio Court of Appeals should have permitted his delayed appeal. As this Court has determined, these factors do not justify petitioner's delay in filing. *See* Section I, *supra.* Since petitioner does not have a constitutional right to an untimely reopening of his appeal and has failed to justify his delay, he is not entitled to habeas corpus relief with respect to this claim.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 53 ) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to the dismissal on procedural default grounds of all claims for relief except grounds two, three and fifteen because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[6]  A certificate of appealability should not issue with respect to petitioner's ground two, three and fifteen because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S.

---

[6]  Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether these grounds state valid constitutional claims.  *See Slack,* 529 U.S. at 484.

322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

      3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   May 20, 2005       s/Timothy S. Black
           hr                            Timothy S. Black
                                          United States Magistrate Judge

J:\ROSENBEH\2254(2005)\01-794waiver.wpd

27

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Richard J. Klein,
     Petitioner

vs                          Case No. 1:01cv794
                                 (Beckwith, J.; Black, M.J.)

Harold Carter,
     Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).