No. 05-3994

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
APR 2 0 2006
LEONARD GREEN, Clerk

RICHARD J. KLEIN, III, )
 )
   Petitioner-Appellant, )
 )
v. ) O R D E R
 )
HAROLD CARTER, Warden, )
 )
   Respondent-Appellee. )
 )

01-794

    Richard J. Klein, III, an Ohio prisoner proceeding pro se, appeals a district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Klein now appeals to this court for a certificate of appealability.

    A jury found Klein guilty of one count of felonious assault, three counts of child endangering, and involuntary manslaughter. Klein received an aggregate sentence of 31 years of imprisonment. Klein appealed his conviction, but the Ohio Court of Appeals dismissed his appeal because the trial court had failed to issue a judgment entry conforming to the requirements of Ohio Criminal Rule 32(B). *State v. Klein*, No. C-970788, 1998 WL 833595 (Ohio Ct. App. Dec. 4, 1998) (unpublished). Thereafter, the trial court entered the correct judgment entry *nunc pro tunc*. Klein appealed again. The Ohio Court of Appeals affirmed Klein's convictions and sentences. *State v. Klein*, No. C-990066, 1999 WL 1488932 (Ohio Ct. App. Dec. 3, 1999) (unpublished). Klein did not appeal to the Ohio Supreme Court.

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By_____
Deputy Clerk

Klein then applied for a petition for a writ of habeas corpus before the Ohio Court of Appeals. The Ohio Court of Appeals dismissed Klein's petition for a writ of habeas corpus because Klein had an adequate remedy, a direct appeal, for bringing the claims. Klein appealed to the Ohio Supreme Court, which dismissed his appeal *sua sponte*. Klein next filed a pro se delayed application to reopen his appeal before the Ohio Court of Appeals under Ohio R. App. P. 26(B). The Ohio Court of Appeals denied Klein's application as untimely. Klein appealed to the Ohio Supreme Court, which dismissed Klein's appeal as not involving a substantial constitutional question. *State v. Klein*, 832 N.E.2d 734 (Ohio 2005).

Klein then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed without prejudice the petition for failure to exhaust state court remedies. Klein subsequently filed a new petition for a writ of habeas corpus under § 2254, alleging fifteen claims for relief. Klein subsequently filed an amended petition omitting his eighth claim for relief and withdrew his fourteenth and fifteenth claims. The State opposed the motion, and Klein filed a traverse. A magistrate judge recommended denying Klein's habeas petition. Over Klein's objections, the district court adopted the magistrate judge's Report and Recommendation and denied Klein's habeas petition. The district court also denied Klein a certificate of appealability.

Klein now seeks a certificate of appealability from this court. To obtain a certificate of appealability, an applicant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Upon consideration, this court concludes that reasonable jurists could not disagree with the district court's resolution of his claims. Additionally, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because the district court properly dismissed the claims in Klein's § 2254

No. 05-3994
- 3 -

petition as procedurally defaulted, it also properly declined to further consider his constitutional claims.

To the extent Klein now argues that he is actually innocent, the "newly discovered evidence" that he produced was evidence all within his knowledge at the time of trial or would be merely impeaching. As to Klein's argument that the district court erred in denying him a certificate of appealability before he had filed a notice of appeal, a district court judge may decide to issue a certificate of appealability at the time of the denial of habeas relief. *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Finally, Klein's argument that the district court failed to strike an incomplete portion of a State's exhibit, even if credible, is irrelevant because the district court's ruling rested on procedural grounds rather than on the merits.

For the foregoing reasons, Klein's application for a certificate of appealability is denied.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk